# Exhibit A

Clerk of the Superior Court
*** Electronically Filed ***
T. Formosa, Deputy
8/11/2023 3:14:36 PM
Filing ID 16430279

1  Sean A. Woods (Arizona Bar #028930)
2  Robert T. Mills (Arizona Bar #018853)
   **MILLS + WOODS LAW, PLLC**
3  5055 North 12th Street, Suite 101
   Phoenix, Arizona 85014
4  Telephone 480.999.4556
   docket@millsandwoods.com
5  swoods@millsandwoods.com
   *Attorneys for Plaintiff*
6

7

8            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9              **IN AND FOR THE COUNTY OF MARICOPA**

10  SEAN BENNETT, an individual,          | Case No.:   **CV2023-012270**

11                    Plaintiff,          | **PLAINTIFF'S COMPLAINT**

12       vs.

13  CITY OF PHOENIX, a governmental
    entity; AMERICAN AIRLINES, INC., a
14  foreign corporation; OFFICER JOEL
    COTTRELL and JANE DOE COTTRELL,
15  a married couple; OFFICER BENJAMIN
    DENHAM and JANE DOE DENHAM, a
16  married couple; OFFICER TODD BLANC
    and JANE DOE BLANC, a married couple;
17  OFFICER PERU and JANE DOE PERU, a
    married couple; SERGEANT HOGAN and
18  JANE DOE HOGAN, a married couple;

19                    Defendant(s).

20

21        Through counsel undersigned, for his Complaint against Defendants CITY OF

22  PHOENIX, AMERICAN AIRLINES, INC., OFFICER JOEL COTTRELL, JANE DOE

23  COTTRELL, OFFICER BENJAMIN DENHAM, JANE DOE DENHAM, OFFICER

24  TODD BLANC, JANE DOE BLANC, OFFICER PERU, JANE DOE PERU, SERGEANT

25  HOGAN, and JANE DOE HOGAN, Plaintiff SEAN BENNETT hereby alleges as follows:

26

27

28

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

**PARTIES, JURISDICTION, VENUE, AND TIER**

1.      Plaintiff Sean Bennett ("Plaintiff" or "Sean") is a resident of the State of Alaska.

2.      Defendant City of Phoenix ("Defendant COP") is a governmental entity located in Maricopa County, Arizona.

3.      Defendant American Airlines, Inc. ("Defendant Airlines") is a corporation domiciled in the State of Delaware with its principal place of business in the State of Texas. It is licensed to conduct, and regularly does conduct, business in Maricopa County, Arizona.

4.      Defendant Officer Joel Cottrell ("Defendant Cottrell") and Jane Doe Cottrell are, upon information and belief, a married couple residing in Maricopa County, Arizona. All actions and omissions of Defendant Cottrell alleged herein were committed in furtherance of his marital community. At all relevant times Cotrell was operating in his official and individual capacity in Maricopa County, Arizona.

5.      Defendant Officer Benjamin Denham ("Defendant Denham") and Jane Doe Denham are, upon information and belief, a married couple residing in Maricopa County, Arizona. All actions and omissions of Defendant Denham alleged herein were committed in furtherance of his marital community. At all relevant times Denham was operating in his official and individual capacity in Maricopa County, Arizona.

6.      Defendant Officer Todd Blanc ("Defendant Blanc") and Jane Doe Blanc are, upon information and belief, a married couple residing in Maricopa County, Arizona. All actions and omissions of Defendant Blanc alleged herein were committed in furtherance of

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

his marital community. At all relevant times Blanc was operating in his official and individual capacity in Maricopa County, Arizona.

7.    Defendant Officer Peru ("Defendant Peru") and Jane Doe Peru are, upon information and belief, a married couple residing in Maricopa County, Arizona. All actions and omissions of Defendant Peru alleged herein were committed in furtherance of his marital community. At all relevant times Peru was operating in his official and individual capacity in Maricopa County, Arizona.

