Ryan J. McCarthy, Bar #020571
Brian J. Ripple, Bar #033997
Justin M. Ackerman, Bar #030726
Arcangelo S. Cella, Bar #037176
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1783
Fax: (602) 200-7878
rmccarthy@jshfirm.com
bripple@jshfirm.com

Attorneys for Defendants City of Phoenix, Joel
Cottrell, Todd Blanc, Rudolfo Peru and
Ryan Hogan

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett, an individual,<br><br>                              Plaintiff,<br><br>         v.<br><br>City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Benham a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple,<br><br>                              Defendants. | No. 2:23-cv-02425-ROS--DMF<br><br>**Defendants' City of Phoenix and Officer Defendant's Motion to Dismiss** |

Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru, and Ryan Hogan[1] move to dismiss all claims in Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6). As more fully set forth below: (1) Plaintiff's Complaint fails to state § 1983 claim against the City because, according to blackletter law, a municipality is not vicariously liable under the doctrine

---

[1] Defendants Cottrell, Blanc, Peru, and Hogan are referred to collectively herein as "the Officer Defendants." On information and belief, Defendant Benjamin Denham is deceased. *See* Doc. 7 (Notice of Suggestion of Death).

of respondeat superior for the alleged constitutional violations of its employees; (2) Plaintiff's 42 U.S.C. § 1983 claims for false arrest and false imprisonment fail because his own allegations demonstrate that the Officer Defendants had probable cause to arrest and detain him, providing an absolute defense; (3) Plaintiff's state law claims are barred by the Arizona's one-year statute of limitations under A.R.S. § 12-821; and (4) Plaintiff failed to properly and timely serve a Notice of Claim upon the City and the Officer Defendants under A.R.S. § 12-821.01. Accordingly, the Complaint should be dismissed as against the City and the Officer Defendants in its entirety. This motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    RELEVANT FACTUAL AND PROCEDURAL HISTORY.**

    **A.    Facts as pled in Plaintiff's Complaint.[2]**

        According to Plaintiff's Complaint, on August 13, 2021, Plaintiff boarded an Alaska Airlines airplane and sat in what was allegedly his assigned seat. Doc. 1-1 at 5 (Compl. ¶ 17). A person onboard the plane asked him to move to another seat. Doc. 1-1 at 5 (Compl. ¶ 18). Plaintiff was wearing headphones, and he and the person who spoke to him were wearing face masks. Doc. 1-1 at 6 (Compl. ¶ 20). Plaintiff could not make out what the person was saying. Doc. 1-1 at 6 (Compl. ¶ 20). While he was taking off his headphones, the person walked away. Doc. 1-1 at 6 (Compl. ¶ 20). An Alaska Airlines flight attendant then approached and told him to disembark. Doc. 1-1 at 6 (Compl. ¶ 22). In the process of leaving the airplane, Plaintiff had to move past the flight attendant, who allegedly was standing in the aisle. Doc. 1-1 at 6 (Compl. ¶ 23–25).

        As critically important to this Motion, what was reported to Phoenix police was entirely different. Plaintiff alleged that an Alaska Airlines employee onboard the plane "frantic[ally]" called "police dispatch and reported that [Plaintiff] was physically fighting with the

---

[2] For purposes of this Motion to Dismiss only, Defendants cite to the allegations in Plaintiff's Complaint. Nothing in this Motion to Dismiss, however, should be construed as an admission of any facts asserted in Plaintiff's Complaint and Defendants expressly reserve all defenses and reserve the right to deny Plaintiff's factual allegations.

crew and that they had a police emergency." Doc. 1-1 at 7 (Compl. ¶ 27, 29). The crew member told police that "a fight was currently underway within the aircraft and that the police needed to 'step it up' in order to respond to the disturbance hastily." Doc. 1-1 at 7 (Compl. ¶ 29).[3]

