1  Taylor Allin, Esq. (AZ Bar No. 031834)
2  **WILSON, ELSER, MOSKOWITZ,**
      **EDELMAN & DICKER LLP**
3  2231 East Camelback Road, Suite 200
4  Phoenix, Arizona 85016
   Telephone: (480) 562-3660
5  Facsimile: (480) 562-3659
6  E-mail:  Taylor.Allin@wilsonelser.com

7  Attorneys for Defendant American Airlines
8  Group, Inc. d/b/a American Airlines, erroneously
   Sued as American Airlines, Inc., a foreign corporation
9

10               **UNITED STATES DISTRICT COURT**

11              **FOR THE DISTRICT OF ARIZONA**

12

13  Sean Bennett, an individual,                  )   Case No.  2:23-cv-02425-ROS--DMF
                                                   )
14                          Plaintiff,             )   **DEFENDANT AMERICAN**
                                                   )   **AIRLINES GROUP, INC.'S**
15           vs.                                   )   **ANSWER, AFFIRMATIVE**
                                                   )   **DEFENSES <u>AND</u> DEMAND FOR**
16  City of Phoenix, a governmental entity;        )   **JURY TRIAL**
17  American Airlines, Inc., a foreign             )
    corporation; Officer Joel Cottrell and Jane   )   Honorable Judge: Roslyn O. Silver
18  Doe Cottrell, a married couple; Officer        )   Magistrate Judge: Deborah M. Fine
19  Benjamin Denham and Jane Doe                   )
    Denham, a married couple; Officer Todd         )
20  Blanc and Jane Doe Blanc, a married            )
21  couple; Officer Peru and Jane Doe Peru, a      )
    married couple; Sergeant Hogan and Jane        )
22  Doe Hogan, a married couple;                   )
23                                                 )
24                          Defendant(s).          )
                                                   )
25  _____           )

26  / / /

27  / / /

28  / / /

                                    1

Defendant, American Airlines Group, Inc., dba American Airlines, erroneously sued as American Airlines, Inc., a foreign corporation (hereinafter "American Airlines"), answers Plaintiff, Sean Bennett's (hereinafter collectively "Plaintiff"), Complaint as follows:

1.      American Airlines is without information sufficient to admit or deny the allegations in Paragraph 1 and therefore denies the allegations.

2.      American Airlines admits that Defendant City of Phoenix is a governmental entity located in Maricopa County, Arizona as alleged in Paragraph 2.

3.      American Airlines admits that American Airlines, Inc. is a corporation incorporated in the State of Delaware with its headquarters in the State of Texas. American Airlines admits that American Airlines is licensed to conduct business in Maricopa County, Arizona, as alleged in Paragraph 3.

4.      American Airlines is without information sufficient to admit or deny the allegations in Paragraph 4 and therefore denies the allegations.

5.      American Airlines is without information sufficient to admit or deny the allegations in Paragraph 5 and therefore denies the allegations.

6.      American Airlines is without information sufficient to admit or deny the allegations in Paragraph 6 and therefore denies the allegations.

7.      American Airlines is without information sufficient to admit or deny the allegations in Paragraph 7 and therefore denies the allegations.

8.      American Airlines is without information sufficient to admit or deny the allegations in Paragraph 8 and therefore denies the allegations.

9.      American Airlines is without information sufficient to admit or deny the allegations in Paragraph 9 and therefore denies the allegations.

10.      American Airlines is without information sufficient to admit or deny the allegations in Paragraph 10 and therefore denies the allegations.

11.      American Airlines is without information sufficient to admit or deny the allegations in Paragraph 11 and therefore denies the allegations.

12.    American Airlines is without information sufficient to admit or deny the allegations in Paragraph 12 and therefore denies the allegations.

13.    American Airlines is without information sufficient to admit or deny the allegations in Paragraph 13 and therefore denies the allegations.

## GENERAL ALLEGATIONS

14.    American Airlines is without information sufficient to admit or deny the allegations in Paragraph 14 and therefore denies the allegations.

15.    American Airlines is without information sufficient to admit or deny the allegations in Paragraph 15 and therefore denies the allegations.

16.    American Airlines admits that Plaintiff took a flight from Knoxville, TN to Chicago, IL and then took the second leg of his trip from Chicago, IL to Phoenix, AZ. As to the remaining allegations in Paragraph 16, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

17.    American Airlines admits that Plaintiff boarded the flight in Phoenix, AZ, set to fly to Anchorage, AK. American Airlines is without information sufficient to admit or deny the remaining allegations in Paragraph 17 and therefore denies the allegations.

