Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Benham, a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple,<br><br>　　　　Defendants. | No.: CV-23-02425-PHX-ROS (DMF)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO CITY DEFENDANTS' MOTION TO DISMISS**<br><br>(Assigned to the Honorable Roslyn O. Silver and referred to the Honorable Deborah M. Fine for all pretrial proceedings) |

Through counsel undersigned, Plaintiff Sean Bennett ("Plaintiff" or "Sean") hereby responds in opposition to City Defendants' Motion to Dismiss ("Defendants' Motion") filed by Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru, and Ryan Hogan (collectively, "Defendants"). This Response is supported by the relevant parts of the record, Plaintiff's Complaint, and the Memorandum of Points and Authorities below.

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL STANDARD

"[T]o survive a motion to dismiss, a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144-45 (citation omitted). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). When resolving a motion to dismiss, the court properly resolves any doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The probability of success at trial should not be considered, as "a well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal citation omitted). Facts plead are assumed to be true, as "Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives.

"The court should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that "this mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Id.* Arizona appellate courts have held that "[l]eave to amend is discretionary, but amendments will be liberally allowed; trial on the merits of the claim is favored, and amendment will be permitted unless there has been undue delay, dilatory action or undue prejudice." *E.g.*, *Owen v. Superior Court*, 133 Ariz. 75, 79 (1982). In this case, there would be no undue delay by result of further amendment, as the case has been pending for only four (4) months.

II.     **ARGUMENT**

   A.     **Plaintiff is Voluntarily Dismissing the City of Phoenix.**

Defendants argue that the City of Phoenix has no vicarious liability for the actions of the Officer Defendants because the doctrine of *respondeat superior* does not apply to a municipality on a § 1983 claim. Defs.' Mot. 4:19-24, ECF No. 8 (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)). Accordingly, Plaintiff is filing a voluntary dismissal of the City of Phoenix without prejudice concurrently with this Response.

   B.     **The Officer Defendants Did Not Have Probable Cause to Arrest and Imprison Sean.**

Defendants contend that Plaintiff's § 1983 claims (Counts I and II) should be dismissed because the Officer Defendants had probable cause to arrest and detain Sean. Plaintiff agrees that the existence of probable cause bars a wrongful arrest or false

3

imprisonment claim against police. *See Hutchinson v. Grant*, 796 F.2d 288, 290 (9th Cir. 1986); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).  However, Defendants are wildly incorrect that probable cause existed here.

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)). "'[T]he determination of probable cause is based upon *the totality of the circumstances known to the officers at the time' of the arrest*." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015) (alteration in original) (emphasis added) (quoting *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir.2004)).

In arguing that the Officer Defendants had probable cause to seize and imprison Plaintiff, Defendants rely solely, and myopically, on the phone calls to police dispatch from an Airline employee claiming (falsely) "that Sean was physically fighting with the crew and that they had a police emergency," Pl. Compl. ¶ 27, ECF No. 1-1 Ex. A, and "that a fight was currently underway within the aircraft and that the police needed to 'step it up' in order to respond to the disturbance hastily," *id.* ¶ 29.

As an initial matter, these phone accusations were completely false. "Sean never became physical with anybody," and "followed all flight crew commands without incident." *Id.* ¶ 28.  In fact, when exiting the airplane he "*never touched* or bumped into anyone or anything." *Id.* ¶ 25 (emphasis added).  Even the Officer Defendants eventually "told Sean that Defendant Airlines' requests [for police assistance] were unfounded." *Id.*

4

¶ 29. The charges the Airline initiated against him for assault and disorderly conduct "were immediately dismissed due to '*no reasonable likelihood of conviction*.'" *Id.* ¶ 61 (emphasis added).

Second, in relying solely on the false phone calls from the airline employee, Defendants completely ignore the totality of the circumstances known to the Officer Defendants *at the time they arrested Sean*. The Officer Defendants arrived at the airport terminal *after* receiving those calls, and what they observed there was utterly in contradiction to the information conveyed in those calls. What they had been told was that *there was a fight occurring on the airplane*, but the reality they observed at the terminal could not have been more different. They observed a man (Sean), not in the airplane but *in the terminal*, calmly and peacefully leaning against a wall while talking on his phone and reviewing the flight information on the overhead screens. *See id.* ¶¶ 33-34. That man then voluntarily and "peacefully raised his arms to wave at the Officer Defendants and let them know that he might be who they were looking for." *See id.* ¶ 36. There were no signs of even a commotion, let alone a fight.

