Ryan J. McCarthy, Bar #020571
Brian J. Ripple, Bar #033997
Arcangelo S. Cella, Bar #037176
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1783
Fax: (602) 200-7878
rmccarthy@jshfirm.com
bripple@jshfirm.com
acella@jshfirm.com

Attorneys for Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru and Ryan Hogan

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett, an individual,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Benham a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple,<br><br>　　　　　　　Defendants. | No. CV-23-02425-ROS-DME<br><br>**OFFICER DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

　　　　Plaintiff's Response fails to rescue Plaintiff's deficient claims from dismissal. According to Plaintiff's own allegations, Defendants Joel Cottrell, Todd Blanc, Rudolfo Peru, and Ryan Hogan (the "Officer Defendants") received a credible report that Plaintiff had committed a felony by assaulting a flight attendant and therefore reasonably believed that there was sufficient probable cause to arrest and detain him. Plaintiff's demeanor and conduct at the time of the arrest did not dissipate probable cause, but heightened it, as he identified himself as the suspect and allegedly put his hands in the air—a universal show of surrender.

Probable cause therefore existed at the time of Plaintiff's arrest and is an absolute bar to Plaintiff's claims of false arrest and false imprisonment under 42 U.S.C. § 1983. In addition, because Plaintiff's entire argument regarding qualified immunity depends on his faulty argument regarding probable cause, it fails for the same reasons. Moreover, Plaintiff fails to meet his burden to overcome qualified immunity because he has not presented established case law on point addressing facts similar to those alleged here. Finally, the Plaintiff's group pleading fails to put the individual Officer Defendants on notice of the conduct for which Plaintiff seeks to impose liability. Accordingly, dismissal of Plaintiff's remaining claims is warranted with prejudice.

I. **PLAINTIFF CONCEDES THAT HIS RESPONDEAT SUPERIOR CLAIMS AGAINST THE CITY AND HIS STATE LAW CLAIMS AGAINST THE OFFICER DEFENDANTS MUST BE DISMISSED.**

Plaintiff's Response concedes that most of his claims are legally untenable and voluntarily dismissed them. Doc. 14. First, Plaintiff's § 1983 claims against the City were based entirely on a theory of *respondeat superior*, which the United States Supreme Court has held does not apply to a municipality. Doc. 1-1 at 12 (Compl. ¶¶ 78, 83). *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Because the City can never be vicariously liable under § 1983, these claims must be dismissed with prejudice. *See, e.g., Buelna v. Dannels*, No. CV-21-00216-TUC-SHR, 2021 WL 5013900, at *5 (D. Ariz. Oct. 27, 2021). Second, Plaintiff voluntarily dismissed his state law tort claims against the Officer Defendants because these claims are barred by the applicable statute of limitations, A.R.S. § 12-821, as well as by Plaintiff's failure to comply with Arizona's notice of claim statute, A.R.S. § 12-821.01.

Because these defects cannot be remedied by amendment, dismissal on these grounds must also be with prejudice. *See Crick v. City of Globe*, 606 F. Supp. 3d 912, 918 (D. Ariz. 2022) ("[A] dismissal due to a failure to comply with the notice of claim statute is a dismissal 'with prejudice'"); *Copeland v. Ariz. Veterans Mem'l Coliseum & Exposition Ctr.*, 176 Ariz. 86, 88 (App. 1993) ("Because the statute of limitations had expired in [the month before the court's order dismissing the action without prejudice], however, the order effectively dismissed the action with prejudice); *Peters v. M & O Const., Inc.*, 119 Ariz. 34, 37 (App. 1978)

("[T]he statute of limitations had run and the trial court properly dismissed the action with prejudice").

## II. THE OFFICER DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE THEY HAD PROBABLE CAUSE TO ARREST AND DETAIN PLAINTIFF.

