Patrick J. Kearns, Esq. (*Admitted Pro Hac Vice*)
Taylor Allin, Esq. (AZ Bar No. 031834)
**WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
2231 East Camelback Road, Suite 200
Phoenix, Arizona 85016
Telephone: (480) 562-3660
Facsimile: (480) 562-3659
Patrick.Kearns@wilsonelser.com
Taylor.Allin@wilsonelser.com

*Attorneys for Defendant American Airlines Group, Inc. d/b/a American Airlines, erroneously Sued as American Airlines, Inc., a foreign corporation*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett, an individual, | Case No. 2:23-cv-02425-ROS--DMF |
| Plaintiff, | **DEFENDANT AMERICAN AIRLINES GROUP, INC., d/b/a AMERICAN AIRLINES' MOTION FOR COURT TO RETAIN JURISDICTION** |
| vs. | |
| City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Denham, a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple; | Honorable Judge: Roslyn O. Silver  Magistrate Judge: Deborah M. Fine |
| Defendant(s). | |

Defendant American Airlines Group, Inc. ("American Airlines") hereby moves for this Court to retain jurisdiction over this litigation on the grounds that this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446. American Airlines

1

DEFENDANT AMERICAN AIRLINES GROUP, INC., D/B/A AMERICAN AIRLINES' MOTION FOR COURT
TO RETAIN JURISDICTION
Case No. 2:23-cv-02425-ROS--DMF

296402038v.1

Provides the following in support of this Motion:

### STATE COURT ACTION AND ORIGINAL REMOVAL

1. On August 11, 2023, Plaintiff filed a Complaint against American Airlines, the City of Phoenix, and multiple City of Phoenix police officers, entitled *Sean Bennett v. City of Phoenix, et al.*, in the Superior Court of Maricopa County, case number CV2023-012270 (the "State Court Action").

2. The Complaint alleged 42. U.S.C. § 1983 claims against all defendants except for American Airlines. The Complaint then alleged causes of action for negligence/gross negligence, assault, battery, false arrest and imprisonment, and intentional infliction of emotional distress against all defendants.

3. On November 20, 2023, Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru, and Ryan Hogan filed a Notice of Removal to Federal Court pursuant to 28 U.S.C. §§ 1331 and 1441(a). **Dkt. #1**.

4. On November 21, 2023, Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru, and Ryan Hogan filed a Motion to Dismiss. **Dkt. #8**.

5. On December 1, 2023, American Airlines filed its Answer. **Dkt. #9**.

6. On April 23, 2024, this Court entered an Order granting the Motion to Dismiss (**Dkt. #8**) and dismissing this action with prejudice as to all defendants except for American Airlines. **Dkt. #20**.

7. The Court invited American Airlines to seek to have the Court retain jurisdiction in this matter by preparing a Motion explaining why such jurisdiction is warranted within 10 days of the April 23, 2024 Order. **Dkt. #20**.

### GROUNDS & AUTHORITY FOR FEDERAL COURT JURISDICTION

8. Pursuant to 28. U.S.C. § 1441(a), for any civil action brought in a state court, where a district court of the United States would have original jurisdiction, a defendant may remove the action to "the district court of the United States for the district and division embracing the place where such action is pending."

9. American Airlines is now requesting the Court retain jurisdiction over this matter due to original jurisdiction pursuant to 28 U.S.C. § 1332 since Plaintiff and Defendant reside in two separate states and the amount in controversy is reasonably in excess of $75,000.

### *Citizenship of the Parties*

10. For diversity purposes, a natural person is a citizen of the state where he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1981). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001).

11. Plaintiff is a resident of the state of Alaska. **Dkt. 1-1, ¶ 1**.

12. For diversity purposes, a corporation is deemed to be a citizen of any state by which it has been incorporated, as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

13. American Airlines is a Delaware corporation with headquarters and principal place of business in Forth Worth, Texas, where its officers direct, control, and coordinate American Airline's activities, and the majority of its executive and administrative functions are performed. Thus, under 28 U.S.C. § 1332(c)(1), Defendant is a citizen of Texas and Delaware – not a citizen of Alaska.

14. Accordingly, with Plaintiff a citizen of Alaska and Defendant a citizen of Delaware and Texas, complete diversity exists between the parties.

### *Amount in Controversy*

15. An action may be removed to and remain in federal court where the defendant

establishes, by a preponderance of the evidence, that the total amount-in-controversy exceeds the jurisdictional amount. *See*, *Abrego v. Dow Chemical Co.,* 443 F. 3d 676, 683 (9th Cir. 2006); and *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.,* 465 F. 2d 489, 491 (9th Cir. 1972). If defendant shows "it is more likely than not" that the amount-in-controversy exceeds $75,000, satisfying the requirements, then the preponderance of the evidence test, is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996).

16. "Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014). "A removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn,* 936 F.3d 920, 922 (9th Cir. 2019), citing *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "[W]hen a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Arias, ibid*. In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. *Bank of Calif. v. Twin Harbors Lumber Co.*, 465 F. 2d 489, 491 (9th Cir. 1972).

17. Additionally, for purposes of evaluating the total amount in controversy, the court must presume the plaintiff will prevail on each and every one of their claims. *See, Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); and *Angus v. Shiley Inc*., 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated"). In considering the aggregate reasonable amount in controversy,

1   amounts sought for punitive damages are properly included as well. *Davenport v. Mutual*

2   *Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil*

3   *Co.*, 871 F. Supp. 332 (S.D. Iowa 1994).

4   18. Here, Plaintiff's Complaint alleges Plaintiff suffered significant damages and prays

5   for compensatory, general, special, punitive, and exemplary damages. Further, Plaintiff has

6   certified this matter qualifies for Tier 3 discovery under Ariz. R. Civ. P. 26.2. **Dkt. #1-1, ¶**

7   **13**. This means Plaintiff is claiming $300,000 or more in damages. *See* Ariz. R. Civ. P.

8   26.2(c)(3)(C).

9   19. Given the claims alleged and the averment on an official pleading that Plaintiff is

10  claiming over $300,000 in damages, the amount in controversy exceeds $75,000.

11  20. Accordingly, this Court has original jurisdiction in this action under 28 U.S.C. §

12  1332 because: (1) there is complete diversity of citizenship between the parties; and (2) the

13  amount in controversy exceeds $75,000.

### *Venue*

21. Venue lies in this Court because the action is pending in this district and division, pursuant to 28 U.S.C. § 1441(a).

### *Conclusion*

American Airlines requests that this Court retain jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 as this matter meets all the necessary qualifications to exercise diversity jurisdiction.

Respectfully submitted,

Dated: May 3, 2024

By:   */s/Taylor Allin*
      Patrick J. Kearns, Esq.
      Taylor Allin, Esq.
      Attorney for Defendant, American Airlines
      Group, Inc. d/b/a American Airlines

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed and served this 3rd day of May, 2024, using this Court's CM/ECF filing system which will electronically transmit a copy to all counsel of record.

By:   */s/ Taylor Allin*