# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett,<br><br>        Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>        Defendants. | No. CV-23-2425-PHX-ROS (DMF)<br><br>**ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE** |

This matter was removed from the Maricopa County Superior Court on November 20, 2023 (Doc. 1). On April 23, 2024, the Court issued an order regarding the motion to dismiss stating:

    (2)    Defendants' Motion to Dismiss (Doc. 8) is granted.

    (3)    Defendant Denham is dismissed from this action pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

    (4)    Defendant Unknown Denham is dismissed from this action without prejudice.

    (5)    Plaintiff's state-law claims in Counts Three, Four, Five, Six, and Seven are dismissed with prejudice as asserted against Defendants Officers Cottrell, Denham, Blanc, Peru, and Hogan, for failure to comply with Arizona's Notice of Claim statute, Arizona Revised Statutes § 12-821.01(A).

    (6)    Counts One and Two are dismissed because Defendants are entitled to qualified immunity as to those claims.

(7) Because there are no remaining claims against them, Officers Cottrell, Denham, Blanc, Peru, and Hogan are dismissed from this action without prejudice.

(8) If Plaintiff or Defendant American Airlines seek to have the Court continue to exercise supplemental jurisdiction over the state-law claims in this action, Plaintiff or Defendant must file a Motion explaining why such jurisdiction is warranted within 10 days of the date of this Order.

(9) If neither Party files such a Motion within 10 days of the date of this Order, the Clerk of the Court must remand this action to Maricopa County Superior Court.

(Doc. 20 at 12). On May 3, 2024, Defendant American Airlines filed a Motion for Court to Retain Jurisdiction (Doc. 21). Plaintiff filed a response of no opposition to the motion on May 17, 2024 (Doc. 22). On July 15, 2024, the Court granted the motion stating that the "Court maintains jurisdiction over the state-law claims in this action" (Doc. 23 at 1). Defendant American Airlines filed an answer on December 1, 2023 (Doc. 9).

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Telephonic Case Management Conference is set for **August 12, 2024, at 10:30 a.m.** in courtroom 303, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151. Counsel will receive dial-in instructions via separate electronic communication. In preparation for this Telephonic Case Management Conference,

**IT IS HEREBY ORDERED** as follows:

A. Rule 26(f) Meeting and Case Management Report.

**The parties are directed to meet and confer at least ten (10) days before the Case Management Conference as required by Federal Rule of Civil Procedure 26(f).** At this meeting the parties shall develop a joint Case Management Report which contains the information called for in section C below.

**The parties shall jointly file the Case Management Report with the Clerk not less than seven (7) days before the Case Management Conference.** It is the responsibility of Plaintiff to initiate the Rule 26(f) meeting and preparation of the joint Case Management Report. Defendant American Airlines shall promptly and cooperatively

participate in the Rule 26(f) meeting and assist in preparation of the Case Management Report.

B.  <u>Relevant Considerations</u>.

The parties should be familiar with amendments to the Federal Rules of Civil Procedure that went into effect on December 1, 2015, and with the advisory committee notes to those amendments. The parties should be aware that the Rule 26(b)(1) scope of discovery has been changed, that proportionality is now part of the scope of discovery, and that the "reasonably calculated to lead" language has been deleted from the rule. The intent of these changes is not to deprive parties of evidence reasonably needed to prove their claims or defenses, but instead to ensure that discovery is relevant and proportional to the needs of the case.

C.  <u>Joint Case Management Report</u>.

The parties' Joint Case Management Report shall contain the following information in separately numbered paragraphs.

1.  The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report;

2.  A list of the parties in the case, including any parent corporations or entities (for recusal purposes);

3.  A short statement of the nature of the case (3 pages or less);

4.  The jurisdictional basis for the case, describing the basis for jurisdiction (see the accompanying footnote) and citing specific jurisdictional statutes;[1]

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. § 1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *See* 28 U.S.C. § 1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191

5. Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;

6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the Case Management Conference for joining parties and amending pleadings);

7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);

8. Whether the case is suitable for reference to another United States Magistrate Judge for a settlement conference;

9. The status of related cases pending before other courts or other judges of this Court;

10. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced (*see* Rules 16(b)(3), 26(f)(3));

11. A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(3), 26(f)(3));

12. A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case;

13. A discussion of necessary discovery. This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:

    a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

---

(9th Cir. 1970) (citations omitted).

        b.        Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

        c.        The number of hours permitted for each deposition. The parties should consider whether a total number of depositions hours should be set in the case, such as 30 total hours for Plaintiff and 30 total hours for Defendant. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.

14.        A statement of when the parties exchanged or will exchange Federal Rule of Civil Procedure 26(a) initial disclosures;

15.        Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):

        a.        A deadline for the completion of fact discovery;

        b.        Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

        c.        A deadline for completion of all expert depositions;

        d.        A date by which the parties shall have engaged in face-to-face good faith settlement talks;

        e.        A deadline for filing dispositive motions.

16.        Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons);

17.        The prospects for settlement, including any request of the Court for assistance in settlement efforts; and

18.        Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

The parties shall jointly file the Case Management Report with the Clerk not less than **seven (7) days** before the Case Management Conference. It is the responsibility of Plaintiff to initiate the Rule 26(f) meeting and preparation of the joint Case Management

1 Report.  Defendant American Airlines shall promptly and cooperatively participate in the
2 Rule 26(f) meeting and assist in preparation of the Case Management Report.

3 D. <u>Case Management Order</u>.

4 The Court directs counsel and any unrepresented parties to Federal Rule of Civil Procedure 16 for the objectives of the Case Management Conference.  Counsel who will be responsible for trial of the lawsuit for each party, and any party that is not represented by counsel, shall appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed.  A continuance of the Case Management Conference will be granted only for good cause.

As a result of the Case Management Conference, the Court will enter a Case Management Order.  The Court fully intends to enforce the deadlines in the Case Management Order.  The parties should plan their litigation activities accordingly.

E. <u>Other Matters</u>.

The parties are expected to comply fully with the Federal and Local Rules of Civil Procedure and to minimize the expense of discovery.  The parties should ensure that all filings comply with Local Rules of Civil Procedure 7.1 and 7.2.  In addition, in all filings, citations in support of any assertion in the text shall be included in the text, not in footnotes. The Clerk of the Court shall send copies of this order to all counsel of record and to any unrepresented parties.

**IT IS FURTHER ORDERED** that the participants at the telephonic hearing may not be in a moving vehicle, the telephonic hearing shall not be recorded or broadcasted/rebroadcasted, and all persons who can or will be able to hear the telephonic hearing shall be identified by counsel of record and any unrepresented party when counsel of record and any unrepresented party announces their appearance.

Dated this 15th day of July, 2024.

_____
Honorable Deborah M. Fine
United States Magistrate Judge