Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com

*Attorneys for Plaintiff Sean Bennett*

Patrick J. Kearns (*Admitted Pro Hac Vice*)
Taylor Allin (AZ Bar No. 031834)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
2231 East Camelback Road, Suite 200
Phoenix, Arizona 85016
Telephone: 480.562.3660
Facsimile: 480.562.3659
Patrick.Kearns@wilsonelser.com
Taylor.Allin@wilsonelser.com

*Attorneys for Defendant American Airlines Group, Inc., d/b/a American Airlines, erroneously sued herein as American Airlines, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Benham, a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple,<br><br>　　　　　Defendants. | No.: CV-23-02425-PHX-ROS (DMF)<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>(Assigned to the Honorable Roslyn O. Silver and referred to the Honorable Deborah M. Fine for all pretrial proceedings) |

Through counsel undersigned and pursuant to the Court's Order Setting Rule 16 Case Management Conference, ECF No. 24, and Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff Sean Bennett ("Plaintiff") and Defendant American Airlines Group, Inc. ("Defendant") hereby submit their Joint Case Management Report.

**1.** **Conference of the Parties:** Plaintiff and Defendant attended the Rule 26(f) meeting and assisted in developing this Report.

**2.** **Parties:** Plaintiff Sean Bennett and Defendant American Airlines Group, Inc., d/b/a American Airlines, are the sole remaining parties in this action.

**3.** **Short Statement of the Nature of the Case:**

*Plaintiff's Statement:*

On August 13, 2021, Plaintiff, a veteran, was flying from the continental United States to his summer home in Alaska. He flew from Knoxville, TN to Chicago, IL, and then to Phoenix, AZ. There, he boarded Defendant's Flight 2391, bound for Anchorage, AK.

After boarding and taking his assigned seat, a female in a dress with no identification pointed at him and told him he needed to move to a seat across the aisle, allegedly to make room for a flight attendant who was "jump-seating" to the Anchorage terminal. Sean could not hear or understand her because he was wearing headphones and she was wearing a mask. While removing his headphones to better hear her, she stormed off.

Very soon, a flight attendant arrived and began screaming at him that he needed to leave the plane immediately or the plane would have to be de-boarded. Plaintiff, not understanding what was happening, complied. A fellow veteran passenger helped him navigate off the plane, because the screaming flight attendant would not leave the aisle. With the other veteran's assistance, Plaintiff was ultimately able to navigate off the plane without touching or bumping into anyone or anything.

All the while, one of Defendant's employees onboard the plane called the Phoenix police dispatch and falsely reported that Plaintiff was physically fighting with the crew and that there was a police emergency. He or she claimed that the fight was currently underway

2

within the aircraft and that the police needed to "step it up" and respond to the alleged disturbance quickly. At no time did Plaintiff even touch, let alone fight with, anyone on the plane.

Now off the plane and in the terminal, Plaintiff was soon tackled and bear-hugged by a group of Phoenix police officers. The police injured, handcuffed, and detained him. After a brief investigation, they realized no physical altercation had occurred on the plane and they released him.

After eventually finding an alternate flight to Alaska, Plaintiff was stuck there for a prolonged period with no contact with his wife and family because Defendant, upon information and belief, caused him to be added to the "no fly list." Defendant also pressed forward with charges against him for assault, and he was charged with disorderly conduct as a result. Those charges were dismissed soon after his current counsel became involved due to "no reasonable likelihood of conviction."

Plaintiff now brings claims for negligence/gross negligence, assault, battery, instigating false arrest and imprisonment, and intentional infliction of emotional distress.

***Defendant's Statement:***

Plaintiff was removed from the subject aircraft after displaying disruptive, noncompliant, and increasing volatile behavior toward the flight crew and other passengers—including, but not limited to, refusing to wear his mask his accordance with the COVID-19 mandate, not sitting in his pre-selected/purchased seat, arguing with flight attendants, shouting profanity, and making comments about killing people. Ultimately, the Captain and crew determined Plaintiff posed a risk to the overall safety of the flight and needed to be removed. Because of Plaintiff's alarming behavior, law enforcement was dispatched for assistance with removing Plaintiff from the aircraft. Upon information and belief, following his removal from the flight, Plaintiff encountered law enforcement officers approaching the gate, turned his threatening behavior toward the investigating officers, and was necessarily arrested.

