IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>　　　　　　Defendants. | No. CV-23-2425-PHX-ROS (DMF)<br><br>**CASE MANAGEMENT ORDER** |

On August 12, 2024, a Telephonic Case Management Conference was held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties met before the conference in accordance with Rule 26(f) and prepared a Case Management Report (Doc. 25). On the basis of the Telephonic Case Management Conference and the Case Management Report,

**IT IS HEREBY ORDERED:**

1. <u>Deadline for Initial Disclosures</u>. Initial disclosures required by Federal Rule of Civil Procedure 26(a) shall be exchanged no later than **August 30, 2024**.

2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>. Motions to join parties, amend pleadings, and file supplemental pleadings shall be filed promptly and no later than **60 days** from the date of this Order. Discovery and other litigation matters shall proceed on the operating complaint pending decision by the Court as to whether a motion for leave to amend or motion to add/substitute parties will be granted.

3. <u>Discovery Limitations</u>.  Depositions shall be limited to seven (7) hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure.  Each side may propound up to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts.

4. <u>Fact Discovery</u>.  The deadline for completing fact discovery, including discovery by subpoena, shall be **February 28, 2025**.  To ensure compliance with this deadline, the following rules shall apply:

    a. Depositions:  All depositions shall be scheduled to commence at least **five working days** prior to the discovery deadline.  A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

    b. Written Discovery:  All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the discovery deadline.

    c. The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

    d. Special Provisions Regarding Rule 34 Responses:  Objections to Rule 34 document production requests shall be stated with specificity; general or boilerplate objections are not permitted.  Document production in response to a Rule 34 request must be completed no later than the time specified in the request or another reasonable time specified in the response.  An objection to a Rule 34 request must state whether any responsive materials have been withheld on the basis of that objection.

5. <u>Expert Disclosures and Discovery</u>.

    a. Plaintiff shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **March 28, 2025**.

      b.      Defendant shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **April 18, 2025**.

      c.      Rebuttal expert disclosures, if any, shall be made no later than **May 9, 2025**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

      d.      Expert depositions shall be completed no later than **June 6, 2025**. As with fact witness depositions, expert depositions shall be scheduled to commence at least five working days before the deadline.

      e.      Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify. The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[1]

      f.      As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates. The Court notes, however, that it usually

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id*. at 826. Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id*. For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

permits parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts. Counsel should depose experts with this fact in mind.

    g. Each side shall be limited to one retained or specially employed expert witness per issue.

   6. <u>Discovery and Disclosure Disputes</u>.

    a. Except during a deposition, if a discovery or disclosure dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file a "**Motion for Resolution of Discovery/Disclosure Dispute**" containing (1) a brief written summary of the dispute, not to exceed two pages per side, with an explanation of the position taken by each side; and (2) a joint written certification that counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure (LRCiv) 7.2(j) and have reached an impasse (if the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation). **The parties shall not otherwise file motions regarding discovery or disclosure disputes without leave of the Court.** Upon review of the filed written summary of the dispute, the Court may set a telephonic conference, order additional briefing, and/or decide the dispute without conference or briefing. If a discovery/disclosure dispute arises in the course of a deposition and it is believed that an immediate ruling of the Court is appropriate—a circumstance that should be exceedingly rare—the parties shall jointly contact the Court telephonically at 602-322-7630 and shall send an email to fine_chambers@azd.uscourts.gov with a copy to opposing counsel.

    b. Parties shall not file a Motion for Resolution of Discovery/Disclosure Dispute or contact the Court concerning a discovery or disclosure dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any additional briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

c. Parties shall promptly attempt to resolve discovery and disclosure disputes and shall promptly bring unresolved discovery and disclosure disputes to the Court's attention. Absent extraordinary circumstances, the Court will not entertain fact discovery and disclosure disputes later than **30 days** after the deadline for completion of fact discovery and will not entertain expert discovery and disclosure disputes later than **30 days** after the deadline for completion of expert discovery.

7. Dispositive Motions.

a. Dispositive motions, including *Daubert* motions,[2] shall be filed no later than **August 1, 2025**. Such motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules.

b. No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of court.

c. The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion or response pursuant to Local Rule of Civil Procedure 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

8. Good Faith Settlement Talks. All parties and their counsel shall meet and engage in good faith settlement talks no later than **July 11, 2025**. The good faith settlement talks may be in person, by video-teleconference, or by telephone if video-teleconference is not reasonably available. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held. In the report or earlier, the parties shall indicate whether they seek referral to a United

---

[2] Evidentiary motions made under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

- 5 -

States Magistrate Judge to conduct a settlement conference. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

9. <u>Briefing Requirements</u>.

   a. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

   b. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

10. <u>Deadline for Notice of Readiness for Pretrial Conference</u>. The Plaintiff shall notify the Court that the parties are ready for scheduling a Final Pretrial Conference pursuant to Rule 16(e). The Plaintiff shall file and serve this notice within **ten (10)** days after the dispositive motion deadline if no dispositive motions are pending on that date. If dispositive motions are pending, Plaintiff shall file and serve such notice within **ten (10)** days after the resolution of dispositive motions. The District Judge assigned to this matter will then issue an Order Setting Final Pretrial Conference that (a) sets deadlines for briefing motions in limine, (b) includes a form for the completion of the parties' joint proposed Final Pretrial Order, and (c) otherwise instructs the parties concerning their duties in preparing for the Final Pretrial Conference. The District Judge will set a firm trial date at the Final Pretrial Conference.

11. <u>The Deadlines Are Firm</u>. **The parties are advised that the Court intends to enforce the deadlines set forth in this Order and should plan their litigation activities accordingly.** Any motion to continue any deadline shall include in the motion a statement regarding whether and which of the other deadlines would be affected if the motion were granted and shall contain the proposed new deadlines. The Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

12. <u>Requirement for Paper Courtesy Copies</u>. A paper courtesy copy of dispositive motions and any responses or replies thereto shall be either mailed to the judge or hand-delivered *to the judge's mailbox* located in the courthouse **within three business**

1 **days of the electronic filing – the paper copy should be printed from the Court's**
2 **electronic system so that it has the Court's filing system document number and page**
3 **numbers.**  Please do not attempt to deliver documents to the Judge's chambers.  Courtesy
4 copies of documents too large for stapling must be bound with a metal prong fastener at
5 the top center of the document or submitted in three-ring binders.
6       Dated this 12th day of August, 2024.

_____
Honorable Deborah M. Fine
United States Magistrate Judge