Ryan J. McCarthy, Bar #020571
Brian J. Ripple, Bar #033997
Arcangelo S. Cella, Bar #037176
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1783
Fax: (602) 200-7878
rmccarthy@jshfirm.com
bripple@jshfirm.com
acella@jshfirm.com

Attorneys for Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru and Ryan Hogan

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Benham a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple,<br><br>    Defendants. | No. CV-23-02425-ROS-DME<br><br>**CITY OF PHOENIX AND OFFICER DEFENDANTS' MOTION FOR RULE 54(b) JUDGMENT**<br><br>Honorable Judge: Roslyn O. Silver<br>Magistrate Judge: Deborah M. Fine |

Defendants City of Phoenix (the "City") and Defendants Joel Cottrell, Todd Blanc, Rudolfo Peru and Ryan Hogan (the "Officer Defendants") respectfully request that this Court enter a final judgment dismissing the claims against them with prejudice pursuant to Federal Rule of Civil Procedure 54(b). The Court granted the City and the Officer Defendants' Motion to Dismiss (the "Motion"), but claims against Defendant American Airlines, Inc. ("American") remain pending. Because the claims against American are enforceable separately

from the adjudicated claims and there is no just reason for delay, a Rule 54(b) judgment is proper.

I.     **BACKGROUND**

Plaintiff's claims stem from injuries he allegedly sustained after American personnel asked him to disembark a flight and the Officer Defendants arrested him in the terminal and detained him for a short period. Doc. 1-1 at 6–9. Plaintiff alleged that he disembarked peacefully, but that a flight attendant falsely reported to police dispatch that he was fighting with flight crew and that there was a police emergency. Doc. 1-1 at 5–7. He also alleged that, after exiting the plane, he waited peacefully in the terminal and, when he saw the Officer Defendants arrive, turned himself over. Doc. 1-1 at 7–8. He further alleged that the Officer Defendants nevertheless arrested him and placed him in an airport holding cell. Doc. 1-1 at 8. Finally, he alleged that, once the Officer Defendants were able to conduct an investigation, they discovered that the report to dispatch had been false and released him. Doc. 1-1 at 9.

Plaintiff asserted two counts of liability against the City and the Officer Defendants under 42 U.S.C. § 1983. Doc. 1-1 at 10–12. The only basis for these claims against the City was *respondeat superior*. Doc. 1-1 at 10–12. Plaintiff also alleged various state law tort claims against the City, the Officer Defendants, and American. Doc. 1-1 at 12–15. The City and the Officer Defendants moved to dismiss on the grounds that *respondeat superior* did not apply against the City in the context of § 1983 claims;[1] that the Officer Defendants were entitled to qualified immunity on the § 1983 claims; and that, as to the state law tort claims, Plaintiff had failed to comply with Arizona's notice of claim statute, A.R.S. § 12-821.01(A). *See generally* Doc. 8. Plaintiff subsequently filed a notice of voluntary dismissal as to all claims against the City. The notice also purported to dismiss the state law tort claims against the Officer Defendants, but the Court construed this part of the stipulation as a partial motion to dismiss. Doc. 20 at 3.

---

[1] *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

2

On April 23, 2024, the Court entered an Order granting the Motion. Doc. 20 at 12. The Court dismissed the City, based on the notice of voluntary dismissal, without prejudice and the Officer Defendants with prejudice. Doc. 20 at 3, 12. In its holding on the State law claims against the Officer Defendants, the Court observed that dismissal for failure to comply with the notice of claim statute must be with prejudice and that, while the Court was not considering Defendants' Motion to Dismiss on this issue in light of Plaintiff's notice/motion, dismissal with prejudice was appropriate because the Officer Defendants could be prejudiced otherwise. Doc. 20 at 4.

II. **JUDGMENT IS PROPER UNDER RULE 54(B)**

There is no cause to delay entering final judgment for the City and the Officer Defendants. Rule 54(b) provides, in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Whether to enter a judgment under this subsection is left to the sound discretion of the district court. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Its function is that of "dispatcher," and it is to exercise its discretion "in the interests of sound judicial administration," taking into account "judicial administrative interests as well as the equities involved." *See id.* (citation omitted).

The United States Supreme Court has outlined a two-step analysis for district courts to follow in making Rule 54(b) determinations. *See id.* at 7. First, the district court determines whether "it is dealing with a 'final judgment,'" that is, whether it has made a "decision upon a cognizable claim for relief" that is "an ultimate disposition of an individual claim" in an action with multiple claims. *Id.* Second, the district court must determine whether there is any just reason for delay. *See id.* at 8. In deciding this question, the district court may "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such

3

that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* at 8.

