Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Benham, a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple,<br><br>            Defendants. | No.: CV-23-02425-PHX-ROS (DMF)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO CITY OF PHOENIX AND OFFICER DEFENDANTS' MOTION FOR RULE 54(B) JUDGMENT**<br><br>(Assigned to the Honorable Roslyn O. Silver and referred to the Honorable Deborah M. Fine for all pretrial proceedings) |

Through counsel undersigned, Plaintiff Sean Bennett ("Plaintiff") hereby responds in opposition to the "City of Phoenix and Officer Defendants' Motion for Rule 54(b) Judgment," ECF No. 33 ("City Defendants' Motion") filed by Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru, and Ryan Hogan ("City Defendants"). City Defendants' Motion should be denied, as applicable caselaw from the Ninth Circuit and District of Arizona make clear that entry of a Rule 54(b) judgment is only appropriate in

rare or unusual situations, and to overcome harsh injustices, circumstances that are simply not present here.

"[The Ninth Circuit] has [ ] repeatedly admonished that 'Rule 54(b) should be used *sparingly*.'" *Vota v. Hobbs*, No. CV-21-01423-PHX-DWL, at *5 (D. Ariz. Nov. 2, 2022) (emphasis added) (quoting *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004)) (citing *Frank Briscoe Co., Inc. v. Morrison-Knudson Co., Inc.*, 776 F.2d 1414, 1416 (9th Cir. 1985)).  Such judgment is appropriate only in "sufficiently *unique* circumstances," not "relatively routine" ones, *see Johnson v. Brady*, No. CV-14-01875-PHX-DGC, at *3 (D. Ariz. Oct. 23, 2015) (emphasis added), and is reserved for "*unusual*" actions, *Frank Briscoe*, 776 F.2d at 1416 (emphasis added).

Because "[a] Rule 54(b) determination . . . starts the time for appeal running," *In re Lindsay*, 59 F.3d 942, 951 (9th Cir. 1995), such determinations are "scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units," *Source Capital Funding Inc. v. Barrett Fin. Grp.*, No. CV-23-02113-PHX-DWL, at *3 (D. Ariz. June 10, 2024) (quoting *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991)); *see also Martinelli v. Petland, Inc.*, No. CV-09-529-PHX-DGC, at *2 (D. Ariz. Apr. 7, 2010) ("[Rule 54(b)] was not meant to displace the 'historic federal policy against piecemeal appeals.'" (quoting *Gausvik v. Perez*, 392 F.3d 1006, 1009 n. 2 (9th Cir. 2004))). Accordingly, "[j]udgment under Rule 54(b) is not appropriate in routine cases where the risk of 'multiplying the number of proceedings and of overcrowding the appellate docket' outweighs the 'pressing needs of the litigants for an early judgment.'" *Johnson*, No. CV-14-01875-PHX-DGC, at *2 (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

2

(9th Cir. 1981) (citing *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987)).

Granting City Defendants' Motion and entering Rule 54(b) judgment for City Defendants would compel Plaintiff, out of necessity, to file an immediate appeal of the Court's dismissal of his claims against them.  That appeal would proceed in the Ninth Circuit at the same time Plaintiff's claims against American Airlines, Inc. ("Defendant Airlines"), the remaining Defendant herein, continued to proceed in this Court, the likely outcome of the latter being another appeal to the Ninth Circuit by one or both parties.  In other words, entry of a Rule 54(b) judgment at this time would very likely result in just the sort of piecemeal appeals, multiplicity of proceedings, and overcrowding of the appellate docket warned of in the above caselaw.  *See, e.g.*, *Johnson*, No. CV-14-01875-PHX-DGC, at *2.

"Similarity of . . . factual issues [in the adjudicated and unadjudicated claims] weigh[s] heavily against" entry of Rule 54(b) judgment.  *Villa v. Collins Court Apartments*, No. CV-18-03332-PHX-MTL, at *16 (D. Ariz. Feb. 10, 2020) (quoting *Frank Briscoe*, 776 F.2d at 1416); *see also First Amendment Coal. of Ariz., Inc. v. Ryan*, No. CV-14-01447-PHX-NVW, at *2 (D. Ariz. Aug. 10, 2016) (denying Rule 54(b) motion because, inter alia, Plaintiff's separate legal claims involved common and intersecting facts)).  Here, City Defendants' arguments to the contrary, Plaintiff's dismissed claims against City Defendants and his remaining claims against Defendant Airlines involve similar, common, and intersecting facts.  The claims against Defendant Airlines are for false reports made to police dispatch that caused City Defendants to arrest, injure, and detain him at the airport,

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

and the claims against City Defendants are for that same arrest, injury, and detention.  The factual issues are similar, common, and intersecting because the facts underlying Defendant Airlines' false reporting to police are the same facts underlying City Defendants' purported grounds for arresting and detaining Plaintiff (which directly affect their qualified immunity and probable cause defenses).  In fact, because of that significant factual overlap, in its recently-served Initial Disclosure Statement Plaintiff listed each of the individual officer Defendants as persons likely to have discoverable information regarding its claims against Defendant Airlines.  Such factual similarities "weigh[s] heavily against" entry of Rule 54(b) judgment.  *See, e.g.*, *Frank Briscoe*, 776 F.2d at 1416.

