Ryan J. McCarthy, Bar #020571
Brian J. Ripple, Bar #033997
Arcangelo S. Cella, Bar #037176
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1783
Fax: (602) 200-7878
rmccarthy@jshfirm.com
bripple@jshfirm.com
acella@jshfirm.com

Attorneys for Defendants City of Phoenix, Joel
Cottrell, Todd Blanc, Rudolfo Peru and Ryan
Hogan

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett, an individual,<br><br>                     Plaintiff,<br><br>      v.<br><br>City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Benham a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple,<br><br>                     Defendants. | No. CV-23-02425-ROS-DME<br><br>**CITY OF PHOENIX AND OFFICER DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RULE 54(b) JUDGMENT**<br><br><br>Honorable Judge: Roslyn O. Silver<br>Magistrate Judge: Deborah M. Fine |

Plaintiff's Response to Defendants City of Phoenix (the "City") and Defendants Joel Cottrell, Todd Blanc, Rudolfo Peru and Ryan Hogan's (the "Officer Defendants") Motion for Rule 54(b) Judgment fails to provide a reason why the Court should not enter a Rule 54(b) judgment in this matter. The claims against the City and the Officer Defendants that were dismissed by the Court's April 23, 2024, Order are legally and factually distinct from those that remain in the case against Defendant American Airlines ("American"). Doc. 20 at 12. In

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

arguing to the contrary, Plaintiff's Response overstates the legal standard for a Rule 54(b) judgment and is based entirely on distinguishable case law—or, indeed, case law that contradicts Plaintiff's arguments. Thus, a Rule 54(b) judgment in favor of the City and the Officer Defendants is appropriate under the standard stated by the United States Supreme Court in *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).[1]

### A. **The dismissed claims are sufficiently distinct, both factually and legally, from the remaining claims.**

Plaintiff refers to the possibility of two appeals, one as to the City and the Officer Defendants and another as to American, but this alone is not grounds to deny a motion for a Rule 54(b) judgment. *See* Doc. 36 at 3, 5–6. Plaintiff's argument misses the mark, and instead highlights the grounds for granting a Rule 54(b) judgment in this case.

To start, the possibility of two appeals is inherent in Rule 54(b) and is not a basis to deny a request for entry of judgment thereunder. The Rule allows a final judgment to be entered in favor of a party that has obtained dismissal of some or all the claims against it and for an immediate appeal. *See* Fed. R. Civ. P. 54(b). The Rule thus contemplates multiple appeals, and this prospect does not weigh against entering a Rule 54(b) judgment *unless* an appellate court would have to consider the same factual and legal issues in more than on appeal. *See Curtiss-Wright*, 446 U.S. at 8. Therefore, Plaintiff's generalized, conclusory argument based on the likelihood of multiple appeals alone is immaterial and fails entirely to provide a reason for the Court to forbear entering a Rule 54(b) judgment.

In a lone effort at specificity on this point, Plaintiff attempts to conflate the factual and legal issues in his claims against American and against the City and the Officer Defendants, but actually admits the differences that justify a Rule 54(b) judgment. *See* Doc. 36 at 3–4. As Plaintiff acknowledges, his claims against American are based on the alleged

---

[1] Plaintiff did not object to the City and the Officer Defendants' proposed form of judgment and, therefore, has waived any such objection. *See Thomas v. Neurology Consultants of Ariz.*, No. 23-cv-01471, 2024 WL 3924917, at \*2 (D. Ariz. Aug. 23, 2024) (issue not raised in response to motion is waived).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

conduct of its employees in reporting his conduct to police dispatch. *See* Doc. 36 at 3–4. On the other hand, all his claims against the City and the Officer Defendants are based on the Officer Defendants' separate alleged conduct in arresting and detaining him. *See* Doc. 36 at 3–4. Thus, the two sets of claims are predicated on different operative facts, despite Plaintiff's assertion that certain witnesses may overlap.

In addition, Plaintiff's 42 U.S.C. § 1983 civil rights claims against the City and Officer Defendants bear no legal resemblance to his state law tort claims against American, a private entity. Likewise, Plaintiff's state law claims against the Officer Defendants were dismissed under Arizona's notice of claim statute, which applies only to public entities and employees and therefore is not at issue with respect to the same claims against American. Doc. 20 at 4. In addition, his state law claims against the City were dismissed according to Plaintiff's notice of voluntary dismissal and are not subject to appeal at all.[2] *See Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638 (9th Cir. 2010). Thus, an appeal of the dismissed claims against the City and Offer Defendants will <u>*not*</u> involve any issues similar to those that remain to be tried against American—the very hallmark of dismissed claims for which a Rule 54(b) judgment may appropriately be entered.

Plaintiff's own cases demonstrate that the purported similarities on which he relies do not suffice and that the dismissed claims in this case are more than sufficiently different, factually and legally, from the remaining claims to warrant a Rule 54(b) judgment.

