KAB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett, | No. CV-23-02425-PHX-ROS (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Phoenix, et al., | |
| Defendants. | |

Plaintiff Sean Bennett, who is represented by counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983 and Arizona state law. Pending before the Court is the City of Phoenix and Officer Defendants' Motion for Rule 54(b) Judgment (Doc. 33).

**I.     Background**

In his Complaint, Plaintiff relevantly alleged as follows. On August 13, 2021, after boarding a flight departing from Phoenix, Arizona, a woman with no identification pointed at Plaintiff and told him he needed to move to a seat across the aisle. (Doc. 1-1 at 5-6.) Plaintiff could not hear the woman because he was wearing headphones and she was wearing a mask and, as he started to remove his headphones, the woman "stormed off." (*Id.* at 5-6.) Plaintiff began to look for his ticket and was approached by a woman in an American Airlines uniform, who told him to leave the plane immediately. (*Id.* at 6.) Plaintiff grabbed his bag and began to put on his shoes; the flight attendant told him that if he did not get off the plane, the plane would be deboarded. (*Id.* at 6.) Plaintiff left the plane without touching anyone. (*Id.*)

An employee of American Airlines called the police and reported that Plaintiff was physically fighting with the crew and there was a police emergency. (*Id.* at 7.) The police dispatcher reported that a fight was "currently underway within the aircraft and that the police needed to 'step it up' in order to respond to the disturbance hastily." (*Id.*)

Once in the jetway, Plaintiff called his wife and leaned against wall while reviewing flight information on overhead screens. (*Id.* at 7.) Plaintiff saw former Defendants City of Phoenix police officers Cottrell, Denham, Blanc, Peru, and Hogan and "peacefully raised his arms to wave at the Officer Defendants and let them know that he might be who they were looking for." (*Id.* at 8.) Plaintiff was then tackled and bear hugged by the former Officer Defendants. (*Id.*) One officer "hit him at a high rate of speed and fell on top of him to the ground" and the other four officers spread his legs and arms and handcuffed him. (*Id.*) "They then dragged" Plaintiff "down a flight of stairs and threw him into a police car." (*Id.*) At no time did Plaintiff resist and he was bleeding and bruised with a torn rotator cuff. (*Id.*) Five minutes later, Plaintiff was pulled out of the car and chained to the floor of an airport jail cell. (*Id.*) Ten minutes later, "a captain" walked in and attempted to help Plaintiff get an immediate flight. (*Id.*) After investigating, the Defendant Officers "realized that at no time was there any physical altercation between" Plaintiff and flight staff and Plaintiff was released. (*Id.* at 9.)

Plaintiff alleged: (1) a Fourth Amendment false arrest claim against the City of Phoenix and Defendants Phoenix Police Officers Cottrell, Denham, Blanc, Peru, and Hogan (Count One); (2) a Fourth Amendment false imprisonment claim against the City of Phoenix and Defendants Phoenix Police Officers Cottrell, Denham, Blanc, Peru, and Hogan (Count Two); (3) negligence/gross negligence against all Defendants (Count Three); (4) assault against all Defendants (Count Four); (5) battery against all Defendants (Count Five); (6) "Instigating or participating in false arrest and imprisonment" against all Defendants (Count Six); and (7) Intentional Infliction of Emotional Distress against all Defendants (Count Seven).

. . . .

In an April 23, 2024 Order, the Court dismissed Plaintiff's federal claims and the Officer Defendants, and noted that the remaining claims in this action are Plaintiff's state-law claims in Counts Three, Four, Five, Six, and Seven against American Airlines. (Doc. 20.) The federal claims were dismissed on the merits and on qualified immunity grounds. (*Id.* at 11.) The state law claims were dismissed for failure to comply with Arizona's Notice of Claim Statute. (*Id.* at 4.) Defendant Denham was dismissed pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. (*Id.* at 5.) The City of Phoenix was voluntarily dismissed by Plaintiff without prejudice pursuant to Rule 41(a)(1)(A)(i). (*See id.* at 3.)

The Defendants City of Phoenix, Cottrell, Blanc, Peru, and Hogan now seek Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (Doc. 33.)

**II.     Legal Standard**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court determines there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) "was adopted 'specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case . . . . The Rule thus aimed to augment, not diminish, appeal opportunity.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015)). Nonetheless, "whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests 'is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (citation omitted).

The Court must determine (1) whether it has rendered a judgment that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action"; and (2) whether there is no just reason for delay. *Id.* at 878.

"It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (internal citation omitted). In making this determination, it is proper for courts to consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

## III. Discussion

Defendants assert that the dismissed claims against them were based on the Officers' alleged conduct in arresting and detaining Plaintiff and the City's alleged vicarious liability for the same, which is an entirely separate set of facts from those that underpin Plaintiff's pending claims against American, namely, the conduct of its staff in removing him from the plane and calling police dispatch. Defendants further assert that the City's and the Officer Defendants' defenses—and the Court's grounds for dismissing the Officer Defendants—apply only to municipalities and public employees, not to private parties like American. Defendants assert that, as a result, Plaintiff's claims against the City and the Officer Defendants are entirely separable from his claims against American and will not present the same issues on appeal.

In Response, Plaintiff asserts that Plaintiff's dismissed claims against the City Defendants and his remaining claims against Defendant Airlines involve similar, common, and intersecting facts because the facts underlying Defendant Airlines' false reporting to police are the same facts underlying the City Defendants' purported grounds for arresting and detaining Plaintiff, which directly affect their qualified immunity and probable cause defenses.

There is no basis for Rule 54(b) certification in this action. While there are some distinct reasons for the dismissal of some of the claims that may not overlap with the remaining claims in this action, all of the claims in this action arise from the same set of facts, and none of the claims are complicated. In determining whether Rule 54(b)

certification is appropriate and in the interests of sound judicial administration, the Ninth Circuit Court of Appeals has repeatedly cautioned district courts not to enter Rule 54(b) certification in "ordinary situations." *See, e.g.*, *Wood*, 422 F.3d at 879; *Jewel*, 810 F.3d at 628-29. This is just such an ordinary situation and the Court cannot conclude there is no just reason for delay. Accordingly, Defendants' Motion for Rule 54(b) Judgment (Doc. 33) will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to the City of Phoenix and Officer Defendants' Motion for Rule 54(b) Judgment (Doc. 33).

(2) The City of Phoenix and Officer Defendants' Motion for Rule 54(b) Judgment (Doc. 33) is **denied**.

Dated this 19th day of November, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge