1  Patrick J. Kearns (*Admitted Pro Hac Vice*)
   Taylor Allin (AZ Bar No. 031834)
2  Sarena L. Kustic (*Admitted Pro Hac Vice*)
   **WILSON, ELSER, MOSKOWITZ,**
3     **EDELMAN & DICKER LLP**
   2231 East Camelback Road, Suite 200
4  Phoenix, Arizona 85016
   Telephone: (480) 562-3660
5  Facsimile: (480) 562-3659
   Email: Patrick.Kearns@wilsonelser.com
6         Taylor.Allin@wilsonelser.com
          Sarena.Kustic@wilsonelser.com
7

8  *Attorneys for Defendant, American Airlines, Inc.*

9               **UNITED STATES DISTRICT COURT**

10              **FOR THE DISTRICT OF ARIZONA**

11  Sean Bennett, an individual,                | Case No.  2:23-cv-02425-ROS--DMF

12                          Plaintiff,           | **DEFENDANT AMERICAN AIRLINES' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**

13           vs.

14  City of Phoenix, a governmental entity;
    American Airlines, Inc., a foreign
15  corporation; Officer Joel Cottrell and       | ***ORAL ARGUMENT REQUESTED***
    Jane Doe Cottrell, a married couple;
16  Officer Benjamin Denham and Jane Doe         | District Judge: Hon. Roslyn O. Silver
    Denham, a married couple; Officer            | Magistrate Judge: Hon. Deborah M. Fine
17  Todd Blanc and Jane Doe Blanc, a
    married couple; Officer Peru and Jane
18  Doe Peru, a married couple; Sergeant
    Hogan and Jane Doe Hogan, a married
19  couple;

20                          Defendant(s).

21

22      Defendant AMERICAN AIRLINES, INC., (hereinafter "American Airlines"),

23  by and through its undersigned counsel of record, hereby submits this Motion for

24  Summary Judgment or, in the alternative, Summary Adjudication pursuant to Rule 56

25  of the Federal Rules of Civil Procedure, and requests oral argument pursuant to Local

26  Rule 7.2(f).

27      This motion is made on the grounds that Plaintiff SEAN BENNETT's

28  ("Plaintiff") claim for instigating or participating in a false arrest is time-barred, and

his remaining claims for negligence, assault, battery, and intentional infliction of emotional distress are solely premised upon statements made to law enforcement by American Airlines' employees in response to a security threat and, thus, are afforded absolute immunity under the Aviation Transportation and Security Act. Accordingly, all of Plaintiff's causes of action fail and American Airlines is entitled to a dismissal as a matter of law.

This motion is supported by the following Memorandum of Points and Authorities, the accompanying Separate Statement of Facts and Exhibits thereto, the pleadings and records on file with this Court, and any oral argument this Court may entertain.

Respectfully submitted,

Dated: December 22, 2025

By:    */s/ Patrick Kearns*
Patrick J. Kearns, Esq.
Taylor Allin, Esq.
Sarena L. Kustic, Esq.
*Attorneys for Defendant, American Airlines, Inc.*

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3

4

5

This case arises from an incident where Plaintiff, Sean Bennett (hereinafter referred to as "Plaintiff"), was removed from an American Airlines' plane, before takeoff, due to his threatening and disruptive behavior.

6

7

8

9

10

11

12

13

14

15

16

Once removed from the flight and while in the boarding area, Plaintiff engaged with Phoenix Police officers, who physically tackled and arrested the Plaintiff. Plaintiff claims he was injured during the altercation with the Police and brings several causes of action against American Airlines, claiming the airline is responsible for those injuries because it made "false statements" when it originally summoned the authorities. American Airlines, however, is immune from civil liability in these circumstances. Specifically, and as set forth below, pursuant to the Aviation Transportation and Security Act—among other authorities—an airline is immune from liability for statements made to law enforcement when a threat to security is perceived.  Consequently, American Airlines is entitled to Judgment in its favor as a matter of law.

17

18

19

20

Additionally, with respect to Plaintiff's claim for instigating or participating in a false arrest and imprisonment, the claim is time-barred. Plaintiff brought this particular claim more than one year after the statute of limitations expired. Thus, at a minimum, American Airlines is entitled to summary adjudication on this claim.

