Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Benham, a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple,<br><br>Defendants. | No.: CV-23-02425-PHX-ROS (DMF)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT AMERICAN AIRLINES' SEPARATE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY, SUMMARY ADJUDICATION**<br><br>(Assigned to the Honorable Roslyn O. Silver and referred to the Honorable Deborah M. Fine for all pretrial proceedings) |

Through counsel undersigned and pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff Sean Bennett ("Plaintiff") hereby responds to the Separate Statement of Facts (the "SSOF") filed by Defendant American Airlines, Inc. ("Defendant") in support of its Motion for Summary Judgment or, Alternatively, Summary Adjudication in the above-captioned action. This Response is comprised of both Plaintiff's Response to Defendant's Separate Statement of Facts and Plaintiff's Controverting Statement of Facts. It is supported by the relevant parts of the record in this matter, Plaintiff's concurrently

filed Response in Opposition to Defendant's Motion for Summary Judgment or, Alternatively, Summary Adjudication, and excerpts of the transcript of Plaintiff's deposition in this action attached as "**Exhibit 1**" hereto. Statements listed as not disputed are not disputed solely for the purposes of Defendant's Motion for Summary Judgment.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SEPARATE STATEMENT OF FACTS**

1. Not disputed.

2. Disputed. *See* **Ex. 1** 31:14-15, 46:25-47:24, 48:8-12, 66:8-11.

3. Disputed. *See* **Ex. 1** 46:25-47:24, 41:8-14, 48:8-12.

4. Disputed. *See* **Ex. 1** 40:25-41:2, 41:8-14, 46:25-47:24, 48:8-12.

5. Disputed. *See* **Ex. 1** 41:8-14, 46:25-47:24, 48:8-12, 49:12-20, 53:18-24, 57:1-3.

6. Disputed. *See* **Ex. 1** 33:11-15, 46:25-47:24, 66:8-11.

7. Not disputed.

8. Not disputed.

9. Not disputed that Plaintiff left the aircraft after being told it would have to be de-boarded if he did not. *See* **Ex. 1** 33:11-15, 46:25-47:24, 48:22-25, 66:8-11. Disputed that Plaintiff needed to be "coaxed" off the plane. *See* **Ex. 1** 33:11-15, 46:25-47:24, 51:18-22, 66:8-11.

10. Not disputed that Plaintiff traveled from the aircraft through the jetway bridge and through the door into the Gate area. Disputed that he "busted through" the door. *See* **Ex. 1** 54:24-55:1, 57:1-3.

11. Not disputed.

2

12. Disputed. The actual transcribed quote is "REGARDING GATE ALPHA 20 AND A COMBATIVE PASSENGER WHO IS CURRENTLY OFF THE AIRCRAFT AND IN THE JETWAY." SSOF, Ex. F at BENNETT_000099 (all capitals in original). Not disputed as to the rest of the statement.

13. Disputed. Defendant only quoted a portion of the statements made by its employees on the calls in question that are transcribed in the police report, and those transcribed statements themselves are only a portion of the statements made on those calls. *See* SSOF, Ex. F at BENNETT_000099 (noting that "THE FOLLOWING IS A CONDENSED SUMMARY OF THE 3 CALLS").

14. Not disputed.

15. Not disputed.

16. Disputed that Plaintiff brought on, instigated, or participated in any way in, the physical interaction – any physical conduct was entirely on the part of the police. *See* **Ex. 1** 68:5-70:12. Not disputed as to the remainder.

17. Not disputed.

18. Not disputed.

19. Not disputed.

20. Disputed to the extent it states or implies that police may use force when it is not objectively and reasonably necessary. And as this statement is a legal statement, not a factual statement regarding the record in this action, Plaintiff is not obligated to support his dispute with a cite to said record.

21. Disputed to the extent it states or implies that police can individually and independently assess circumstances without using objective and reasonable criteria. And as this statement is a legal statement, not a factual statement regarding the record in this action, Plaintiff is not obligated to support his dispute with a cite to said record.

22. Disputed. With respect to this matter, the officers used force against Plaintiff even though he was compliant and non-threatening when they found him. *See* **Ex. 1** 68:5-70:12. And to the extent this is not a factual statement about the record in this action, Plaintiff is not obligated to support his dispute with a cite to said record.

## **PLAINTIFF'S CONTROVERTING STATEMENT OF FACTS**

1. Plaintiff initially boarded the plane at issue and took the seat to which he was assigned. *See* **Ex. 1** 31:14-15.

2. A woman not wearing any type of American Airlines uniform or indicia subsequently walked up to him, pointed to a seat across the aisle, and said, simply – "[m]ove." *See* **Ex. 1** 37:6-8.

3. On the phone with his wife at the time, he simultaneously reached into his pocket to produce his ticket to the woman, but she left. *See* **Ex. 1** 37:8-11.

4. Shortly thereafter, a second woman, this one wearing American Airlines insignia, came toward him, screaming and yelling at him. *See* **Ex. 1** 37:16-18.

5. The second woman screamed at him that if he didn't leave the plane now, they would deboard the entire flight, which the other passengers heard and became angry at him as a result. *See* **Ex. 1** 46:25-47:24, 48:22-25.

6. Plaintiff had caused no negative interaction, incident, or disruption of any kind – absolutely nothing that objectively would or should have led to Defendant's staff screaming at him to leave. *See* **Ex. 1** 46:25-47:24, 48:8-12.

7. Once Defendant's employees told him to leave, Plaintiff began exiting right away, on his own accord. *See* **Ex. 1** 33:11-15, 46:25-47:24, 66:8-11.