8.    Defendant Sergeant Hogan ("Defendant Hogan") and Jane Doe Hogan are, upon information and belief, a married couple residing in Maricopa County, Arizona. All actions and omissions of Defendant Hogan alleged herein were committed in furtherance of his marital community. At all relevant times Hogan was operating in his official and individual capacity in Maricopa County, Arizona.

9.    Jurisdiction is appropriate pursuant to the Arizona Constitution and because the amount in controversy is above the minimum jurisdictional limit for this Court.

10.    Venue is appropriate pursuant to A.R.S. § 12-401, because the conduct of Defendants which caused Plaintiff's damages occurred in Maricopa County, and because certain Defendants reside or may be found in Maricopa County.

11.    Pursuant to Article 6, Section 14 of the Arizona Constitution, this court has original subject matter jurisdiction in this Complaint because the claims relate to causes of action, the underlying acts and/or omissions for which, at all times relevant, have caused the events alleged herein to occur with primary effect in Maricopa County, Arizona.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

3

12.     Pursuant to 42 U.S.C. §1983 *et seq.*, Plaintiffs bring this action for violations of the United States Constitution, including without limitation the Fourth, and Fourteenth Amendments and Arizona common and statutory laws.

13.     This action qualifies for Tier 3 discovery pursuant to Ariz. R. Civ. P. 26.2.

## **GENERAL ALLEGATIONS**

14.     Sean is a decorated combat veteran of the United States Armed Services who has been awarded the Silver Star for his heroics.

15.     On August 13, 2021, Sean was leaving the contiguous United States to fly to his summer home in Alaska. Sean had plans to "winterize" his Alaskan home and to spend a week fishing before it became the cold season.

16.     Sean took a flight from Knoxville, TN to Chicago, IL in a first-class seat. He then took the second leg of his trip from Chicago to Phoenix, AZ – again in a first-class seat.

17.     Sean then boarded his flight in Phoenix, AZ – Defendant Airlines Flight 2391 – set to fly to Anchorage, AK. This time, no first-class seats were available, and he took his assigned seat in row 27, seat C.

18.     Sean settled in, and before the door closed a female in a dress with no identification pointed at Sean and told him he needed to move to a seat across the aisle.

19.     The purported reason Sean needed to move was to make room for another flight attendant who was "jump-seating" to the Anchorage terminal

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

4

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

20. Sean began taking his headphones off because he could not hear the person's voice. This was during mandatory mask wearing, so coupled with his headphones, Sean had no idea what she was talking about. While taking off his headphones, the person stormed off.

21. Sean began retrieving his ticket to ensure he had not accidentally sat in the wrong seat.

22. While he was digging in his bag for his ticket, a woman wearing a Defendant Airlines outfit came up to Sean screaming that he needed to leave the plane immediately.

23. Sean, not understanding what was happening, complied. He grabbed his bag, began putting on his shoes, and another veteran he had met at the gate provided assistance to Sean.

24. The flight attendant began screaming that if Sean did not get off the plane, that they would deboard the plane. The veteran who provided assistance to Sean helped him navigate off the plane, because the flight attendant who was screaming at Sean would not move from the aisle.

25. Sean needed to move past the flight attendant, but did not want to touch her or bump into her in the small space. The veteran and Sean navigated around the emergency exit seats to get around the flight attendant. Sean never touched or bumped into anyone or anything.

26. Sean left the plane on his own free will and hugged the veteran soldier as he left.

5

27.     All the while, a Defendant Airlines employee onboard the flight called Defendant COP police dispatch and reported that Sean was physically fighting with the crew and that they had a police emergency.

28.     Sean never became physical with anybody. In fact, Sean followed all flight crew commands without incident.

29.     At this point, the Defendant COP Police Department was inbound responding to the frantic call from the Defendant Airlines Aviation Dispatcher claiming that a fight was currently underway within the aircraft and that the police needed to "step it up" in order to respond to the disturbance hastily. Defendant COP police have told Sean that Defendant Airlines' requests were unfounded.

30.     In the jetway, Sean called his wife.

31.     She rightfully had believed he was already in the air, but Sean began to explain the situation to her.

32.     He asked her for help to get a new ticket with Alaska Airlines to get to Anchorage.

33.     Sean walked into the terminal, looked at the desk clerk without saying anything and then walked to the overhead screens looking for a flight solution.