        After exiting the plane, Plaintiff alleged he stood in the terminal. Doc. 1-1 at 7 (Compl. ¶ 33–34). The Officer Defendants arrived, and Plaintiff allegedly raised his arms to wave them over and let them know that he was the one that they were looking for. Doc. 1-1 at 7–8 (Compl. ¶ 35–36). The Officer Defendants then allegedly took Plaintiff to the ground and handcuffed him. Doc. 1-1 at 8 (Compl. ¶¶ 37–40). The Officer Defendants then allegedly placed Plaintiff in an airport holding cell. Doc. 1-1 at 8 (Compl. ¶¶ 41, 45). Once Plaintiff was placed in the holding cell, the officers were able to conduct an investigation, after which they released Plaintiff. Doc. 1-1 at 9 (Compl. ¶ 50, 52).

**B.**    <u>**Plaintiff's claims**</u>

        On August 11, 2023, Plaintiff filed the Complaint against the City of Phoenix and the Officer Defendants, as well as Alaska Airlines, in the Superior Court of the State of Arizona in the County of Maricopa, alleging the following claims: (1) Violation of Plaintiff's Civil Rights under 42 U.S.C. § 1983 – Unwarranted Search and Seizure of Plaintiff's Person, Doc. 1-1 at 10 (Compl. ¶¶ 62–67); (2) Violation of Plaintiff's Civil Rights under 42 U.S.C. § 1983 – False Imprisonment, Doc. 1-1 at 11–12 (Compl. ¶¶ 68–78); (3) Negligence/Gross Negligence, Doc. 1-1 at 12–13 (Compl. ¶¶ 79–87); (4) Assault, Doc. 1-1 at 13–14 (Compl. ¶¶ 88–91; (5) Battery, Doc. 1-1 at 14 (Compl. ¶¶ 92–95); (6) Instigating or Participating in False Arrest and Imprisonment, Doc. 1-1 at 14–15 (Compl. ¶¶ 96–101); and (7) Intentional Infliction of Emotional Distress, Doc. 1-1 at 15 (Compl. ¶¶ 102–106). Plaintiff filed his Complaint almost exactly two years after the incident at the airport.

---

[3] Plaintiff alleges that he was later told by police that the airline's report was unfounded. Doc. 1-1 at 7 (Compl. ¶ 29).

## II.   LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails to state (1) a cognizable legal theory or (2) sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint "does not need detailed factual allegations," a plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citation omitted). Finally, while a Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, *id.*, and "are insufficient to defeat a motion to dismiss for failure to state a claim," *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (internal citation and quotation omitted).

## III.   THE COMPLAINT FAILS TO STATE A FEDERAL CLAIM AGAINST ANY DEFENDANT.

### A.   Plaintiff fails to plead a 42 U.S.C. § 1983 claim against the City because it has no vicarious liability under § 1983.

The Complaint fails to state a legally cognizable claim against the City because it is blackletter law that vicarious liability under the doctrine of *respondeat superior*—Plaintiff's sole basis for alleging liability against the City—does not apply to a municipality on a § 1983 claim. Doc. 1-1 at 12 (Compl. ¶¶ 78, 83). *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Here, Plaintiff's only allegations in support of his § 1983 claims against the City rely explicitly and exclusively on *respondeat superior*, a theory expressly rejected by the Supreme Court. Because the City cannot be liable as a matter of law on the only theory Plaintiff alleges, his § 1983 claims fail against the City.

4

**B.** **Probable cause bars Plaintiff's claims for false arrest and false imprisonment.**

It is black letter law that probable cause to arrest or detain is an absolute defense to any § 1983 claim against police officers for wrongful seizure. *Hutchinson v. Grant*, 796 F.2d 288, 290 (9th Cir. 1986); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *see also Hart v. Parks*, 450 F.3d 1059, 1065–66 (9th Cir. 2006). Probable cause in arresting or detaining a suspect "is established by an objective standard, not by examination of the subjective state of mind of the officer." *Hutchinson*, 796 F.2d at 290. "Probable cause exists when the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense." *Hart*, 450 F.3d at 1065–66 (cleaned up). "Police must only show that, under the totality of the circumstances, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime." *Id.* (cleaned up).