18.    American Airlines is without information sufficient to admit or deny the allegations in Paragraph 18 and therefore denies the allegations.

19.    American Airlines is without information sufficient to admit or deny the allegations in Paragraph 19 and therefore denies the allegations.

20.    American Airlines is without information sufficient to admit or deny the allegations in Paragraph 20 and therefore denies the allegations.

21.    American Airlines is without information sufficient to admit or deny the allegations in Paragraph 21 and therefore denies the allegations.

22.    American Airlines is without information sufficient to admit or deny the allegations in Paragraph 22 and therefore denies the allegations.

23.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 23 and therefore denies the allegations.

24.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 24 and therefore denies the allegations.

25.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 25 and therefore denies the allegations.

26.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 26 and therefore denies the allegations.

27.     American Airlines admits that an American Airlines employee called the police and reported that Plaintiff was physically fighting the crew. As to the remaining allegations in Paragraph 27, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

28.     American Airlines denies the allegations in Paragraph 28.

29.     American Airlines admits that an American Airlines employee called the police about Plaintiff fighting onboard the aircraft. As to the remaining allegations in Paragraph 29, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

30.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 30 and therefore denies the allegations.

31.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 31 and therefore denies the allegations.

32.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 32 and therefore denies the allegations.

33.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 33 and therefore denies the allegations.

34.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 34 and therefore denies the allegations.

/ / /

DEFENDANT AMERICAN AIRLINES GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.  2:23-cv-02425-ROS--DMF

35.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 35 and therefore denies the allegations.

36.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 36 and therefore denies the allegations.

37.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 37 and therefore denies the allegations.

38.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 38 and therefore denies the allegations.

39.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 39 and therefore denies the allegations.

40.     American Airlines admits that Plaintiff was handcuffed. As to the remaining allegations in Paragraph 40, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

41.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 41 and therefore denies the allegations.

42.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 42 and therefore denies the allegations.

43.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 43 and therefore denies the allegations.

44.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 44 and therefore denies the allegations.

45.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 45 and therefore denies the allegations.

46.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 46 and therefore denies the allegations.

47.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 47 and therefore denies the allegations.

/ / /

DEFENDANT AMERICAN AIRLINES GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.  2:23-cv-02425-ROS--DMF

48.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 48 and therefore denies the allegations.

49.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 49 and therefore denies the allegations.

50.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 50 and therefore denies the allegations.

51.     American Airlines denies the allegations in Paragraph 51.

52.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 52 and therefore denies the allegations.

53.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 53 and therefore denies the allegations.

54.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 54 and therefore denies the allegations.

55.     American Airlines admits that because of Plaintiff's misconduct, American Airlines informed Plaintiff that his ability to travel on American Airlines is permanently suspended. As to the remaining allegations in Paragraph 55, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

56.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 56 and therefore denies the allegations.

57.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 57 and therefore denies the allegations.

58.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 58 and therefore denies the allegations.

59.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 59 and therefore denies the allegations.

/ / /

/ / /

DEFENDANT AMERICAN AIRLINES GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.  2:23-cv-02425-ROS--DMF

60.     American Airlines admits that Plaintiff was charged with Disorderly Conduct. As to the remaining allegations in Paragraph 60, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

61.     American Airlines is without information sufficient to admit or deny the allegations in Paragraph 61 and therefore denies the allegations.

<u>**COUNT I – Violation of Plaintiff's Civil Rights under 42 U.S. § 1983 – Unwarranted Search and Seizure of Plaintiff's Person**</u>

**(Defendant COP and the Officer Defendants)**

62.     Paragraphs 62-67 contained in Count I are not alleged against American Airlines, and no response is required.

<u>**COUNT II – Violation of Plaintiff's Civil Rights under 42 U.S. § 1983 – False Imprisonment**</u>

**(Defendant COP and the Officer Defendants)**

63.     Paragraphs 68-78 contained in Count II are not alleged against American Airlines, and no response is required.

<u>**COUNT III – Negligence/Gross Negligence**</u>

**(All Defendants)**

64.     Paragraph 79 is a reincorporation of prior allegations, and no response is required.

65.     The allegations in Paragraph 80 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines admits it owed a duty to exercise ordinary care for Plaintiff. As to the remaining allegations in Paragraph 80, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

/ / /

/ / /

/ / /

66.     The allegations in Paragraph 81 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

67.     The allegations in Paragraph 82 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies that it breached its duty. As to the remaining allegations in Paragraph 82, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

68.     The allegations in Paragraph 83 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies that it is vicariously liable under *respondeat superior*. As to the remaining allegations in Paragraph 83, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

69.     The allegations in Paragraph 84 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies the allegations in Paragraph 84.