Given the totality of the circumstances at that point, a person of reasonable caution in the Officer Defendants' position would then have had grave doubts about the accuracy of the information conveyed by the airline employee in the phone calls, and would have undertaken additional investigation to determine the truth of the situation before arresting Sean[1]. *See Merritt v. Arizona*, 425 F. Supp. 3d 1201, 1212 (D. Ariz. 2019) ("Where

---

[1] Indeed, given the totality of the circumstances at that point, a person of reasonable caution in the Officer Defendants' position would have had little, if any, basis to even believe that

5

probable cause has dissipated during an investigation, police officers have a duty to conduct further inquiry and reestablish probable cause before arresting the suspect."); *Merriman v. Walton*, 856 F.2d 1333, 1335 (9th Cir. 1988) (finding that any probable cause had dissipated and noting that "[a] reasonable officer would have made further inquiry before effecting a warrantless arrest"); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1444 (9th Cir. 1991) (citing *Merriman* and noting that "the police officers had a duty to conduct an investigation into the basis of the witness' report"); *Ovasapyan v. City of Glendale*, No. CV 08-194-CAS (JWJx), 2009 WL 10699128, at *5 (C.D. Cal. Apr. 27, 2009) (denying judgment as a matter of law where "evidence showed that, rather than making further inquiry, defendants arrested plaintiff and ignored plaintiff's alibi").

Yet, the Officer Defendants did not perform an investigation of any kind. They did not even question anyone, let alone Sean himself. Instead, the Officer Defendants simply (and violently) arrested Sean. *Id.* ¶¶ 37-41. Cleary, given the totality of the circumstances known to the Officer Defendants at the time they violently arrested Sean, and construing the Complaint's allegations and all inferences therefrom in Plaintiff's favor, as the Court must do at this point, a "person of reasonable caution" would not have had "knowledge or reasonably trustworthy information sufficient to lead [him] to believe" that Sean had just assaulted anyone at the time of the arrest. *See Fayer v. Vaughn*, 649 F.3d at 1064; *Velazquez v. City of Long Beach*, 793 F.3d at 1018.

---

Sean was the individual that the phone calls were about. All the Officers observed was that a man peacefully standing in the terminal waved to them.

6

For all the foregoing reasons, Plaintiff's § 1983 claims for false arrest and imprisonment are not barred by the existence of probable cause, and those claims must not be dismissed.

### C.     The Officer Defendants Are Not Entitled to Qualified Immunity.

Defendants also argue that Sean's § 1983 claims should be dismissed because the Officer Defendants are entitled to qualified immunity for arresting and imprisoning him. This argument is completely groundless.

To defeat qualified immunity, a Plaintiff must offer binding case law showing that an officer's conduct violated clearly established law. *See Moore v. Garnand*, 83 F.4th 743, 753 (9th Cir. 2023) ("Because Plaintiffs fail to meet their burden of showing that Defendants' investigatory conduct violated clearly established law, Defendants are entitled to qualified immunity …."). "[I]t is *clearly established* that an arrest without probable cause violates a person's Fourth Amendment rights." *Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) (emphasis added) (citing *Kennedy v. Los Angeles Police Dep't*, 901 F.2d 702, 706 (9th Cir. 1989); *Thomas v. Carroll*, 407 F. App'x 142, 143 (9th Cir. 2010) ("The constitutional proposition that an arrest may not be made without probable cause of a violation is *clearly established*." (emphasis added)); *see also Alvarado v. United States*, CV 14-2066-TUC-LAB, at *7 (D. Ariz. Mar. 19, 2015) ("It is clearly established that a person 'may not be arrested … if previously established probable cause has dissipated.'" (quoting *U.S. v. Ortiz-Hernandez*, 427 F.3d 567, 574 (9th Cir. 2005))). That is exactly what the caselaw shows. *See, e.g.*, *Michigan v. Summers*, 452 U.S. 692, 700, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981); *Graves v. City of Coeur D'Alene*, 339 F.3d 828,