No matter how Plaintiffs attempt to articulate their own allegations, the inescapable fact is that the Officer Defendants had probable cause to arrest Plaintiff based on the Complaint's allegations of multiple reports that Plaintiff assaulted flight crew. According to the allegations of the Complaint, the Officer Defendants had received two reports before responding—one from a flight crew member present on the plane and another from an American Airlines aviation dispatcher—both of which confirmed that Plaintiff assaulted flight crew.[1] [*See* Doc. 1-1 Ex. A (Compl.) ¶¶ 27, 29]. Plaintiff's own allegations make clear that the reports both informed the Officer Defendants that Plaintiff was physically fighting with flight crew and that they needed to "step it up" to respond immediately. Based on these reports, a reasonably prudent person in the Officer Defendants' position would have concluded that there was more than a fair probability that Plaintiff, once identified, had in fact committed a crime. *See United States v. Rowland*, 464 F.3d 899, 908 (9th Cir. 2006) (among indicia of reliability of informant's tip are known identity of informant, personal knowledge of the criminal activity, and absence of motive to fabricate). *See also* 49 U.S.C. § 46504 (criminal liability for "assaulting or intimidating a flight crew member or flight attendant"); A.R.S. §§ 13-1203 (assault); A.R.S. § 13-1204 (aggravated assault). Thus, the Officer Defendants needed no additional information to justify an arrest once Plaintiff identified himself as the perpetrator. *See infra.* In addition, as the Officer Defendants pointed out in their Motion, it is immaterial that Plaintiff pleads the Officer Defendants *later* learned that the reports of an altercation were allegedly false because, according to the allegations of the Complaint, they were unaware this was the case *at the time of the arrest. See Miller v. City of Scottsdale*, 88 F.4th 800, 804 (9th Cir. 2023)

---

[1] That the dispatcher's report may have been hearsay is immaterial to the probable cause analysis. *See Hart v. Parks*, 450 F.3d 1059, 1065–66 (9th Cir. 2006) ("[P]robable cause may be founded upon hearsay") (citation omitted).

3

(probable cause based on "totality of the circumstances known to the officers at the time of arrest") (citation omitted).

As alluded to above, and contrary to Plaintiff's contentions, his alleged conduct in the terminal when the Officer Defendants arrived strengthened their probable cause to arrest, rather than dissipated it, *because he allegedly identified himself as the suspect*. Plaintiff alleges that, when he saw the Officer Defendants, he raised his arms and identified himself as the one that they were looking for, effectively turning himself in. *See* Doc. 1-1 Ex. A (Compl.) ¶¶ 35–36. The probable cause established early in the investigation therefore was not dissipated by additional facts decreasing the likelihood that Plaintiff engaged in a crime. *Contrast Nicholson v. City of Los Angeles*, 935 F.3d 685, 691 (9th Cir. 2019) (probable cause dissipated when it became apparent that suspects were not engaged in criminal activity and that one of them was a victim rather than a suspect); *United States v. Lopez*, 482 F.3d 1067, 1074 (9th Cir. 2007) (probable cause may dissipate where description of suspect is met with "disparities which suggested that [arrestee] was *not* the sought-after suspect") (emphasis added). Instead, it was Plaintiff himself who provided the final piece of information **_solidifying_** probable cause by allegedly identifying himself as the person who was reported to have assaulted flight crew and allegedly turning himself over. Probable cause therefore existed, and Plaintiff's claims of false arrest and unlawful detention must be dismissed. *See Hutchinson v. Grant*, 796 F.2d 288, 290 (9th Cir. 1986); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).

Therefore, it also does not matter that Plaintiff's Complaint alleges that his demeanor was calm and cooperative as he was being arrested. Because a reasonable officer would not have had cause to disbelieve the reports that Plaintiff had committed a crime based on his allegedly turning himself in, his doing so calmly did not negate the Officer Defendants' probable cause to arrest him.[2]

---

[2] The case law upon which Plaintiff relies dealt with more definite circumstances negating probable cause than Plaintiff points to here and is readily distinguishable from the facts alleged in the Complaint. *See, e.g., Merriman v. Walton*, 856 F.2d 1333, 1334–35 (9th Cir. 1988) (by the time of arrest, victim of alleged kidnapping had returned home under circumstances drawing into question whether she had really been kidnapped, and alleged kidnapper had called police and offered himself for questioning, later volunteering his version of events over the phone); *Merritt v. Ariz.*, 425 F. Supp. 3d 1201, 1213 (D. Ariz. 2019) (officers were aware at