Defendant American Airlines denies that it was negligent or violated any duty of care towards Plaintiff, and further denies that any of its employees assaulted or battered Plaintiff. Defendant also denies liability for its alleged statements to law enforcement, and denies that it is vicariously liable the alleged actions of law enforcement officers. Furthermore, Defendant asserts the affirmative defenses of comparative negligence on Plaintiff's end, no duty of care with respect to the alleged incident, no breach or causation, Plaintiff's assumption of risk, and Plaintiff's failure to mitigate.

4. **Jurisdiction:** The District of Arizona has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of parties and the amount in controversy exceeds $75,000.00. Plaintiff is a resident of Alaska. (Pl.'s Compl. ¶ 1, ECF No. 1-1.) Defendant is a Delaware corporation with headquarters and principal place of business in Fort Worth, Texas, where its officers direct, control, and coordinate Defendant's activities, and where the majority of its executive and administrative functions are performed. (Df.'s Mot. Ct. Retain Juris. ¶ 13, ECF No. 21.) Under 28 U.S.C. § 1332(c)(1), Defendant is a citizen of Texas and Delaware. Thus, there is complete diversity among the parties.

As to the amount in controversy – here, Plaintiff's Complaint alleges Plaintiff suffered significant damages and prays for compensatory, general, special, punitive, and exemplary damages. (Pl.'s Compl. 14:20-15:1, ECF No. 1-1.) Further, Plaintiff has certified this matter qualifies for Tier 3 discovery under Arizona Rule of Civil Procedure 26.2. (*Id.* ¶ 13.) This means Plaintiff is claiming $300,000 or more in damages. (*See* Ariz. R. Civ. P. 26.2(c)(3)(C).) Thus, the amount in controversy exceeds $75,000.00. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5. **Service and Appearances:** Defendant has been served and appeared in the case.

6. **Amended Pleadings/Additional Parties:** The parties do not anticipate adding parties to the case or amending their pleadings at this time, but reserve the right to do so in accordance with the deadline to be set by the Court.

4

7. **Contemplated Motions:** At present, the parties are unaware of what motions they contemplate making in the future. However, Defendant contemplates bringing a motion for summary judgment as to all remaining causes of action asserted in the Complaint, within the time specified under Rule 56 of the Federal Rules of Civil Procedure or as otherwise ordered by this Court. The potential issues to be decided are not fully known since discovery is just beginning, but Defendant anticipates the issues will, at least, include that there is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law because: (i) the discretion of whether to grant or refuse transport of a passenger due to safety and security reasons is exclusively granted to air carriers pursuant to federal law and regulations; (ii) statements to law enforcement are absolutely privileged under Arizona law and cannot give rise to the civil claims Plaintiff is asserting against Defendant; and (iii) liability for the alleged conduct of law enforcement officers or damages caused thereby cannot be imputed to Defendant.

8. **Settlement Conference with Another U.S. Magistrate Judge:** Should the parties become interested in exploring settlement options, a private third-party neutral should suffice. The parties do not anticipate needing a Magistrate's assistance on settlement efforts.

9. **Related Cases:** No other related cases are pending before other courts or other judges of the District of Arizona.

10. **Discussion of ESI/Discovery Issues:** The parties plan to make their disclosures electronically, via PDF documents and RAW files. This is not a case with complex ESI issues. Therefore, an in-depth ESI protocol should not be required.

Depending on the nature and scope of Plaintiff's discovery requests, advance approval from the Transportation Security Administration ("TSA") may be required, in addition to a protective order, prior to Defendant's disclosure of certain security-sensitive materials and/or confidential or proprietary business records.

11. **Issues of Privilege or Work Product:** At present, there are not yet any issues between the parties relating to claims of privilege or work product.

5

**12.     Attorney-Client or Work Product Waiver:** At present, the parties do not anticipate that an order under Rule 502(d) of the Federal Rules of Evidence is warranted in this case.