The circumstances of this case and the Court's Order granting the Motion demonstrate that a Rule 54(b) judgment is appropriate under this analysis. In its Order, the Court dismissed all of Plaintiff's claims against the City and the Officer Defendants.[2] [Doc. 20 at 12.] The Court's decision therefore was rendered upon cognizable claims for relief and was the ultimate disposition of the claims against the City and the Officer Defendants. Thus, it is an appropriate final decision on which to enter a Rule 54(b) judgment.

There is also no just reason to delay entering judgment in favor of the City and the Officer Defendants. The dismissed claims against them were based on the Officers' alleged conduct in arresting and detaining Plaintiff and the City's alleged vicarious liability for the same. This is an entirely separate set of facts from those that underpin his pending claims against American, namely, the conduct of its staff in removing him from the plane and calling police dispatch. In addition, the City's and the Officer Defendants' defenses—and the Court's grounds for dismissing the Officer Defendants—apply only to municipalities and public employees, not to private parties like American. Thus, Plaintiff's claims against the City and the Officer Defendants are entirely separable from his claims against American and will not present the same issues on appeal. *See Curtiss-Wright Corp.*, 446 U.S. at 8. Moreover, by remaining in this case, the City and Officer Defendants face the ongoing costs of retaining counsel to monitor the case and are delayed in obtaining resolution when their continued presence is not necessary. As the case is in its infancy, with no trial date set on the claims against American, such delay would be onerous and unjust. Administrative and equitable

---

[2] Moreover, while the Court's Order dismissed the claims against the City without prejudice based on Plaintiff's notice, dismissal with prejudice is appropriate (1) because the § 1983 claims were premised on *respondeat superior*, which does not apply to a municipality in this context, *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); and (2) because Plaintiff failed to comply with Arizona's notice of claim statute, A.R.S. § 12-821, with respect to his State law claims against the City, which are now barred by the one-year statute of limitations applicable to public entities, A.R.S. § 12-821.01. *See* Doc. 17 at 1–2. With respect to the State law claims against the City, the same reasoning as the Court employed to dismiss those claims against the Officer Defendants with prejudice applies, even though its holding as to the City, like that regarding the Officer Defendants, was not based on Defendants' Motion to Dismiss. *See* Doc. 20 at 4.

4

concerns therefore weigh in favor of a final Rule 54(b) judgment in favor of the City and Officer Defendants, and there is no just reason for delay. *See id.*

### III. <u>CONCLUSION</u>

For the foregoing reasons, the City and the Officer Defendants respectfully request that the Court enter final judgment in their favor dismissing Plaintiff's claims against the City and the Officer Defendants with prejudice pursuant to Rule 54(b) and the Court's Order on the Motion.[3] A proposed form of judgment is filed herewith.

DATED this 25th day of September, 2024.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/Arcangelo S. Cella
Ryan J. McCarthy
Brian J. Ripple
Arcangelo S. Cella
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru and Ryan Hogan

---

[3] *See supra* note 2.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2024, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.


/s/Karen Gawel

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Benham a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple,<br><br>        Defendants. | No. CV-23-02425-ROS-DME<br><br>**FINAL RULE 54(b) JUDGMENT** |

   The Court's April 23, 2024 Order (Doc. 20) granted the Motion to Dismiss (Doc. 8) filed by Defendants the City of Phoenix (the "City"), Joel Cottrell, Todd Blanc, Rudolfo Peru, and Ryan Hogan.

   **THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED**

   (1) dismissing the City from this action with prejudice;

   (2) dismissing with prejudice Plaintiff's state-law claims in Counts Three, Four, Five, Six, and Seven as asserted against Officers Joel Cottrell, Todd Blanc, Rudolfo Peru, and Ryan Hogan based on Plaintiff's failure to comply with Arizona's Notice of Claim Statute, A.R.S. § 12-821.01(A); and

   (3) dismissing with prejudice Plaintiff's claims under 42 U.S.C. § 1983 in Counts One and Two as against Officers Joel Cottrell, Todd Blanc, Rudolfo Peru, and Ryan

Hogan because these Defendants are entitled to qualified immunity as to those claims.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there is no just reason for delay, and that final judgment is entered under Fed. R. Civ. P. 54(b) in favor of the City and Officers Joel Cottrell, Todd Blanc, Rudolfo Peru, and Ryan Hogan on Plaintiff's claims against them.

DATED this _____ day of September, 2024.