Keeping in mind "[t]he dangers of profligate Rule 54(b) determinations," *see In re Lindsay*, 59 F.3d at 951, Rule 54(b) certification should be supported by a "***seriously*** important reason," *see Wood v. GCC Bend, LLC*, 422 F.3d 873, 882-83 (9th Cir. 2005) (emphasis added).  It "is appropriate only to avoid harsh and unjust results."  *Johnson*, No. CV-14-01875-PHX-DGC, at *2 (citing *Morrison-Knudsen*, 655 F.2d at 965).  "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification."  *Vota*, No. CV-21-01423-PHX-DWL, at *4 (quoting *First Amendment Coal.*, 2016 WL 4236373, *1.  That party must "show[] a ***pressing need*** for entry of a final judgment," *see Johnson*, No. CV-14-01875-PHX-DGC, at *3 (emphasis added) (citing *Morrison-Knudsen*, 655 F.2d at 965), and "'a bare desire for certainty and finality' by one prevailing defendant in multi-defendant litigation 'is not the sort of pressing need that courts have found sufficient to justify certification under Rule 54(b),'"

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

*Source Capital Funding*, No. CV-23-02113-PHX-DWL, at *4 (quoting *Mi Familia Vota v. Hobbs*, 2022 WL 16636832, *5 (D. Ariz. 2022))."

Here, apart from the vague concern that a delay in entering final judgment in their favor would be "onerous and unjust," *see* City Defs.' Mot. 4:22 – which is just the sort of "bare desire for certainty and finality" that does ***not*** qualify as "the sort of pressing need . . . sufficient to justify certification," *see Source Capital Funding*, No. CV-23-02113-PHX-DWL, at *4 – the only concrete grounds set forth by City Defendants to support the relief they seek is that they "face the ongoing costs of retaining counsel to monitor the case . . . ," *see* City Defs.' Mot. 4:19-20.  Such a complaint strains credulity.  City Defendants have been dismissed from this action.   While City Defendants' counsel must technically continue to monitor the docket, it is extremely unlikely that future filings by Plaintiff or Defendant Airlines will necessitate further substantive billing activity on said counsel's part.  Frankly, City Defendants have not satisfied their burden to "show[] a pressing need for entry of a final judgment," *see, e.g.*, *Johnson*, No. CV-14-01875-PHX-DGC, at *3, and consequently entry of Rule 54(b) judgment is not appropriate.

"'Th[e] discretion [as to when to issue Rule 54(b) certification] is to be exercised "in the interest of sound judicial administration."'" *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, No. MD-09-02119-PHX-JAT, at *20 n.8 (D. Ariz. July 21, 2016) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).  "Indeed, due to its crushing caseload, the Ninth Circuit Court of Appeals simply 'cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason.'" *Gomez v. EOS CCA*, No. CV-18-02740-PHX-JAT (DMF), at *3 (D. Ariz. Aug.

12, 2020) (quoting *Wood*, 422 F.3d at 882).  Here, granting City Defendants' Motion would result in just the type of scenario the Ninth Circuit is warning courts to avoid.  Moreover, City Defendants, given the chance, have failed in their burden to articulate a reason important enough to justify that scenario – let alone, "a seriously important reason."  *See Gomez*, No. CV-18-02740-PHX-JAT (DMF), at *3.  Accordingly, the Court should deny City Defendants' Motion and decline to enter a Rule 54(b) judgment in their favor.

**RESPECTFULLY SUBMITTED** this 9th day of October 2024.

**MILLS + WOODS LAW, PLLC**

By_____/s/ Sean A. Woods_____
    Robert T. Mills
    Sean A. Woods
    5055 N 12th Street, Suite 101
    Phoenix, AZ 85014
    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Patrick J. Kearns, Esq.
Patrick.Kearns@wilsonelser.com
Taylor Allin, Esq.
Taylor.Allin@wilsonelser.com
Sarena Kustic, Esq.
Sarena.Kustic@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
titania.tessier@wilsonelser.com
katelyn.kingsley@wilsonelser.com
ashlynn.robbins@wilsonelser.com
Meagan.tharp@wilsonelser.com
2231 E Camelback Rd., Ste. 200
Phoenix, Arizona 85016
*Attorneys for Defendant American Airlines*
*Group, Inc.*

Ryan J. McCarthy
rmccarthy@jshfirm.com
Brian J. Ripple
bripple@jshfirm.com
Arcangelo S. Cella
acella@jshfirm.com
**JONES, SKELTON & HOCHULI P.L.C.**
40 N Central Ave., Ste. 2700
Phoenix, AZ 85004
*Attorneys for Defendants City of Phoenix, Joel Cottrell, Todd Blanc, Rudolfo Peru, and*
*Ryan Hogan*


          */s/ Ben Dangerfield*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556