22
23
24
25
26
27
28

---

[2] Even if this were not the case, Plaintiff's state law claims against the City were barred under the notice of claim statute and the applicable statute of limitations for claims against public entities. *See* Doc. 17. Furthermore, his claim for vicarious § 1983 liability against the City was subject to dismissal because no such claim exists under *Monell*. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) (no *respondeat superior* liability for municipalities under § 1983). *See also* Doc. 17. Thus, for these reasons as well, Plaintiff's dismissed claims against the City are legally dissimilar from the remaining claims against American and do not present the same issues on appeal. There is therefore no basis for denying a Rule 54(b) judgment as to the dismissed claims. In addition, Plaintiff's Response did not dispute that, for these same reasons, dismissal with prejudice is proper as to the City notwithstanding the Court's Order that dismissal be without prejudice. *See* Mot. for Rule 54(b) Judgment at 4 n.2. Plaintiff therefore has waived any objection to dismissal with prejudice as to the City. *See Thomas*, 2024 WL 3924917, at *2.

*See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (affirming entry of Rule 54(b) judgment despite remaining claims and dismissed counterclaims "require[ing] proof of the same facts" where the "legal issues [in dismissed claims] will streamline the ensuing litigation"; trial court's rulings "separated the legal from the factual questions"; and "certain theories of recovery were eliminated, limiting the issues to be tried below"); *Continental Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1524–25 (9th Cir. 1987) (affirming entry of Rule 54(b) judgment on orders for partial summary judgment despite common facts between dismissed and remaining claims where issues for trial were narrowed).[3] In both *Texaco* and *Continental*, the Ninth Circuit concluded that the Rule 54(b) judgments were proper because distinct legal issues were removed from the case, narrowing the issues for trial, even though no defendant was dismissed. In the instant case, a Rule 54(b) judgment is *all the more appropriate* as the Court's Order not only decided the distinct claims involving the City and Officer Defendants but dismissed these defendants from the case entirely. *See* Doc. 20 at 3–4, 12.

In sum, the dismissed claims against the City and the Officer Defendants are sufficiently distinct, both factually and legally, that they will not present the same issues on appeal. A Rule 54(b) judgment therefore is proper.

---

[3] The other cases that Plaintiff cites in his response, in which Rule 54(b) judgments were denied or found to be improper, are distinguishable from this one. *See, e.g., Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005) (affirming denial of Rule 54(b) judgment where both remaining and dismissed claims were for discrimination based on a theory of constructive discharge and presented overlapping legal and factual issues); *Gausvik v. Perez*, 392 F.3d 1006, 1008 (9th Cir. 2004) (Ninth Circuit criticized district court for engineering improper interlocutory appeal by granting Rule 54(b) judgment while reserving ruling on one claim to see how appeal played out but, nevertheless, held judgment properly certified); *In re Lindsay*, 59 F.3d 942, 951 (9th Cir. 1995) (bankruptcy court entered five orders with Rule 54(b) language that resulted in five appeals without making required findings instead of striking parties' Rule 54(b) language from proposed orders); *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (reversing entry of Rule 54(b) judgment where remaining and dismissed claims all were based on and required construction of same three contracts so that factual and legal issues in all claims overlapped); *Villa v. Collins Ct. Apartments*, No. 18-cv-03332, 2020 WL 673498, at *9 (D. Ariz. Feb. 11, 2020) (Rule 54(b) judgment denied where plaintiff asserted same statutory claims against both defendants); *First Amend. Coal. of Ariz., Inc. v. Ryan*, No. 14-cv-01447, 2016 WL 4236373, at *2 (D. Ariz. Aug. 10, 2016) (Rule 54(b) judgment denied where all claims were based on the same facts and brought against same defendants who allegedly committed those acts).

4

**B.**      **<u>The motion identifies a sufficiently pressing need for a final judgment at this time.</u>**

Plaintiff's entire argument regarding the equitable prong of the Rule 54(b) analysis is conclusory. Plaintiff concedes that, absent a final judgment, the City and the Officer Defendants "must . . . continue to monitor the docket" and continue to retain counsel to do so. Doc. 36 at 7. However, with no support whatsoever, Plaintiff claims that they will not be required to make further filings or incur substantive billing for the remainder of the case. The argument is specious. This case is still in its early stages, discovery has barely begun, and no trial date has been set. To require the City and the Officer Defendants to incur the cost of retaining counsel to monitor the case when there is no benefit to Plaintiff or American from their continued presence is a textbook example of the equities favoring one set of parties— the City and the Officer Defendants. Administrative and equitable concerns therefore favor a Rule 54(b) judgment dismissing the City and the Officer Defendants, and there is no just reason for delay. *See Curtiss-Wright*, 446 U.S. at 8.

## II.      <u>CONCLUSION</u>

For the foregoing reasons and those in their Motion, the City and the Officer Defendants respectfully request that the Court enter final judgment in their favor dismissing Plaintiff's claims against the City and the Officer Defendants with prejudice pursuant to Rule 54(b) and the Court's Order on the Motion.[4]

---

[4] *See supra* note 2; Mot. for Rule 54(b) Judgment at 4 n.2.

1

2

DATED this 15th day of October, 2024.

JONES, SKELTON & HOCHULI, P.L.C.

3

4

5

By /s/Arcangelo S. Cella

6

Ryan J. McCarthy
Brian J. Ripple
Arcangelo S. Cella
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants City of Phoenix,
Joel Cottrell, Todd Blanc, Rudolfo Peru and
Ryan Hogan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of October, 2024, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.


/s/Karen Gawel

7