21

22

23

Accordingly, American Airlines respectfully seeks an Order granting its motion for summary judgment in its entirety, or in the alternative, summary adjudication.

24

**II.    FACTUAL BACKGROUND**

25

   **A. <u>Plaintiff's Behavior Leading to his Removal from the Plane</u>**

26

27

28

On August 13, 2021, Plaintiff boarded American Airlines Flight 2391 from Phoenix, AZ, to Anchorage, AK (the "Subject Aircraft"). (Separate Statement ("SS"), No. 1, Dkt. No. 1-1, Complaint, ¶ 17.)

Once onboard the Subject Aircraft, Plaintiff was not compliant with the flight crew's instructions. (SS, No. 2.) To illustrate, Plaintiff removed his mask several times despite being instructed to keep it on. (SS, Exh. A, ¶¶ 5-9; Exh. C, ¶¶ 3-4.) Plaintiff also refused to comply with the flight attendant's instructions to move seats. (SS, Exh. C, at ¶¶ 4-5; Exh. B, at ¶¶ 4-5.) Plaintiff argued with the flight crew and was shouting onboard the aircraft. (SS No. 3.)  At one point, Plaintiff even got "in the face" of a flight attendant and told her "You're going to look at me all flight." (SS, Exh. A, ¶ 9.) Plaintiff yelled loud enough for other passengers to hear him. (SS, Exh. C, ¶¶ 6-8; Exh. B, ¶¶ 5-6.) Passengers overheard Plaintiff yelling about his military service and how he had "killed people before." (SS, Exh. C, ¶ 7; Exh. B, ¶ 6.)

Plaintiff's behavior was disruptive and raised serious concerns for the flight crew, as well as the other passengers. (SS No. 4.) One flight attendant felt she could not fly with Plaintiff because he was aggressive and threatening. (SS, Exh. A, ¶ 11.) At least one passenger took a video of the Plaintiff's behavior, describing him as "angry, defiant, and volatile", noting she and other passengers were visibly anxious. (SS, Exh. C, ¶ 9.) The flight crew determined that Plaintiff needed to be removed from the subject aircraft. (SS No. 5.) Plaintiff initially refused to deplane and continued loudly arguing with the flight crew. (SS No. 6; SS, Exh. C, ¶¶ 12-13; Exh. B, ¶ 7.)

**B. <u>American Airlines Calls for Help from Authorities</u>**

The Pilot called an American Airlines Tower Gate Dispatcher and reported, "[w]e've got a combative passenger on board[,] we need police down here A.S.A.P." (SS No. 7.) The Tower Gate Dispatcher called Airport Emergency Services and spoke with an Aviation Police Dispatcher, explaining "On board the aircraft, I'll need LEO's [Law Enforcement Officers], I have a male passenger her[e] being combative with flight crew." (SS No 8.) The Aviation Police Dispatcher asked if the passenger was physically fighting, and the Tower Gate Dispatcher responded, "That's my understanding." (SS No 8.)

AMERICAN AIRLINES' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES

Before the police arrived, Plaintiff was coaxed off the subject aircraft by another passenger. (SS No. 9.) According to Plaintiff, he only decided to leave the plane after the flight crew told him they would have to deboard the entire plane if he didn't leave, and other passengers began yelling for him to get off the plane. (SS, Exh. D, 50:17-51:3; 66:5-18.)

Once Plaintiff exited the aircraft, he "busted through" the jetway bridge door into the gate area at Gate A-20. (SS No. 10.) An American Airlines' Gate Manager, who was already on the phone with another American Airlines Tower Gate Dispatcher (for unrelated reasons) and unaware of what had occurred on the plane, reported to dispatch: "someone just busted out through the door. Can you get me LEO's because I got some guy that is very agitated…. LEO's. I gotta get in front of someone. OK." (SS No. 11.) The Tower Gate Dispatcher then relayed this second request for law enforcement assistance to Airport Emergency Services/Aviation Police Dispatch. (SS No. 12.)  These few statements above constitute the entirety of American Airlines' "statements" at issue in this case. (SS No. 13.)