8. Plaintiff was wearing a mask during the majority of the incident, and at least until he began leaving the plane, as it might have come off while he was exiting. *See* **Ex. 1** 33:6-7, 35:12-18, 39:2-5, 49:12-20.

9. As he left, another military veteran helped Plaintiff get off, in order to protect him from any violence from others. *See* **Ex. 1** 51:18-22.

10. Plaintiff did not kick the gate door when coming back in from the jetway. *See* **Ex. 1** 54:24-55:1.

11. Plaintiff had no physical altercation on the plane or in the jet bridge with anyone. *See* **Ex. 1** 53:18-24, 57:1-3.

12. During the incident, Plaintiff never said anything about killing people. *See* **Ex. 1** 34:12-15, 35:19-21, 40:3-8, 49:12-20.

13. Plaintiff did not utter any obscenities during the incident. *See* **Ex. 1** 40:25-41:2, 41:8-14.

14. Plaintiff did not speak loudly or frighten anyone on the plane. *See* **Ex. 1** 41:8-14.

15. Despite all the above facts, while Plaintiff was on the plane, the pilot called Defendant's Tower Gate Dispatcher "Heather" and told her there was "A COMBATIVE

PASSENGER ON BOARD," for which "WE NEED POLICE DOWN HER[E] A.S.A.P." SSOF, Ex. F at BENNETT_000099 (all capitals in original).

16. "Heather" in turn relayed to City of Phoenix aviation police dispatch that "ON BOARD THE AIRCRAFT, I'LL NEED LEO'S, I HAVE A MALE PASSENGER BEING COMBATIVE WITH FLIGHT CREW." SSOF, Ex. F at BENNETT_000099 (all capitals in original).

17. Police aviation dispatch then asked "Heather" if the passenger was "PHYSICALLY FIGHTING," to which "Heather" replied "THAT'S MY UNDERSTANDING, YES." SSOF, Ex. F at BENNETT_000099 (all capitals in original).

18. After Plaintiff had entered the Gate area, Defendant's Gate Manager "Jeff" called Defendant's Tower Gate Dispatcher "Kris" and told him/her that "SOMEONE JUST BUSTED OUT THROUGH THE DOOR . . . CAN YOU GET ME LEO'S BECAUSE I GOT SOME GUY THAT IS VERY AGITATED. LEO'S. I GOTTA GET IN FRONT OF SOMEONE." SSOF, Ex. F at BENNETT_000099 (all capitals in original).

19. In turn, Defendant's Tower Gate Dispatcher "Heather" then called police aviation dispatch and stated: "THIS IS HEATHER . . . REGARDING . . . A COMBATIVE PASSENGER WHO IS CURRENTLY OFF THE AIRCRAFT AND IN THE JETWAY." SSOF, Ex. F at BENNETT_000099 (all capitals in original).

20. When police aviation dispatch asked her "IS HE STILL BEING COMBATIVE," "Heather" replied:

> YES, HE IS STILL BEING COMBATIVE. . . . AND THEY DO HAVE HIM AT THE PODIUM NOW, THE GATE PODIUM, AND THEY, PLEASE, THEY SAY PLEASE GET LEO'S THERE A.SAP.

6

SSOF, Ex. F at BENNETT_000099 (all capitals in original).

21. When police aviation dispatch then told her "WE'LL LET THE OFFICERS KNOW THAT THEY NEED TO RESPOND A LITTLE BIT QUICKER," "Heather" responded "YES, PLEASE." SSOF, Ex. F at BENNETT_000099 (all capitals in original).

22. While Plaintiff was still in the vicinity of the Gate area, police officers arrived in response to Defendant's multiple urgent requests. *See* **Ex. 1** 66:19-67:7.

23. Plaintiff then raised his hands and said, "I think you're looking for me." *See* **Ex. 1** 69:18-19.

24. The officers then aggressively came at Plaintiff, without any other words exchanged, or any confrontation occurring, beforehand. *See* **Ex. 1** 68:12-69:22.

25. Plaintiff observed them coming at him to tackle him, and in response "tensed [his] entire body up and then loosened it," "because [he] knew [he] was about to be hammered." *See* **Ex. 1** 75:18-22.

26. Plaintiff was then "bulldogged, body slammed, by one of the cops, and then the rest of them [ ] were basically on top of [him] . . . . [he] [ ] got lifted in the air, off the wall, bounced off the wall, hit the ground, both elbows." *See* **Ex. 1** 68:5-9, 68:21-69:3.

27. The police had responded to Plaintiff physically and aggressively as they did because they had been told by Defendant's employees he was assaulting people on an aircraft, fighting, and combative, all key words that get police animated. *See* **Ex. 1** 141:3-7.

7

**RESPECTFULLY SUBMITTED** this 11th day of February 2026.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
       Robert T. Mills
       Sean A. Woods
       5055 N 12th Street, Suite 101
       Phoenix, AZ 85014
       *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Patrick J. Kearns, Esq.
Patrick.Kearns@wilsonelser.com
Taylor Allin, Esq.
Taylor.Allin@wilsonelser.com
Sarena Kustic, Esq.
Sarena.Kustic@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
katelyn.kingsley@wilsonelser.com
ashlynn.robbins@wilsonelser.com
emilee.staley@wilsonelser.com
2231 E Camelback Rd., Ste. 200
Phoenix, Arizona 85016
*Attorneys for Defendant American Airlines Group, Inc.*

      */s/ Ben Dangerfield*