34.     Sean leaned against a wall while on the phone and reviewing the flight information.

35.     At that moment, he saw five (5) Defendant City of Phoenix police officers coming into his line of sight – Defendant Cottrell, Defendant Denham, Defendant Blanc, Defendant Peru, and Defendant Hogan (collectively, the "Officer Defendants").

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

36.   Sean peacefully raised his arms to wave at the Officer Defendants and let them know that he might be who they were looking for.

37.   Sean was then tackled and bear hugged by the Officer Defendants.

38.   One Officer hit him at a high rate of speed and fell on top of him to the ground.

39.   Sean did not resist.

40.   The other four (4) officers spread his legs and arms and handcuffed him.

41.   They then dragged him down a flight of stairs and threw him into a police car.

42.   He was bleeding and in excruciating pain.

43.   He later found that his rotator cuff had been torn and he had sustained bruising and swelling in other areas, such as his leg and knee.

44.   Again, at no time did Sean resist the Officer Defendants.

45.   Five (5) minutes later the officers pulled him out of the car and chained him to the floor of an airport jail cell, where he was told to "shut the fuck up."

46.   Approximately ten (10) minutes passed when a captain walked in with a young female.

47.   They asked Sean for his wife's phone number.

48.   Sean's wife and the captain worked on getting Sean a flight immediately.

49.   However, it had rained tremendously in Phoenix and flights were delayed or canceled until the next day.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

50.   After allowing the investigation to proceed, the Officer Defendants realized that at no time was there any physical altercation between Sean and the flight staff.

51.   Defendant Airlines staff falsified a police report in order to maliciously cause bodily harm to Sean.

52.   Sean was detained and released.

53.   The officer who had initially body-slammed Sean was apologetic and even gave him a ride to a motel for the evening.

54.   Sean had to inform his friends and business associates that he would not be in Alaska as planned.

55.   Upon information and belief, Defendant Airlines added, or caused Sean to be added, to the "no fly list."

56.   Sean has now been stuck in Alaska away from the contiguous United States with no way to travel home to see his family and children.

57.   Sean was not vaccinated, so he could not legally enter Canada.

58.   Sean only recently found out he was cleared to fly on other airlines.

59.   He was stuck in his cabin with no running water at times because of the severe cold.

60.   Defendant Airlines pressed forward with charges of assault – reduced to the highest misdemeanor possible, and as a result Sean was charged with disorderly conduct.

61.   After undersigned counsel became involved, the charges against Sean were immediately dismissed due to "no reasonable likelihood of conviction."

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

**COUNT I – Violation of Plaintiff's Civil Rights under 42 U.S.C. § 1983 –
Unwarranted Search and Seizure of Plaintiff's Person**
(Defendant COP and the Officer Defendants)

62.     Plaintiff re-alleges and incorporates the allegations in the foregoing Paragraphs as if fully set forth herein.

63.     Sean is guaranteed important protections under the Fourth and Fourteenth Amendments to the United States Constitution.

64.     The Fourth Amendment provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." This applies to actions taken by state officers under the Due Process Clause of the Fourteenth Amendment. In general, law enforcement officials may not infringe upon these rights without probable cause and/or a warrant.

65.     Without provocation, permission, or justification, the Officer Defendants detained Sean, searched him, and caused him to be taken into custody, without probable cause, a warrant, or any lawful reason, amounting to an unlawful search and seizure of Sean's person.

66.     As a direct and proximate result of the above-named Defendants' unwarranted search and seizure of his person, Sean has incurred damages in an amount to be proven at trial.

67.     Defendant COP is vicariously liable under *respondeat superior* for the actions of any employee, agent, or servant acting within the scope of such employment, agency, or servitude.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

**COUNT II – Violation of Plaintiff's Civil Rights under 42 U.S.C. § 1983 – False Imprisonment**

(Defendant COP and the Officer Defendants)

68.     Plaintiff re-alleges and incorporates the allegations in the foregoing Paragraphs as if fully set forth herein.

69.     Sean is guaranteed important protections under the Fourth and Fourteenth Amendments to the United States Constitution.