According to the allegations of the Complaint, the Officer Defendants were dispatched to the scene after an airline employee onboard the plane "frantic[ally]" "called [police] dispatch and reported that [Plaintiff] was physically fighting with the crew and that they had a police emergency," and that "the police needed to 'step it up' in order to respond to the disturbance hastily." Doc. 1-1 at 7 (Compl. ¶¶ 27, 29). Thus, Plaintiff's own allegations disclose that, under the facts and circumstances within the Officer Defendants' knowledge at the time, which came from a trustworthy source, a flight crew member, they were warranted in believing that Plaintiff had just committed a crime. *See Hart*, 450 F.3d at 1065–66. *See also* 49 U.S.C. § 46504 (criminal liability for "assaulting or intimidating a flight crew member or flight attendant"); A.R.S. §§ 13-1203 (assault); A.R.S. § 13-1204 (aggravated assault).

It is immaterial that Plaintiff alleges that he was later told that the report was unfounded, because he does not allege that the Officer Defendants knew or had any reason to know that *at the time they arrested and detained him*. Because Plaintiff's own allegations establish, objectively, that the Officer Defendants had probable cause to arrest and detain him, the

Officer Defendants have no liability under § 1983. *See Hutchinson*, 796 F.2d at 290. Plaintiff's § 1983 claims therefore should be dismissed as against the officer defendants for this reason as well.

### C.   The Defendant Officers are also entitled to qualified immunity.

Plaintiff's Fourth Amendment claims against the Officer Defendants also are barred by the doctrine of qualified immunity. "[P]olice officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (cleaned up). *See also Ventura v. Rutledge*, 978 F.3d 1088, 1091 (9th Cir. 2020) (same). Thus, where a plaintiff fails to meet the burden of showing that an officer's conduct violated clearly established law by coming forward with binding case law on point, qualified immunity bars their claims. *See Moore v. Garnand*, 83 F.4th 743, 753 (9th Cir. 2023) ("Because Plaintiffs fail to meet their burden of showing that Defendants' investigatory conduct violated clearly established law, Defendants are entitled to qualified immunity . . . ."). "The 'clearly established' standard . . . . requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). "The rule's contours must be so well defined that it is 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id. See also Moore*, 83 F.4th at 750. The Supreme Court has "repeatedly stressed that courts must not define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Wesby*, 583 U.S. at 63–64 (2018) (cleaned up). *See also City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021) ("We have repeatedly told courts not to define clearly established law at too high a level of generality"). Thus, the qualified immunity analysis "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Here, Plaintiff was required to identify a case that squarely put the Officer Defendants on notice that their conduct would violate his Fourth Amendment rights. Plaintiff has not done so. Indeed, as set forth above, the relevant case authority demonstrates that there is no Fourth Amendment violation where officers arrest and detain an individual that they

have probable cause to believe that person had just committed a crime. Thus, the officer defendants are entitled to qualified immunity, and Plaintiff's § 1983 claims against them must be dismissed.

**D.** **The Complaint contains impermissible group pleading as to the Officer Defendants and fails to satisfy basic notice pleading requirements.**

Even if Plaintiff's § 1983 claims somehow survive the existence of probable cause, Plaintiff has failed to properly plead individualized facts regarding how the specific defendant officers violated his constitutional rights. Fed. R. Civ. P. 8(a) sets forth the requirements for what a complaint must contain. As relevant here, Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint fails to meet this standard when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). A plaintiff cannot satisfy Rule 8(a)(2) by grouping defendants together and alleging conduct by all of them generally; instead, the plaintiff must separately allege the conduct for which each defendant is allegedly responsible. *See Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1019 (S.D. Cal. 2018) ("group pleading does not provide Defendants fair notice of the claims against them"); *Shaw v. Hous. Auth. of Camden*, No. 11-cv-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) ("Even under the most liberal notice pleading requirements of [federal] Rule 8(a), a plaintiff must differentiate between defendants"); *Pietrangelo v. NUI Corp.*, 2005 WL 1703200, at *10 (D.N.J. 2005) (even voluminous complaint that "lump[ed] together all defendants as "Defendants" throughout "fail[ed] to put each defendant on notice of the claims against them").