70.     The allegations in Paragraph 85 are not alleged against American Airlines, and no response is required.

71.     The allegations in Paragraph 86 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

72.     The allegations in Paragraph 87 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies the allegations against it. The remaining allegations in Paragraph 87 are not alleged against American Airlines, and no response is required.

/ / /

## COUNT IV – Assault

### (All Defendants)

73.     Paragraph 88 is a reincorporation of prior allegations, and no response is required.

74.     The allegations in Paragraph 89 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies the allegations against it. The remaining allegations in Paragraph 89 are not alleged against American Airlines, and no response is required.

75.     The allegations in Paragraph 90 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

76.     The allegations in Paragraph 91 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies that it is vicariously liable under *respondeat superior*. As to the remaining allegations in Paragraph 91, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

## COUNT V – Battery

### (All Defendants)

77.     Paragraph 92 is a reincorporation of prior allegations, and no response is required.

78.     The allegations in Paragraph 93 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies the allegations against it. The remaining allegations in Paragraph 93 are not alleged against American Airlines, and no response is required.

/ / /

/ / /

/ / /

DEFENDANT AMERICAN AIRLINES GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.  2:23-cv-02425-ROS--DMF

79.     The allegations in Paragraph 94 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

80.     The allegations in Paragraph 95 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies that it is vicariously liable under *respondeat superior*. As to the remaining allegations in Paragraph 95, American Airlines is without information sufficient to admit or deny the allegations and therefore denies the allegations.

## COUNT VI – INSTIGATING OR PARTICIPATING IN FALSE ARREST AND IMPRISONMENT

### (All Defendants)

81.     Paragraph 96 is a reincorporation of prior allegations, and no response is required.

82.     The allegations in Paragraph 97 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies the allegations in Paragraph 97.

83.     The allegations in Paragraph 98 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies the allegations against it. The remaining allegations in Paragraph 98 are not alleged against American Airlines, and no response is required.

84.     The allegations in Paragraph 99 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies the allegations against it. The remaining allegations in Paragraph 99 are not alleged against American Airlines, and no response is required.

/ / /

/ / /

/ / /

85.     The allegations in Paragraph 100 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies the allegations against it. The remaining allegations in Paragraph 100 are not alleged against American Airlines, and no response is required.

86.     The allegations in Paragraph 101 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies the allegations against it. The remaining allegations in Paragraph 101 are not alleged against American Airlines, and no response is required.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

87.     Paragraph 102 is a reincorporation of prior allegations, and no response is required.

88.     The allegations in Paragraph 103 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies the allegations against it. The remaining allegations in Paragraph 103 are not alleged against American Airlines, and no response is required.

89.     The allegations in Paragraph 104 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies the allegations against it. The remaining allegations in Paragraph 104 are not alleged against American Airlines, and no response is required.

/ / /

/ / /

/ / /

/ / /

90.     The allegations in Paragraph 105 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies the allegations against it. The remaining allegations in Paragraph 105 are not alleged against American Airlines, and no response is required.

91.     The allegations in Paragraph 106 set forth legal conclusions and, as such, no response is required. To the extent a responsive pleading is required, American Airlines denies the allegations against it. The remaining allegations in Paragraph 106 are not alleged against American Airlines, and no response is required.

92.     American Airlines denies that it is liable for any damages, attorneys' fees, costs of suit or other relief, as sought in the prayer of Plaintiff's Complaint.

93.     American Airlines denies any allegation, fact, or claim not specifically addressed above.

## FIRST SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE

94.     Plaintiff's Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against American Airlines.

## SECOND SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE

95.     American Airlines alleges that the damages alleged in Plaintiff's Complaint were not caused by reason of any negligence, fault, or culpable conduct on the part of American Airlines, and American Airlines denies that it is liable to Plaintiff for the damages alleged in the Complaint. Rather, damages alleged in Plaintiff's Complaint were caused in whole or in part by reason of the negligence, fault, or culpable conduct of Plaintiff, or by the negligence, fault, or culpable conduct of others, over whom American Airlines had no control. However, in the event that a determination is made that some negligence or fault of American Airlines proximately contributed to the injuries or damages alleged, American Airlines alleges

that one or more persons or entities are in some manner responsible for the damages alleged, and, by reason thereof, it is entitled to an apportionment among these persons or entities according to law.  Further, the amount of recovery, if any, must be reduced by an amount proportionate to the amount by which the negligence, fault, or culpable conduct of others, including, but not limited to, Plaintiff, contributed to the accident and damages alleged in said Complaint.