840 (9th Cir. 2003) ("An arrest is unlawful unless there is probable cause to support the arrest."); *Figaro v. City of San Luis Obispo*, 130 F. App'x 859, 861 (9th Cir. 2005) (same); *Ditsler v. Hernandez*, 225 F. App'x 499, 501 (9th Cir. 2007) ("To prevail on his claim for unlawful arrest under § 1983, as a violation of the Fourth Amendment, Plaintiff must show that Defendant made the arrest without probable cause."); *Theilen v. Maricopa County*, No. CV-09-02603-PHX-FJM, at *4-5 (D. Ariz. Apr. 28, 2010) ("An arrest without probable cause violates the Fourth Amendment.").

Here, for all the reasons set forth in **§ II(B)** above, the Officer Defendants' arrest and imprisonment of Sean was not supported by probable cause. Therefore, clearly established law provides that their arrest and imprisonment of him was unlawful, the Officer Defendants do not have qualified immunity, and thus Sean's § 1983 claims must survive dismissal on those grounds as well.

**D.    The Complaint Does Not Contain Impermissible Group Pleading.**

Additionally, Defendants claim that Plaintiff's Complaint is an example of impermissible group pleading. This is simply not true. A complaint fails to meet the required standard when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, however, the Complaint makes sufficiently clear who is being sued, for what relief, and on what theory, to survive a motion to dismiss. With respect to Counts I and II, the § 1983 claims for wrongful arrest and false imprisonment, it alleges that all of the Officer Defendants tackled and bear hugged him. Pl. Compl. ¶ 37, ECF No. 1-1 Ex. A. In

8

the act of doing so, one of the Officers "hit him … and fell on top of him to the ground," *id.* ¶ 38, while "[t]he other four (4) officers spread his legs and arms and handcuffed him," *id.* ¶ 40. After dragging him down stairs and throwing him into a police car, the Officer Defendants "pulled him out of the car and chained him to the floor of an airport jail cell …." *Id.* ¶ 45. The foregoing adequately alleges and makes clear that each and every one of the Officer Defendants was an active participant in Sean's arrest and imprisonment, thus putting each of them on notice of their potential liability for Counts I and II. It is certainly not implausible that a small group of five (5) Officers could collectively participate in the conduct alleged. While Defendants may complain that the Complaint fails to identify which Officer hit Sean, that information is only relevant to Sean's state law claims, which he is dismissing as to the Officer Defendants. *See* **§ II(E)**, *infra*.

Defendants' group pleading argument is without merit, and Sean's § 1983 claims for wrongful arrest and false imprisonment must survive dismissal. Moreover, to the extent that the argument has merit, Plaintiff should be permitted to amend his Complaint to correct any deficiencies.

    **E.**     <u>**Plaintiff is Dismissing His State Law Claims Against the Officer Defendants.**</u>

Finally, Defendants advance multiple arguments for why Plaintiff's state law claims (Counts III through VII) should be dismissed. Accordingly, Plaintiff is filing a voluntary dismissal without prejudice of Counts III through VII as to the Officer Defendants concurrently with this Response.

///

///

### III. CONCLUSION

For all the foregoing reasons, dismissal of Plaintiff's § 1983 claims for wrongful arrest and false imprisonment (Counts I and II) is not appropriate as to the Officer Defendants.

**RESPECTFULLY SUBMITTED** this 19th day of December 2023.

**MILLS + WOODS LAW, PLLC**

By   */s/ Sean A. Woods*
　　　Robert T. Mills
　　　Sean A. Woods
　　　5055 N 12th Street, Suite 101
　　　Phoenix, AZ 85014
　　　*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Ryan J. McCarthy
rmccarthy@jshfirm.com
Brian J. Ripple
bripple@jshfirm.com
Justin M. Ackerman
Arcangelo S. Cella
**JONES, SKELTON & HOCHULI P.L.C.**
40 N Central Ave., Ste. 2700
Phoenix, Arizona 85004
*Attorneys for Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru and Ryan Hogan*

Taylor Allin, Esq.
Taylor.Allin@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
2231 E Camelback Rd., Ste. 200
Phoenix, Arizona 85016
*Attorneys for Defendant American Airlines Group, Inc.*

　　　　　/s/ Ben Dangerfield

11