4

Finally, Plaintiff's only basis for challenging qualified immunity is his argument that probable cause did not exist based on his own allegations. [Doc. 13 at 8]. But because the Officer Defendants had probable cause based on the reports of the altercation and Plaintiff's conduct at the terminal, both of Plaintiff's arguments fail. In addition, none of Plaintiff's authority even remotely come close to clearly established law with sufficiently similar facts and circumstances to defeat the Officer Defendants' entitlement to qualified immunity.[3] *See District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018); *Moore v. Garnand*, 83 F.4th 743, 753 (9th Cir. 2023); *Ventura v. Rutledge*, 978 F.3d 1088, 1091 (9th Cir. 2020). Accordingly, dismissal of Plaintiff's § 1983 claims for false arrest and imprisonment against the Officer Defendants is independently appropriate for this reason as well.

### III. PLAINTIFF'S IMPERMISSIBLE GROUP PLEADING FAILS TO STATE A CLAIM.

Finally, if Plaintiff's § 1983 claims somehow survive the foregoing, which they do not, Plaintiff's response acknowledges that the Complaint does not identify which officer Plaintiff alleges hit him or differentiate among any of the alleged acts of the "Defendants." This group pleading fails to state a § 1983 claim against any Officer Defendant. *See Minch v. Ariz. State Bd. Of Nursing*, No. CV-17-2525, 2017 WL 5496156, at *1 (D. Ariz. Nov. 16, 2017) ("A plaintiff may not collectively accuse multiple defendants of committing misdeeds through the expedience of the title 'Defendants.' Such group pleading fails to comply with Rule 8(a)(2). Plaintiff fails to make clear in the Amended Complaint precisely who these Defendants are and what actions by which Defendant give rise to liability under § 1983"). Thus, Plaintiff's Complaint fails to put the Officer Defendants on notice of the specific conduct alleged as to each of them and fails to state a § 1983 claim against any of them. Dismissal is appropriate for

---

time of arrest that arrestee's gun was in a pawn shop at the time of shooting and thus that it could not have been the weapon involved).

[3] *See* Doc. 13 at 8–9 (citing *Michigan v. Summers*, 452 U.S. 692, 700 (1981); *Thomas v. Carroll*, 407 F. App'x 142, 143 (9th Cir. 2010); *Ditsler v. Hernandez*, 225 F. App'x 499, 501 (9th Cir. 2007); *United States v. Ortiz-Hernandez*, 427 F.3d 567, 574 (9th Cir. 2005); *Figaro v. City of San Luis Obispo*, 130 F. App'x 859, 861 (9th Cir. 2005); *Graves v. City of Coeur D'Alene*, 339 F.3d 828, 840 (9th Cir. 2003); *Knox v. Sw. Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997); *Kennedy v. Los Angeles Police Dep't*, 901 F.2d 702, 706 (9th Cir. 1989); *Alvarado v. United States*, No. CV 14-2066, at *7 (D. Ariz. Mar. 19, 2015); *Theilen v. Maricopa Cty.*, No. CV-09-02603, at *4–5 (D. Ariz. Apr. 28, 2010)).

this reason as well. Because the Officer Defendants had probable cause to arrest and detain Plaintiff and are immune from suit, *see supra*, amendment to address the group pleading would be futile. Dismissal therefore should be with prejudice.

**IV.     CONCLUSION**

For the foregoing reasons and those stated in the Motion to Dismiss, the Officer Defendants respectfully request that the Court dismiss all remaining counts of the Complaint (Counts I and II) against them, with prejudice. This, when combined with Plaintiff's stipulated dismissal, should result in the dismissal of all of Plaintiff's claims against Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru and Ryan Hogan with prejudice.

DATED this 16th day of January, 2024.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ Arcangelo S. Cella
　　Ryan J. McCarthy
　　Brian J. Ripple
　　Arcangelo S. Cella
　　40 N. Central Avenue, Suite 2700
　　Phoenix, Arizona 85004
　　Attorneys for Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru and Ryan Hogan

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of January, 2024, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Sean A. Woods
Robert T. Mills
Mills & Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Attorneys for Plaintiff

Taylor Allin
Wilson Elser Moskowitz Edelman & Dicker LLP
401 West A St., Ste. 1900
San Diego, CA 92101A
Attorney for Defendant American Airlines, Inc.


/s/Karen Gawel