**13.     Necessary Discovery:**

Plaintiff anticipates that he will seek discovery of many categories of evidence, most of which are currently in the possession of Defendant such as: video footage; audio recordings; personnel records; written or electronic communications including emails, messaging platforms, or otherwise; Defendants' policies and procedures relating to assigning passenger seating, seating its employees, denying passenger seating, removing passengers from flights, interacting with passengers, escalation and de-escalation of force with respect to passengers, reporting incidents to law enforcement, pressing charges against passengers, and reporting passengers to federal authorities; deposition testimony; and, expert witness opinions and testimony. Such discovery is not overly burdensome and is certainly proportional to the needs of this case where Plaintiff is bringing claims for negligence/gross negligence, assault, battery, instigating false arrest and imprisonment, and intentional infliction of emotional distress against Defendant.

Defendant will seek discovery from Plaintiff regarding his liability and damages allegations and contentions regarding the subject incident. Defendant intends to depose Plaintiff, witnesses to the subject incident, any treating physicians identified by Plaintiff, and/or other witnesses relevant to Plaintiff's alleged damages. Defendant will seek to obtain the relevant records from Phoenix Police Department including reports, body cam footage, and witness interviews related to Plaintiff's interaction with law enforcement officers on the date of the incident. If warranted, Defendant will subpoena records from other sources identified through discovery. The discovery intended is proportional to the needs in this case as it directly relates to Plaintiff's allegations against Defendant.

The parties agree that the number of hours for each deposition shall be in accordance Rule 30 of the Federal Rules of Civil Procedure. The parties propose that the total number of deposition hours be limited to 45 hours per side.

**14.**   **Rule 26(a) Disclosures:** The parties will exchange Federal Rule of Civil Procedure 26(a) initial disclosures no later than August 30, 2024.

**15.**   **Proposed Dates:** The parties propose the following specific deadlines and dates (which are on Fridays except where impracticable):

   a. February 28, 2025, for the completion of fact discovery;

   b. March 28, 2025, for full and complete expert disclosures by the Plaintiff under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

   c. April 18, 2025, for full and complete expert disclosures by the Defendant under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

   d. May 9, 2025, for disclosures of any rebuttal experts and/or rebuttal disclosures;

   e. June 6, 2025, for completion of all expert depositions;

   f. July 11, 2025, to engage in face-to-face good faith settlement talks, and;

   g. August 1, 2025, to file dispositive motions.

**16.**   **Jury Trial:** The parties request a jury trial.

**17.**   **Settlement Prospects:** The prospects for settlement are unknown at this early stage of the case. However, should the parties become interested in exploring settlement options, a private third-party neutral should suffice. The parties do not anticipate needing the Court's assistance on settlement efforts.

**18.**   **Other Efficiency Matters:** At present, the parties are not aware of any other matters that will aid the Court and them in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

///
///
///
///
///
///

**RESPECTFULLY SUBMITTED** this 2nd day of August 2024.

         **MILLS + WOODS LAW, PLLC**

         By */s/ Sean A. Woods*
           Robert T. Mills
           Sean A. Woods
           5055 N 12th Street, Suite 101
           Phoenix, AZ 85014
           *Attorneys for Plaintiff, Sean Bennett*

         **WILSON, ELSER, MOSKOWITZ,**
          **EDELMAN & DICKER LLP**

         By */s/ Patrick J. Kearns (w/ permission)*
           Patrick J. Kearns
           Taylor Allin
           2231 E Camelback Rd., Ste. 200
           Phoenix, Arizona 85016
           *Attorneys for Defendant American Airlines Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Patrick J. Kearns, Esq.
Patrick.Kearns@wilsonelser.com
Taylor Allin, Esq.
Taylor.Allin@wilsonelser.com
Sarena Kustic, Esq.
Sarena.Kustic@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
katelyn.kingsley@wilsonelser.com
ashlynn.robbins@wilsonelser.com
Meagan.tharp@wilsonelser.com
2231 E Camelback Rd., Ste. 200
Phoenix, Arizona 85016
*Attorneys for Defendant American Airlines Group, Inc.*

  */s/ Ben Dangerfield*