## C. Outside of American Airlines' Control, Plaintiff Engages with Phoenix Police Officers

In the gate/boarding area, Plaintiff continued to rant and yell. (SS, Exh. H, ¶ 7.) The Gate Manager felt concerned for his safety after Plaintiff threatened to throw him through a window. (SS, Exh. H, ¶¶ 4-5.) The Gate Manager chose to disengage and stand by for law enforcement to arrive. (SS, Exh. H, ¶ 6.)

Plaintiff eventually left the gate area at Gate A-20 and walked toward the Admiral's Club across from Gate A-20. (SS No. 14.) The Police Officers encountered Plaintiff near the Admiral's Club across from Gate A-20. (SS No. 15.) Plaintiff then got into a physical altercation with officers and was arrested. (SS No. 16.) Plaintiff claims he was "tackled and bear hugged" by the Police Officers, which caused him physical injuries. (Dkt. No. 1-1, Complaint, at ¶ 37-43.)

/ / /

### III.     PROCEDURAL BACKRGOUND

Plaintiff filed his complaint in the Maricopa County Superior Court against the City of Phoenix, American Airlines, and several Phoenix Police Department Officers on April 11, 2023. (Dkt. No. 1-1.) The matter was subsequently removed to this Court. (Dkt. No. 2.)

On April 23, 2024, this Court dismissed Plaintiff's federal claims and the Officer Defendants on the grounds of qualified immunity. (Dkt. No. 20.) The state law claims were also dismissed for failure to comply with Arizona's Notice of Claim Statute. (Dkt. No. 20.)

Plaintiff's causes of action for (i) negligence, (ii) assault, (iii) battery, (iv) instigating or participating in false arrest, and (v) intentional infliction of emotional distress against American Airlines remain at issue.

### IV.     LEGAL AUTHORITY FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by ... citing to particular parts of materials in the record" or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A-B).

Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Sanchez v. JPMorgan Chase Bank*, NA, 643 F. Supp. 3d 1025, 1032 (2022), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the burden of showing the absence of genuine disputes of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, once the movant shows an absence of evidence to support the nonmoving party's case, the

6

AMERICAN AIRLINES' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.  2:23-cv-02425-ROS--DMF

burden shifts to the party resisting the motion. *Fleming v. IASIS Healthcare Corp.*, 151 F. Supp. 3d 1043, 1046 (2015). The party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial" and may not rest upon the pleadings. *Id.*, citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). Conclusory and speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and to defeat summary judgment. *Ariz. Green Party v. Bennett*, 20 F. Supp. 3d 740, 745 (2014), citing *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); *Benge v. Ryan*, 154 F. Supp. 3d 857, 864 (2016).

## V.    AMERICAN AIRLINES IS ENTITLED TO SUMMARY JUDGMENT

### A. Plaintiff's Claim for "Instigating or Participating in False Arrest" is Time-Barred as a Matter of Law.

Plaintiff's claim for instigating or participating in false arrest is time-barred as it was brought nearly a year after the applicable statutory period expired. Summary judgment/adjudication must be granted in favor of American Airlines on this cause of action.

Arizona follows the Restatement (Second) of Torts § 45A, which provides that, "One who instigates or participates in the unlawful confinement of another is subject to liability to the other for false imprisonment." *Deadman v. Valley Nat'l Bank*, 154 Ariz. 452, 457 (Ct. App. 1987). Arizona law provides a one-year statute of limitations for false imprisonment claims. A.R.S. § 12-541.

The incident here, and the "false" arrest Plaintiff complains of, occurred on August 13, 2021. (Dkt. No. 1-1, Complaint, at ¶ 14, *see also*, SS No. 17.) Plaintiff alleges Defendants instigated or participated in his alleged false arrest. (Dkt. No. 1-1, ¶¶ 96-101.) Pursuant to A.R.S. § 12-541, the statute of limitations for a false imprisonment claim expired on **August 13, 2022**. Plaintiff did not commence this

action, however, until August 11, 2023, nearly a year after the expiration of the statute. (SS No. 18, *see also*, Dkt. No. 1-1, at first page, file stamp, top right corner: "Electronically Filed…8/11/2023".)

There can be no reasonable dispute, Plaintiff's cause of action for "instigating or participating in a false arrest" is time-barred as a matter of law and American Airlines is entitled to summary judgment and/or adjudication in its favor.