70.     The Fourth Amendment provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." This applies to actions taken by state officers under the Due Process Clause of the Fourteenth Amendment. In general, law enforcement officials may not infringe upon these rights without probable cause and/or a warrant.

71.     Without provocation, permission, or justification, the Officer Defendants detained Sean and caused him to be taken into custody, without probable cause, a warrant, or any lawful reason, amounting to an unlawful seizure of Sean's person.

72.     The Defendant Officers acted intentionally to restrain Sean to an area in their control.

73.     The Defendant Officers acted without lawful authority and without Sean's consent.

74.     The acts of the Defendant Officers resulted in the direct restraint of Sean's liberty or freedom of movement, either by actual force or from Sean's fear of force.

75.     The acts of the Defendant Officers would have caused a reasonably prudent person in the same situation as Sean to believe that he was restrained.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

76.    Sean was aware of and was harmed by the restraint.

77.    As a direct and proximate result of the above-named Defendants' false imprisonment, Sean has incurred damages in an amount to be proven at trial.

78.    Defendant COP is vicariously liable under *respondeat superior* for the actions of any employee, agent, or servant acting within the scope of such employment, agency, or servitude.

## COUNT III – Negligence/Gross Negligence
### (All Defendants)

79.    Plaintiff re-alleges and incorporates the allegations in the foregoing Paragraphs as if fully set forth herein.

80.    At all relevant times, each and every Defendant had a duty to exercise ordinary care for the safety and well-being of Sean.

81.    This includes taking certain actions and refraining from other actions such that Sean's safety and well-being was preserved.

82.    Defendants breached that duty systematically and repeatedly, including by their acts and omissions set forth above, resulting in physical, financial, and other damage to Sean.

83.    Defendant COP and Defendant Airlines are vicariously liable under *respondeat superior* for the actions of any employee, agent, or servant acting within the scope of such employment, agency, or servitude.

84.    Defendant Airlines' employees, agents, or servants breached the standard of care by falsely reporting to Defendant COP police dispatchers that Sean was physically fighting onboard, and close to, the airplane, by adding Sean to, or causing Sean to be added

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

to, the "no fly list" without justification, and by pressing charges against Sean for his conduct on the plane without justification.

85.     The Officer Defendants breached the standard of care by using excessive force on Sean, by detaining him without justification, and/or by failing to intercede when their fellow officers took those actions.

86.     As a direct and proximate result of Defendants' breach, Sean sustained physical, financial, and other damages, in an amount to be proved at trial.

87.     Defendants' acts and omissions set forth above also demonstrate gross and wanton negligence, in that each of them knew or had reason to know that their acts individually and collectively created an unreasonable risk of bodily harm to Sean, and a high probability that substantial harm to Sean would result.

### COUNT IV – Assault
(All Defendants)

88.     Plaintiff re-alleges and incorporates the allegations in the foregoing Paragraphs as if fully set forth herein.

89.     As set forth in the foregoing Paragraphs, the Officer Defendants and employees, agents, and/or servants of Defendant Airlines acted intentionally and/or recklessly to cause Sean to apprehend an immediate harmful or offensive contact, and Sean did in fact apprehend such contact.

90.     As a direct and proximate cause of that apprehension, Sean has incurred damages, the full extent of which will be proven at trial.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

91.     Defendant COP and Defendant Airlines are vicariously liable under *respondeat superior* for the actions of any employee, agent, or servant acting within the scope of such employment, agency, or servitude.

### COUNT V – Battery
(All Defendants)

92.     Plaintiff re-alleges and incorporates the allegations in the foregoing Paragraphs as if fully set forth herein.

93.     As set forth in the foregoing Paragraphs, the Officer Defendants and employees, agents, and/or servants of Defendant Airlines intentionally and/or recklessly engaged in acts that resulted in harmful or offensive contact to Sean.