The Complaint contains impermissible group pleading that fails to put the individual Officer Defendants on notice of the basis for the claims against them. For example, Plaintiff alleges that "the Officers" engaged in various acts while arresting him and that "one Officer" hit him and that "the other four (4) officers" restrained him. Doc. 1-1 at 8 (Compl. ¶¶ 37–38, 40). Plaintiff also alleges that "[they]," i.e., the Officer Defendants as a group, dragged him down the stairs. Plaintiff cannot satisfy the requirements of Rule 8(a) by lumping

the Officer Defendants together without providing each of them notice of the claims against him. Plaintiff's complaint as to Officer Defendants therefore fails to Satisfy Rule 8, and is subject to dismissal under Rule 12(b)(6).

## IV. PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS AND ARIZONA'S NOTICE OF CLAIM STATUTE.

### A. Plaintiff failed to bring a claim within one year of his cause of action accruing under A.R.S. § 12-821.

Plaintiff cannot maintain any state law claims against the City or the Officer Defendants because he failed to file his lawsuit within one year of the date his claims accrued as required by A.R.S. § 12-821. "All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." A.R.S. § 12-821. A cause of action accrues when the damaged party realizes he has been damaged and knows or reasonably should know the cause, act, instrumentality or condition which caused or contributed to the damage. *See Dube v. Litkins,* 216 Ariz. 406 (App. 2007). Here, there can be no dispute that Plaintiff knew his cause of action accrued on the day the Officer Defendants arrested and detained him, allegedly without cause, on August 13, 2021. Plaintiff then had one year to bring his state law claims against the City and the Officer Defendants, by August 13, 2022. But Plaintiff did not file his Complaint until August 11, 2023, almost exactly one year *after* the statute of limitations expired under A.R.S. § 12-821. Thus, all of Plaintiff's state law claims are subject to dismissal with prejudice for failure to comply with A.R.S. § 12-821.

### B. Plaintiff failed to strictly comply with Arizona's notice of claim statute.

Dismissal is proper with respect to Plaintiff's state law claims for the independent reason that he failed to strictly comply with Arizona's notice of claim statute, A.R.S. § 12-821.01. Before Plaintiff could file a complaint against the City, which is a public entity, or the Officer Defendants, who are public employees, he had to comply with the requirements set forth in A.R.S. § 12-821.01, which provides:

> Persons who have claims against *a public entity*, public school or *a public employee shall file claims with the person or persons authorized to accept service* . . . within one hundred eighty days after the cause of action accrues. . . . Any claim that is not filed within one hundred

eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01(A) (emphasis added). "Compliance with the notice provision of § 12-821.01(A) is 'mandatory' and 'essential' prerequisite to [a civil action seeking monetary damages]." *Salerno v. Espinoza*, 210 Ariz. 586, 589 (App. 2005). Indeed, Arizona's Supreme Court has explicitly stated that "[a]ctual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12–821.01(A)." *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295, ¶ 6 (2007). Thus, when a plaintiff does not "strictly comply" with the notice-of-claim statute, "no action may be maintained." *Humphrey v. State*, 249 Ariz. 57, 63, ¶ 20 (App. 2020).

Here, Plaintiff made no effort whatsoever to comply with the Notice of Claim statute. Plaintiff does not plead he served on the City and the Officer Defendants any notice of claim. Moreover, the City and Officer Defendants have not been properly served with any notice of claim. The 180-day deadline to serve the notice of claim ran from the date of Plaintiff's arrest and detention. Therefore, the 180-day deadline expired more than a year and a half ago, on February 9, 2022. Accordingly, dismissal of Plaintiff's state law claims is required for this reason as well.