### THIRD SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE

96.   That, as against this answering Defendant, Plaintiff's action is barred by the applicable statutes of limitation.

### FOURTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE

97.   The conduct or fault, if any, of American Airlines was not a substantial factor in bringing about Plaintiff's alleged damages and, therefore, was not a contributing cause thereof but was superseded by the conduct or fault of others, which was an independent intervening and proximate cause of any damages suffered by Plaintiff.

### FIFTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE

98.   There is no causal relationship between any injuries or damages allegedly sustained by Plaintiff, and any alleged wrongful act by American Airlines.

### SIXTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE

99.   American Airlines alleges that Plaintiff has failed to join necessary and indispensable parties to this action and, therefore, joinder of these parties should be ordered, or, in the alternative, this action should be dismissed as to American Airlines.

### SEVENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE

100.   At all times, American Airlines acted with due care and as a reasonable person or entity would have under same or similar circumstances.

/ / /

/ / /

**EIGHTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE**

101.   At the time and place mentioned in the Complaint, Plaintiff had full knowledge of all risks, dangers, and hazards, if any there were, and voluntarily and with full appreciation of the danger and magnitude of the risk involved with respect to the matters alleged in the Complaint, assumed the risk of injury in this matter, and such assumption of the risk bars or reduces Plaintiff's claims for damages.

**NINTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE**

102.   Plaintiff failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, therefore, Plaintiff may not recover for losses which could have been prevented by reasonable efforts on his own part. Therefore, Plaintiff's recovery, if any, should be reduced by the failure of the plaintiff to mitigate his damages.

**TENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE**

103.   Plaintiff has engaged in conduct with respect to the activities and/or property which are the subject of the Complaint, and by reason of said activities and conduct, is estopped from asserting any claim or damages, or seeking any other relief against this answering Defendant.

**ELEVENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE**

104.   Federal law or the doctrine of federal preemption may apply or serve to bar or limit the Plaintiff's claims in this matter.

**TWELFTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE**

105.   That at no time or place set forth in the Complaint, did any other Defendant operate as the agent of this answering Defendant.

**THIRTEENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE**

106.   This answering Defendant asserts any conduct by any Co-Defendant alleged to be an employee of this answering Defendant, to the extent such a relationship existed, was neither reasonably related to the kinds of tasks the

individual was employed to perform; nor was said conduct reasonably foreseeable in light of the answering Defendant's business or the individuals job responsibilities.

**FOURTEENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE**

107.   This answering Defendant asserts that Plaintiff's prayer for punitive damages is improper as punitive damages are not available to him with respect to the claims alleged against this answering Defendant.

**FIFTEENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE**

108.   Plaintiff is not entitled to relief due to unclean hands.

**SIXTEENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE**

109.   Based upon additional investigation, further affirmative defenses may become apparent, and American Airlines reserves its rights to amend this Answer as appropriate.

**PRAYER**

WHEREFORE, American Airlines prays that Plaintiff take nothing by way of his complaint on file herein, that judgment be entered in the within action in favor of American Airlines and against Plaintiff upon the issues of the Complaint, together with an award to American Airlines of costs of suit herein incurred, and such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>JURY DEMAND</u>

This answering Defendant, American Airlines Group, Inc., dba American Airlines, erroneously sued as American Airlines, Inc., a foreign corporation, hereby demands trial by jury in this action.

Dated: December 1st 2023                              Respectfully submitted,

By:     /s/Taylor Allin_____
        Taylor Allin, Esq.
        Attorney for Defendant,
        AMERICAN AIRLINES GROUP,
        INC., dba AMERICAN AIRLINES,
        erroneously sued as AMERICAN
        AIRLINES, INC.

DEFENDANT AMERICAN AIRLINES GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.  2:23-cv-02425-ROS--DMF

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that this document was filed and served this 1st day of

3  December 2023, using this Court's CM/ECF filing system which will electronically

4  transmit a copy to all counsel of record.

5

6  Dated: December 1st 2023                          Respectfully submitted,

7

8                                    By:    <u>*/s/ Taylor Allin*</u>
                                            Taylor Allin, Esq.
9                                           Attorney for Defendant,
                                            AMERICAN AIRLINES GROUP,
10                                          INC., dba AMERICAN AIRLINES,
                                            erroneously sued as AMERICAN
11                                          AIRLINES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT AMERICAN AIRLINES GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.  2:23-cv-02425-ROS--DMF