**B. <u>Summary Judgment and/or Summary Adjudication is Appropriate as to Plaintiff's Claims for Assault & Battery (Counts IV and V).</u>**

Nowhere in Plaintiff's Complaint does he provide a factual contention that any of American Airlines' personnel physically touched him, or caused him to be touched in any harmful or offensive way.[1] Instead, Plaintiff includes blanket, ambiguous conclusions that "the **Officer Defendants** and employees, agents and/or servants of Defendant Airlines…caused [him] to apprehend an immediate harmful or offensive contact…" or that "the **Officer Defendants** and employees, agents and/or servants of Defendant Airlines…engaged in acts that resulted" in such contact; appearing to suggest the Phoenix Police Offers are somehow employees of American Airlines. (Dkt. No. 1-1, Complaint, at ¶¶ 88-95.)

When asked to identify all <u>facts</u> which support these conclusory allegations, Plaintiff provided no facts whatsoever, but instead objected to the interrogatories. (*See,* SS, Exh. E, Interrogatory No. 10, at p. 8, and No. 13, at p. 9.)

More importantly, however, Plaintiff admitted—in response to a request for admission, that "No American Airlines employee physically touched [him]" on the date of the incident. (SS, Exh. I, Request No. 15, at p. 4.) He further admitted that he did not suffer an injury while aboard the aircraft, nor while exiting the aircraft. (SS, Exh. I, Request Nos. 18-19, at p. 4.) Plaintiff admits he did not have any physical

---

[1] To the contrary, in his factual allegations, Plaintiff appears to suggest he went out of his way not to be touched in any manner. (*See, e.g.* Dkt. No. 1-1, Complaint, at ¶¶ 27-29.)

interactions with any American Airlines employee after deplaning the Subject Aircraft. (SS, Exh. I, Request No. 20, at p. 4.)

Plaintiff's admissions, the wholesale lack of actual fact-allegations, coupled with his refusal, in discovery, to provide any such facts in support for his Assault and Battery claims, is dispositive. American Airlines is entitled to summary judgment and/or summary adjudication as to these claims.

**C. <u>Summary Judgment as to All Claims is Appropriate Because American Airlines' Statements to Law Enforcement are Afforded Absolute Immunity Under the Airline Transportation and Security Act (ATSA).</u>**

American Airlines is entitled to summary judgment as a matter of law because each of Plaintiff's claims are based solely upon American Airlines alleged statements to law enforcement about his behavior and conduct. Airlines are immune from liability for these types of statements.

Airline personnel are responsible for the safety of everyone onboard an aircraft and indeed, maintaining safety "is the highest priority in air commerce." 49 U.S.C. § 40101(a)(1). Consequently, an airline is not obligated to transport passengers that it "decides is, or might be, inimical to safety." 49 U.S.C. § 44902(b). This also means airlines are required to report any potential threats to authorities and can even be subject to civil penalties for not doing so. 49 U.S.C. §§ 44905(a), and 46301(a)(1)(A); *see, also, Baez v. JetBlue Airways Corp.,* 793 F.3d 269, 275 (2d Cir. 2015).

To encourage airlines to report potential threats to safety or any type of suspicious behavior, Congress granted airlines absolute immunity for any such disclosures. *See,* 49 U.S.C. § 44941; *see, also, Air Wis. Airlines Corp. v. Hoeper*, 571 U.S. 237, 253 (2014) ("*Hoeper*"). Under ATSA, airlines and their employees who make "a voluntary disclosure of any suspicious transaction relevant to a possible violation of law or regulation, … [or] a threat to aircraft or passenger safety, … to any employee or agent of … any Federal, State, or local law

enforcement officer, or any airport or airline security officer ***shall not be civilly liable to any person under any law*** or regulation of the United States, any constitution, law, or regulation of any State or political subdivision of any State, for such disclosure." 49 U.S.C.S. § 44941 (emphasis added).

Statements made to other airline personnel are also afforded ATSA immunity, so long as they are a "step in the chain of events that led to 'a voluntary disclosure' of a possible threat to law enforcement personnel." *Baez, supra*, 793 F.3d at 276, citing 49 U.S.C. § 44941(a) (applying ATSA immunity to statements made by an airline employee to a supervisor).