94.     As a direct and proximate cause of that contact, Sean has incurred damages, the full extent of which will be proven at trial.

95.     Defendant COP and Defendant Airlines are vicariously liable under *respondeat superior* for the actions of any employee, agent, or servant acting within the scope of such employment, agency, or servitude.

### COUNT VI - INSTIGATING OR PARTICIPATING IN FALSE ARREST AND IMPRISONMENT
(All Defendants)

96.     Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

97.     Sean was falsely arrested and falsely imprisoned as alleged herein.

98.     Each Defendant intentionally instigated and/or participated in the unlawful restraint of Sean by his/her/its words and acts alleged herein.

99.     The words of acts of each Defendant directed, requested, invited or encouraged the act of false imprisonment.

100.   Each Defendant participated in the act of false imprisonment by aiding COP and the Officer Defendants in restraining Sean.

101.   As a direct and proximate result of each Defendant's instigation or participation in false arrest and imprisonment, Sean was sustained damages in an amount to be proven at trial.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (ALL DEFENDANTS)

102.   Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

103.   The conduct of each Defendant alleged herein was extreme and outrageous.

104.   The conduct of each Defendant alleged herein was intentional in that each Defendant sought to cause Sean emotional distress.

105.   The conduct of each Defendant alleged herein was reckless in that each Defendant was aware of and disregarded the near certainty that the conduct would result in emotional distress.

106.   As a direct and proximate result of each Defendant's intentional infliction of emotional distress Sean sustained damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter Judgment for Plaintiff and against Defendants as follows:

A. For compensatory, general, and special damages against each and every Defendant, jointly and severally, in an amount to be proven at trial;

B. For all other non-pecuniary damages, in an amount to be proven at trial;

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

14

C. For punitive and exemplary damages against Defendants in an amount appropriate to punish the wrongful conduct alleged herein and to deter such conduct in the future;

D. For pre-and post-judgment interest to the extent provided by law;

E. For Plaintiff's incurred costs, including all incurred attorneys' fees and court costs, to the extent provided by law, and;

F. For such other and further relief as this Court may deem just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 11th day of August 2023.

**MILLS + WOODS LAW, PLLC**

By____ */s/ Sean A. Woods*_____
Sean A. Woods
Robert T. Mills
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiff*

**ORIGINAL** filed this 11th day of August 2023
via AZTurboCourt with the Clerk of the
Maricopa County Superior Court.

*/s/ Ben Dangerfield*_____

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

# Exhibit B

Clerk of the Superior Court
*** Electronically Filed ***
T. Formosa, Deputy
8/11/2023 3:14:36 PM
Filing ID 16430282

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Sean Bennett
Plaintiff(s),
v.

City of Phoenix, et al.
Defendant(s).

Case No.  **CV2023-012270**

**SUMMONS**

To: City of Phoenix

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *August 11, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *T. FORMOSA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZTurboCourt.gov Form Set #8190068

# Exhibit C

CLERK OF THE
SUPERIOR COURT
FILED
E. GUERRERO, DEP

23 NOV -2  PM 4: 22

1  T. Scott Legal Support Services
2  Gary Steiner  ID#  MC 7767
   (480) 227-7297
3  Tscottlegal2007@aol.com

**SUPERIOR COURT OF ARIZONA**
**MARICOPA COUNTY**

6  In re the matter of:                    )
                                           )
7  SEAN BENNETT,                           )        Case No: CV2023-012270
                                           )
8                                          )
                                           )
9            Plaintiff(s),                 )        **CERTIFICATE OF SERVICE**
                                           )
10  v.                                     )
                                           )
11  CITY OF PHOENIX, et al.,               )
                                           )
12           Defendant(s).                 )
                                           )
13  _____ )

14  1.     I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to

15         Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on October 31, 2023, I

16         received; Summons, Plaintiff's Complaint and a Certificate Of Compulsory Arbitration from

17         The Plaintiff(s).

18  2.     I then proceeded to successfully serve the above described documents on Joel Cottrell at the

19         Phoenix Police Airport Division, 2908 E Sky Harbor Blvd., Phoenix, Arizona on November 2,

20         2023 at approximately 12:40 pm. I verified Sgt. Martin Nickel, who verified with his superior,

21         Lt. Abernathy, could accept service for his officer and served him.

22  3.     This is considered to be personal service.