## V.     CONCLUSION.

For the foregoing reasons, the City and the Officer Defendants respectfully request that the Court dismiss all of Plaintiff's claims, with prejudice.

DATED this 21st day of November, 2023.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Ryan J. McCarthy
    Ryan J. McCarthy
    Brian J. Ripple
    Justin M. Ackerman
    Arcangelo S. Cella
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Defendants City of Phoenix,
    Joel Cottrell, Todd Blanc, Rudolfo Peru and
    Ryan Hogan

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2023, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Sean A. Woods
Robert T. Mills
Mills & Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Attorneys for Plaintiff

Patrick Kearns
Wilson Elser Moskowitz Edelman & Dicker LLP
401 West A St., Ste. 1900
San Diego, CA 92101
Attorney for Defendant American Airlines, Inc.


/s/ Mary Creed

1 | Ryan J. McCarthy, Bar #020571
Brian J. Ripple, Bar #033997
2 | Justin M. Ackerman, Bar #030726
Arcangelo S. Cella, Bar #037176
3 | JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
4 | Phoenix, Arizona 85004
Telephone:  (602) 263-1783
5 | Fax:  (602) 200-7878
rmccarthy@jshfirm.com
6 | bripple@jshfirm.com

7 | Attorneys for Defendants City of Phoenix, Joel
Cottrell, Todd Blanc, Rudolfo Peru and
8 | Ryan Hogan

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| Sean Bennett, an individual, | No. 2:23-cv-02425-ROS--DMF |
|---|---|
| Plaintiff, | **Certificate of Good Faith Consultation** |
| v. | |
| City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Benham a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple, | |
| Defendants. | |

Pursuant to L.R. Civ. 12.1(c), undersigned Counsel, Brian J. Ripple, hereby certifies that, prior to filing the instant Motion to Dismiss, he notified Plaintiff's counsel of the issues addressed therein by email on November 17, 2023, and requested that Plaintiff agree by 1:00 pm on November 20, 2023, to dismiss all claims against Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru, and Ryan Hogan. In response, Plaintiff's counsel proposed extending the deadline to answer the Complaint and meeting and conferring after the Thanksgiving holiday. Undersigned counsel informed Plaintiff's counsel that a stipulated

extension of the deadline to answer would not extend the November 20, 2023, deadline to remove the case from state court to federal court; that he planned to remove the case to federal court on that date and to move to dismiss the Complaint; and that he was amenable to extending the deadline for Plaintiff to respond to the motion to dismiss. Undersigned counsel also renewed his request to meet and confer regarding the issues raised in the Motion to Dismiss and even indicated he would make himself available over the weekend to confer. Plaintiff's counsel did not further communicate with undersigned counsel after this communication and has subsequently not agreed to dismiss the claims against the City, Cottrell, Blanc, Peru, and Hogan.

Thus, undersigned counsel avows that he attempted in good faith to meet and confer with Plaintiff's counsel regarding the instant Motion to Dismiss and has been unable to reach a resolution regarding whether an amendment could cure the deficient pleading, or to agree that the pleading is curable by a permissible amendment. Moreover, it is Defendants' position that no amendment of the Complaint can cure the deficiencies identified in Defendants' motion to dismiss. Accordingly, undersigned counsel submits that the instant Motion to Dismiss is necessary.

DATED this 21st day of November, 2023.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Ryan J. McCarthy
    Ryan J. McCarthy
    Brian J. Ripple
    Justin M. Ackerman
    Arcangelo S. Cella
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Defendants City of Phoenix,
    Joel Cottrell, Todd Blanc, Rudolfo Peru and
    Ryan Hogan

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2023, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Sean A. Woods
Roberrt T. Mills
Mills & Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Attorneys for Plaintiff

Patrick Kearns
Wilson Elser Moskowitz Edelman & Dicker LLP
401 West A St., Ste. 1900
San Diego, CA 92101
Attorney for Defendant American Airlines, Inc.


/s/ Mary Creed