The only exception to ATSA's broad grant of immunity applies to knowingly false statements or statements made "with reckless disregard as to the truth or falsity." 49 U.S.C. § 44941(b); and *see, Baez, supra,* 793 F.3d at 274. "Congress patterned the exception to ATSA immunity after the actual malice standard of *New York Times Co. v. Sullivan*, 376 U.S. 254 … (1964)." *Hoeper, supra,* 571 U.S. at 246. "By incorporating the actual malice standard into § 44941(b), Congress meant to give air carriers the 'breathing space' to report potential threats to security officials without fear of civil liability for a few inaptly chosen words." *Id.*, at 257.

Thus, "denying immunity for substantially true reports, on the theory that the person making the report had not yet gathered enough information to be certain of its truth, would defeat the purpose of ATSA immunity: to ensure that air carriers and their employees do not hesitate to provide the TSA with needed information." *Id.*, at 238. Accordingly, "a statement that would otherwise qualify for ATSA immunity cannot lose that immunity because of some minor imprecision, so long as 'the gist' of the statement is accurate." *Id.*, at 255.

Moreover, threatening, intimidating, or interfering with a crewmember's performance of their duties onboard an aircraft is strictly prohibited by law. *See*, 14 C.F.R. §§ 91.11, 121.580, 125.328, and 135.120. It is similarly illegal to take "any

10

action that poses an imminent threat to the safety of the aircraft or other individuals on the aircraft." 49 U.S.C. §§ 46318 and 46504.

Here, the overwhelming, undisputed evidence confirms that Plaintiff's behavior was, at a minimum, perceived by American Airlines and passengers to be disruptive and threatening, leading American Airlines to call the police for assistance with a combative passenger. Therefore, as set forth in detail below, ATSA immunizes American Airlines for each of the statements upon which all of Plaintiff's claims are based.

### 1. The Pilot's Call to Tower Dispatch Falls Under ATSA Immunity:

Once informed of Plaintiff's behavior, and according to Plaintiff's own, sworn discovery responses, the Pilot of the subject aircraft called American Airlines Tower Gate Dispatch and stated, "We've got a combative passenger on board[,] we need police down here A.S.A.P." (SS No. 7.) This statement qualifies for ATSA's absolute immunity because the Pilot is an "employee of an air carrier" and his statement to Tower Dispatch was a voluntary disclosure regarding a possible "violation of law or regulation" or "threat to aircraft or passenger safety." There is no evidence that the statement was knowingly false or made with actual malice. 49 U.S.C.S. § 44941.

Moreover, not following instructions from the flight crew creates disruption, interferes with the flight crew's ability to perform essential functions, and jeopardizes the overall safety of the flight. *See, e.g., Shaffy v. United Airlines, Inc.*, 360 F.App'x 729, 730 (9th Cir. 2009) (wherein a pilot refused to transport a passenger who "presented a potential safety risk because of her failure to obey crew instructions" and "was distracting the crew and presented a safety issue"). The evidence shows Plaintiff repeatedly flouted the flight crew's instructions, argued with the flight crew, and was shouting onboard the aircraft to the extent that the flight crew and passengers felt intimidated. (SS, Exh. A, ¶¶ 1-12; Exh. B, ¶¶ 1-6; Exh. C, ¶¶ 1-8.) His disruptive actions interfered with the flight crew's ability to perform their predeparture duties. (SS, Exh. A, ¶¶ 8-10; Exh. B, ¶¶ 3-7; Exh. C, ¶¶ 7-11.)

AMERICAN AIRLINES' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.  2:23-cv-02425-ROS--DMF

Plaintiff's conduct onboard the aircraft posed a threat to the overall safety of the flight (in violation of federal regulations) to such an extent that the Pilot believed law enforcement assistance was immediately needed. The Pilot's description of Plaintiff as being "combative" was, by all appearances, true. Significantly, the term "combative" does not necessarily mean physically fighting; it means "marked by eagerness to fight or contend."[2]

Lastly, the fact that the Pilot made his statement to an American Airlines Tower Gate Dispatcher, and not directly to law enforcement, is irrelevant and does not disqualify the statement from ATSA immunity because the Pilot's statement was a "step in the chain of events" leading to the disclosure of the possible safety threat to law enforcement. *Baez, supra,* 793 F.3d at 276, citing 49 U.S.C. § 44941(a). Thus, the Pilot's statement falls squarely within the bounds of ATSA's absolute immunity and American Airlines cannot be held civilly liable to Plaintiff for such.