23  4.     The fee I charged for this service was $85.

24      **I declare under the penalty of perjury that the foregoing is true and correct**

25

26      _____                    11/2/23

27      Gary Steiner                                  Date

28                                        Page 1

# Exhibit D

CLERK OF THE
SUPERIOR COURT
FILED
E. GUERRERO, DEP

23 NOV -2  PM 4:22

1   T. Scott Legal Support Services
2   Gary Steiner  ID# MC 7767
    (480) 227-7297
3   Tscottlegal2007@aol.com

4              **SUPERIOR COURT OF ARIZONA**
                    **MARICOPA COUNTY**
5

6   In re the matter of:                    )
                                            )
7   SEAN BENNETT,                           )    Case No: CV2023-012270
                                            )
8                                           )
                                            )
9            Plaintiff(s),                  )    **CERTIFICATE OF SERVICE**
                                            )
10  v.                                      )
                                            )
11  CITY OF PHOENIX, et al.,                )
                                            )
12          Defendant(s).                   )
                                            )
13  ─────────────────────────────          )

14  1.     I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to

15         Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on October 31, 2023, I

16         received; Summons, Plaintiff's Complaint and a Certificate Of Compulsory Arbitration from

17         The Plaintiff(s).

18  2.     I then proceeded to successfully serve the above described documents on Todd Blanc at the

19         Phoenix Police Airport Division, 2908 E Sky Harbor Blvd., Phoenix, Arizona on November 2,

20         2023 at approximately 12:40 pm. I verified Sgt. Martin Nickel, who verified with his superior,

21         Lt. Abernathy, that he could accept service for his officer and served him.

22  3.     This is considered to be personal service.

23  4.     The fee I charged for this service was $25.

24  **I declare under the penalty of perjury that the foregoing is true and correct**

25

26  _____                    _____
    Gary Steiner                                  Date
27

28                          Page 1

# Exhibit E

CLERK OF THE
SUPERIOR COURT
FILED
E. GUERRERO, DEP

23 NOV -2 PM 4: 22

1   T. Scott Legal Support Services
    Gary Steiner  ID# MC 7767
2   (480) 227-7297
    Tscottlegal2007@aol.com
3

4                    **SUPERIOR COURT OF ARIZONA**
                          **MARICOPA COUNTY**
5

6   In re the matter of:                      )
                                              )
7   SEAN BENNETT,                             )        Case No: CV2023-012270
                                              )
8                                             )
                                              )
9            Plaintiff(s),                    )        **CERTIFICATE OF SERVICE**
                                              )
10  v.                                        )
                                              )
11  CITY OF PHOENIX, et al.,                  )
                                              )
12           Defendant(s).                    )
                                              )
13   _____ )

14  1.      I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to

15          Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on October 31, 2023, I

16          received; Summons, Plaintiff's Complaint and a Certificate Of Compulsory Arbitration from

17          The Plaintiff(s).

18  2.      I then proceeded to successfully serve the above described documents on Rudolfo Peru at

19          the Phoenix Police Airport Division, 2908 E Sky Harbor Blvd., Phoenix, Arizona on November

20          2, 2023 at approximately 12:40 pm. I verified Sgt. Martin Nickel, who verified with his

21          superior, Lt. Abernathy, that he could accept service for his officer and served him.

22  3.      This is considered to be personal service.

23  4.      The fee I charged for this service was $25.