### 2. *The Tower Gate Dispatcher's Call to Aviation Police Dispatch Falls Under ATSA Immunity:*

After receiving the Pilot's request for immediate assistance from law enforcement, the American Airlines Tower Gate Dispatcher called Aviation Police Dispatch and stated, "On board the aircraft, I'll need LEO's, I have a male passenger here being combative with flight crew." (SS No. 8.) When the Aviation Police Dispatcher asked whether the passenger was physically fighting on the airplane, the Tower Gate Dispatcher responded, "That is my understanding." (SS No. 8.) Like the Pilot's statement, the Tower Gate Dispatcher's statements qualify for ATSA's absolute immunity. She is an employee of American Airlines, was reporting a potential safety threat, and there is no evidence that her statements were knowingly false or made with actual malice. 49 U.S.C.S. § 44941.

/ / /

---

[2] "Combative", *Merriam-Webster.com*, https://www.merriam-webster.com/dictionary/combative#dictionary-entry-1 (last visited October 16, 2025).

Notably, the Tower Gate Dispatcher did not definitively report that a physical fight was occurring; she merely conveyed her subjective understanding of the situation based on her momentary call with the Pilot. Moreover, "minor inaccuracies" do not give rise to ATSA's "material falsity" exception (i.e. knowingly false statements) where, as here, the "gist" of the statement was "substantially true." *Hoeper, supra,* 571 U.S. at 238. "Denying immunity for substantially true reports, on the theory that the person making the report had not yet gathered enough information to be certain of its truth, would defeat the purpose of ATSA immunity." *Ibid.*

Furthermore, requiring an airline employee to conduct a full investigation of each possible threat before contacting law enforcement would undermine the very purpose of ATSA immunity: "to encourage air carriers and their employees, often in fast-moving situations and with little time to fine-tune their diction, to provide the TSA immediately with information about potential threats." *Id.*, at 253; *see, also, Baez, supra,* 793 F.3d at 275 (explaining that airline employees "may not confidently distinguish between a veiled threat and a comment expressing genuine concerns about security" and "[t]hat is why, once a report is made, it is for … law enforcement officers 'to determine and execute a response'").

Consequently, the Tower Gate Dispatcher's statement to Aviation Police Dispatch is afforded absolute immunity under ATSA. Therefore, American Airlines cannot be held civilly liable to Plaintiff for this statement.

### 3. The Gate Manager's Call to Tower Dispatch Falls Under ATSA Immunity:

As Plaintiff exited the jetway bridge into the gate boarding area, an American Airlines Gate Manager was on the phone with a different American Airlines Tower Gate Dispatcher for an unrelated matter. (SS, Exh. H, ¶¶ 1-3.) The Gate Manager observed Plaintiff hit or kick the gate door with such force that it rattled the wheelchairs stacked outside the door in the gate area. (SS, Exh. H, ¶ 3.) The Gate Manager reported to the Tower Dispatcher, that "someone just busted out of the…the

door" and requested law enforcement officers ("LEOs") because he had "some guy that [wa]s very agitated." (SS No. 10-11.) The Gate Manager's statement is also immune under ATSA. He is an airline employee reporting—*in real time*—a perceived threat to the safety of airline employees and passengers in the boarding area, and there is no evidence that his statement was knowingly false. 49 U.S.C.S. § 44941. His statement to American Airlines Tower Gate Dispatch was also a step in the chain of events leading to a voluntary disclosure of a potential threat to law enforcement. *Baez, supra,* 793 F.3d at 276, citing 49 U.S.C. § 44941(a). Therefore, the Gate Manager's statement is granted absolute immunity under ATSA, and American Airlines cannot be held civilly liable for such.

### 4. The Tower Gate Dispatcher's Second Call to Aviation Police Dispatch Falls Under ATSA Immunity:

After the Gate Manager requested law enforcement officers to the gate area, a Tower Gate Dispatcher made a second call to Aviation Police Dispatch explaining, "Regarding Gate Alpha 20 and a combative passenger, they are currently off the aircraft and in the jetway" and "they do have him at the podium now, the gate podium, and they, please, they say please get LEO's there A.S.A.P." (SS No. 12.) As with Statement No. 2 above, the Tower Gate Dispatcher's statement to Airport Police Dispatch is granted absolute immunity under ATSA because it is a voluntary disclosure of a possible violation of law or safety threat, and there is no evidence that her statement was knowingly false or made with actual malice. 49 U.S.C.S. § 44941. Consequently, American Airlines cannot be held civilly liable for such.