24          **I declare under the penalty of perjury that the foregoing is true and correct**

25

26          Gary Steiner                                    Date

27

28                                          Page 1

# Exhibit F

CLERK OF THE
SUPERIOR COURT
FILED
E. GUERRERO, DEP

23 NOV -2  PM 4: 22

1  T. Scott Legal Support Services
   Gary Steiner  ID# MC 7767
2  (480) 227-7297
3  Tscottlegal2007@aol.com

4              **SUPERIOR COURT OF ARIZONA**
                      **MARICOPA COUNTY**
5

6  In re the matter of:              )
                                     )
7  SEAN BENNETT,                     )    Case No: CV2023-012270
                                     )
8                                    )
                                     )
9         Plaintiff(s),              )    **CERTIFICATE OF SERVICE**
                                     )
10 v.                                )
                                     )
11 CITY OF PHOENIX, et al.,          )
                                     )
12        Defendant(s).              )
                                     )
13 ———————————————————————— )

14   1.    I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to

15         Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on October 31, 2023, I

16         received: Summons, Plaintiff's Complaint and a Certificate Of Compulsory Arbitration from

17         The Plaintiff(s).

18   2.    I then proceeded to successfully serve the above described documents on Sergeant Hogan

19         at the Phoenix Police Airport Division, 2908 E Sky Harbor Blvd., Phoenix, Arizona on

20         November 2, 2023 at approximately 12:40 pm. I verified Sgt. Martin Nickel, who verified with

21         his superior, Lt. Abernathy, that he could accept service for his officer and served him.

22   3.    This is considered to be personal service.

23   4.    The fee I charged for this service was $25.
24
     **I declare under the penalty of perjury that the foregoing is true and correct**
25

26   _____              11/2/23
     Gary Steiner                             Date
27

28                            Page 1

# Exhibit G

1   Ryan J. McCarthy, Bar #020571
    Brian J. Ripple, Bar #033997
2   Justin M. Ackerman, Bar #030726
    Arcangelo S. Cella, Bar #037176
3   JONES, SKELTON & HOCHULI P.L.C.
    40 N. Central Avenue, Suite 2700
4   Phoenix, Arizona 85004
    Telephone:  (602) 263-1783
5   Fax:  (602) 200-7878
    rmccarthy@jshfirm.com
6   bripple@jshfirm.com
    minuteentries@jshfirm.com
7
    Attorneys for Defendants City of Phoenix, Joel
8   Cottrell, Todd Blanc, Rudolfo Peru and Ryan
    Hogan
9
                  **SUPERIOR COURT OF THE STATE OF ARIZONA**
10
                             **COUNTY OF MARICOPA**
11

| | |
|---|---|
| 12  SEAN BENNETT, an individual, | NO. CV2023-012270 |
| 13                        Plaintiff, | **NOTICE OF REMOVAL** |
| 14         v. | (Assigned to the Honorable Scott Blaney) |
| 15  CITY OF PHOENIX; a governmental entity; AMERICAN AIRLINES, INC., a foreign corporation; OFFICER JOEL COTTRELL and JANE DOE COTTRELL, a married couple; OFFICER BENJAMIN DENHAM and JANE DOE DENHAM, a married couple; OFFICER TODD BLANC and JANE DOE BLANC, a married couple; OFFICER PERU and JANE DOE PERU; a married couple; SERGEANT HOGAN and JANE DOE HOGAN, a married couple, | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21                       Defendants. | |

22

23

TO:    Clerk of Court
           Superior Court of Arizona – Maricopa County

Please take notice that Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru, and Ryan Hogan[1] are contemporaneously filing on this date a Notice of Removal to the United States District Court for the District of Arizona. A copy of said Notice is attached hereto as Exhibit "A" (without the exhibits).

DATED this 20th day of November, 2023.

JONES, SKELTON & HOCHULI P.L.C.


By /s/ Ryan J. McCarthy
    Ryan J. McCarthy
    Brian J. Ripple
    Justin M. Ackerman
    Arcangelo S. Cella
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru and Ryan Hogan

ORIGINAL of the foregoing electronically filed
this 20th day of November, 2023.

COPY of the foregoing mailed/e-mailed
this 20th day of November, 2023, to:

Sean A. Woods
Robert T. Mills
Mills & Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Attorneys for Plaintiff


/s/ Mary Creed

---

[1] On information and belief, the fifth officer that Plaintiff names as a defendant, Benjamin Denham, is deceased.

2