The foregoing four statements are the only statements made by American Airlines personnel prior to Plaintiff's arrest. (SS No. 13.) They are the sole statements which underly each of the Plaintiffs' claims against American Airlines. All of the statements are granted absolute immunity under ATSA and, as such, summary judgment in favor of American Airlines is warranted.

/ / /

14

AMERICAN AIRLINES' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 2:23-cv-02425-ROS--DMF

**D. <u>American Airlines is Not Liable for the Independent Actions of Law Enforcement Officers</u>.**

To the extent Plaintiff contends that American Airlines is somehow liable for the actions of the arresting officers, American Airlines is still entitled to summary judgment as a matter of law because the officers necessarily were acting in accordance with their independent police judgment. Liability for their actions cannot be imputed into American Airlines, a private corporation, merely because it requested law enforcement's assistance.

Criminal investigations involve the exercise of personal deliberation and individual professional judgment that necessarily reflect the facts of a given situation. By its very nature, investigative police work is discretionary and appropriate for exemption from suit absent gross negligence or a violation of law. *See, e.g., Walls v. Arizona Dep't of Pub. Safety*, 170 Ariz. 591, 594 (Ct. App. 1991) (acknowledging that both an investigatory stop and an arrest "involve a judgment by a police officer"); *Spooner v. City of Phoenix*, 246 Ariz. 119, 123-124 (Ct.App. 2018) (acknowledging official police action "inherently requires judgment or discretion"). Accordingly, police have "a duty to conduct an investigation into the basis of [a] witness' report." *Fuller v. M.G. Jewelry* (9th Cir. 1991) 950 F.2d 1437, 1444.

Here, Officer Todd Blanc, who was involved in Plaintiff's arrest, testified under oath that law enforcement officers are trained on how to assess the situations they encounter, including a suspect's body language, reactions, and threats, and evaluate each situation in order to react appropriately. (SS No. 19.) Officer Blanc further testified that police officers must independently decide whether physical force is appropriate and only use such force when necessary. (SS No. 20.) According to Officer Blanc, while a reported physical altercation may cause an officer to act with more urgency to arrive on scene, the officer must still individually and independently assess the circumstances they are confronted with when her or

AMERICAN AIRLINES' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES

she arrives to the scene. (SS No. 21.) Officers do not use force simply because they receive an urgent call but, instead, will only physically subdue a suspect if, based on their own independent judgment, the suspect is non-compliant or threatening. (SS No 22.) Notably, Plaintiff concedes that responding officers have an independent duty to investigate the situation prior making an arrest. (SS No. 23.)

Because the responding officers were exercising their independent judgment and inherent discretion, there is no legal or factual basis to hold American Airlines civilly liable for the actions of said officers, nor for Plaintiff's physical altercation with them. American Airlines is therefore entitled to summary judgment as a matter of law.

## VI.    CONCLUSION

Based on the foregoing points and authorities, the separate statement of undisputed material facts and the exhibits attached thereto, American Airlines is entitled to summary judgment or in the alternative summary adjudication.

Respectfully submitted,

Dated: December 22, 2025

By:    */s/ Patrick Kearns*
Patrick J. Kearns, Esq.
Taylor Allin, Esq.
Sarena L. Kustic, Esq.
*Attorneys for Defendant, American Airlines, Inc.*

AMERICAN AIRLINES' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES

1

## CERTIFICATE OF SERVICE

2      I hereby certify that this document was filed and served this 22nd day of

3  December 2025, using this Court's CM/ECF filing system which will electronically

4  transmit a copy to all counsel of record.

5                                        Respectfully submitted,

6  Date: December 22, 2025

7                          By:   */s/ Patrick Kearns*

8                                Patrick J. Kearns, Esq.
                                 *Attorneys for Defendant, American*
9                                *Airlines, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMERICAN AIRLINES' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY
ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES
Case No.  2:23-cv-02425-ROS--DMF