Patrick J. Kearns (*Admitted Pro Hac Vice*)
Taylor Allin (AZ Bar No. 031834)
Sarena L. Kustic (*Admitted Pro Hac Vice*)
**WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP**
2231 East Camelback Road, Suite 200
Phoenix, Arizona 85016
Telephone: (480) 562-3660
Facsimile: (480) 562-3659
Email: Patrick.Kearns@wilsonelser.com
        Taylor.Allin@wilsonelser.com
        Sarena.Kustic@wilsonelser.com

*Attorneys for Defendant, American Airlines.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett, an individual, | Case No.  2:23-cv-02425-ROS--DMF |
| Plaintiff, | **AMERICAN AIRLINES' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION** |
| vs. | |
| City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Denham, a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple; | *ORAL ARGUMENT REQUESTED* Honorable Judge: Roslyn O. Silver Magistrate Judge: Deborah M. Fine |
| Defendant(s). | |

/ / /

/ / /

/ / /

/ / /

/ / /

## I. PLAINTIFF CONCEDES HIS CAUSE OF ACTION FOR INSTIGATING OR PARTICIPATING IN FALSE ARREST IS TIME-BARRED

American Airlines is entitled to judgment as a matter of law because Plaintiff's claim for instigating or participating in a false arrest is barred by the applicable one-year statute of limitations. Plaintiff concedes in this regard. (*Cf.* American's MSJ ("MSJ"), 7:13-8:3; and Plaintiff's Opposition ("Oppo."), 11:20-12:3.) Accordingly, American Airlines is entitled to summary judgment on this cause of action.

## II. ALL OF PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW BECAUSE PLAINTIFF'S UNCORROBORATED, SELF-SERVING TESTIMONY, AND SPECULATION BASED THEREON, CANNOT CREATE A GENUINE TRIABLE ISSUE

The undisputed material facts demonstrate that, pursuant to the Airline Transportation and Security Act ("ATSA"), American Airlines is immune from civil liability for the statements its employees made to law enforcement. *See*, 49 U.S.C. 44941. Because all of Plaintiff's claims are premised upon those statements to law enforcement, American Airlines is entitled to summary judgment as a matter of law. The undisputed material facts demonstrate that American's employees perceived Plaintiff's conduct as threatening and combative (as did other passengers), became concerned for their safety and the safety of other passengers, decided that Plaintiff needed to be removed from the flight, and requested law enforcement's assistance in that regard. (American's Separate Statement ("SS"), Nos. 4-7.)

To create a triable issue of fact regarding the application of ATSA's immunity, Plaintiff is required to submit probative, admissible evidence supporting his argument that American's statements to law enforcement were ***knowingly false*** or made with ***actual malice***. His uncorroborated and self-serving testimony, and speculative arguments based thereon, are insufficient to establish a genuine triable issue. Ultimately, Plaintiff has no evidence whatsoever regarding the state of mind of

American Airlines' employees when they called for law enforcement's assistance and, thus, cannot establish the sole exception to ATSA immunity.

To oppose a properly supported motion for summary judgment, Plaintiff must demonstrate "specific facts showing that there is a genuine issue for trial." *Mann v. GTCR Golder Rauner, L.L.C.*, 483 F.Supp.2d 864, 868 (D.Ariz. 2007), citing *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). The opposition must put forward concrete evidence, and "cannot rely on 'mere speculation, conjecture, or fantasy.'" *Mann v. GTCR Golder Rauner, L.L.C.*, 483 F.Supp.2d 864, 868 (D.Ariz. 2007) (citing *Bates v. Clark County*, 2006 U.S. Dist. LEXIS 82689, 2006 WL 3308214, at * 2 (D.Nev. Nov. 13, 2006), quoting *O.S.C. Corp. v. Apple Computer, Inc.*, 792 F.2d 1464, 1467 (9th Cir. 1986)).

"[U]ncorroborated and self-serving testimony or declarations, without more, will not create a genuine issue of material fact precluding summary judgment." *Mann v. GTCR Golder Rauner, L.L.C.*, 483 F.Supp.2d 864, 868 (D.Ariz. 2007) (citing *Dubois v. Ass'n Apart. Owners 2987 Kalakaua,* 453 F.3d 1175, 1180 (9th Cir. 2006)). "Nor will 'a mere scintilla of evidence' be sufficient 'to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some significant probative evidence tending to support the complaint.'" *Mann v. GTCR Golder Rauner, L.L.C.*, 483 F.Supp.2d 864, 868 (D.Ariz. 2007) (citing *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable, [citation] or is not significantly probative, [citation] summary judgment may be granted." *Id.*, at 249-250.

/ / /

/ / /

AMERICAN AIRLINES REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION

Case No. 2:23-cv-02425-ROS--DMF

"If a party fails to properly support an assertion of fact … as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. Rules Civ. Proc. R. 56(e).

Here, American Airlines' motion for summary judgment is properly supported by: (i) Plaintiff's testimony and sworn discovery responses (*see*, SS, Exhibits D, E, and I); (ii) sworn statements from two passenger eyewitnesses (SS, Exhibits B and C); (iii) sworn statements from three American Airlines employees (SS, Exhibits A, G, and H); (iv) testimony from one of the responding officers (SS, Exhibit J); and (v) the police report that Plaintiff expressly incorporated as evidence in 15 of his responses to American Airlines' 25 interrogatories (SS, Exhibits E and F). Consequently, to successfully oppose summary judgment, Plaintiff is required to submit concrete evidence; not rely solely upon his uncorroborated, self-serving testimony and speculation. He failed to provide such evidence and, thus, failed to create a genuine triable issue precluding summary judgment.

To illustrate, Plaintiff argues that ATSA does not immunize Defendant from civil liability because he speculates—without any probative evidence—that American's employees knowingly or recklessly made false statements to law enforcement. (Oppo., 1:28-2:2, 7:17-21; 8:16-18; 9:15-19.) Plaintiff further argues "there is ample evidence" to support his assault and battery claims against American Airlines but, again, offers only his speculation that (a) American Airlines "intended" to cause Plaintiff either a harmful or offensive contact or imminent apprehension of such contact (Oppo. 10:21-11:2), and (b) the calls for law enforcement's assistance "caused" the officers to physically attack Plaintiff (Oppo. 11:3-5).

The sole "evidence" Plaintiff uses to dispute the sworn testimony of American's six eyewitnesses is his own uncorroborated, self-serving testimony wherein: (a) he merely denies the truth of all eyewitness accounts (*see*, Plaintiff's

Response to American's Separate Statement, Exhibit 1 ("Plaintiff's Exhibit 1"), 41:7-14; 44:3-18; 45:2-22; 49:12-20; 64:9-12; 69:7-16), (b) he speculates as to the mindset of the responding officers (Plaintiff's Exhibit 1, 70:13-24; 141:3-7), and (c) he repeatedly admits he "does not remember" whether the events recounted by numerous eyewitnesses occurred or not (Plaintiff's Exhibit 1, 31:14-15; 32:22-24; 34:9-15; 35:11-22; 38:2-7; 40:3-13; 40:25-41:2; 41:7-25; 42:23-24; 43:11-19; 44:3-18; 49:12-20; 54:22-55:1; 55:16-18). This does not suffice to establish a genuine triable issue. Indeed, even the case cited in Plaintiff's opposition (Oppo. 9:20-22) expressly states that Plaintiff "'may not rest upon mere allegations or denials'"; he "'must set forth specific facts showing that there is a genuine issue for trial.'" *Russell v. Flores* (D.Ariz. Jan. 9, 2017, No. CV-14-02474-TUC-RM (EJM)) 2017 U.S.Dist.LEXIS 4169, at *10-11 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986), quoting Fed.R.Civ.P. 56(e)). Plaintiff's uncorroborated and indefinite testimony, even when viewed in a light most favorable to him, is insufficient to demonstrate a triable issue of fact.

As Plaintiff concedes, to create a triable issue regarding his claim for assault and battery, he must provide significant probative evidence showing that American's employees (1) **intended** to cause him a harmful or offensive contact or imminent apprehension of such contact, and (2) engaged in conduct that **caused** Plaintiff to feel apprehension of a harmful or offensive contact. (Oppo., 10:5-14.) More importantly, to create a genuine triable issue as to whether the exception to ATSA immunity applies, he must provide evidence that American's employees **knowingly** made false statements to law enforcement or acted with reckless disregard for the truth or falsity (i.e., **actual malice**). (*See*, MSJ, 10:10-24.) Despite arguing to the contrary, Plaintiff has no actual evidence to support his assertions regarding the knowledge or intent of American's employees as they were communicating with law enforcement, or the mindset of the responding officers when they encountered Plaintiff at the scene.

/ / /

AMERICAN AIRLINES REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION

Moreover, Plaintiff himself cannot opine as to whether his conduct when interacting with American's employees created an aviation safety risk or disruption, whether the communications to law enforcement were accurately conveyed, nor whether the responding officers' use of physical force was anything other than a normal response pursuant to independent police judgment. (Oppo., 2:25-3:2; 5:2-5.) Aviation safety and police response protocol are highly specialized fields beyond the purview of lay witnesses and, thus, require expert testimony as to what airline personnel look for when evaluating whether a passenger poses a safety risk, what the appropriate protocol is when requesting law enforcement's assistance with a passenger, the industry standards for conveying information to police, and whether police force is appropriate under the circumstances. *See*, Fed. Rules Evid. R. 702. Plaintiff is not an expert in the field of aviation safety, aviation emergency dispatch standards, or police response/investigation protocol, and did not disclose a single expert in this case.

Plaintiff cannot establish threshold elements of his claims (e.g., knowledge, intent, and proximate causation), and his self-serving, uncorroborated version of the facts does not create a genuine factual dispute for trial. Therefore, Defendant's motion for summary judgment must be granted in its entirety.

## III.    CONCLUSION

For the reasons set forth in American's motion and herein, American Airlines respectfully requests an order granting summary judgment in its favor. Plaintiff concedes that his claim for instigating or participating in a false arrest is time-barred and must be dismissed. Moreover, since all of Plaintiff's civil claims rest upon his unsupported allegation that American's employees made false statements to law enforcement but has no evidence to demonstrate the statements were knowingly false or made with actual malice, the undisputed evidence demonstrates that ATSA immunizes American Airlines from civil liability for said statements.

/ / /

Plaintiff's uncorroborated, self-serving testimony is insufficient to create a triable issue as to the mindset of American's employees when calling for law enforcement. Likewise, his speculation that American's employees intended to cause Plaintiff harm or caused the responding officers to physically attack him is not supported by any admissible evidence. Ultimately, Plaintiff has no significant probative evidence to demonstrate that American's employees made knowingly false statements or acted with actual malice. He therefore failed to establish a genuine factual dispute to preclude summary judgment. American Airlines is entitled to summary judgment as to the entirety of Plaintiff's civil claims.

Respectfully submitted,

Dated: March 19, 2026                    By:    */s/ Patrick Kearns*
                                                Patrick J. Kearns, Esq.
                                                Taylor Allin, Esq.
                                                Sarena L. Kustic, Esq.
                                                *Attorneys for Defendant, American Airlines*

AMERICAN AIRLINES REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION

Case No.  2:23-cv-02425-ROS--DMF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed and served this 26th day of March 2026, using this Court's CM/ECF filing system which will electronically transmit a copy to all counsel of record.

Dated: March 19, 2026          By:     */s/ Patrick Kearns*
                                        Patrick J. Kearns, Esq.
                                        *Attorneys for Defendant, American Airlines*

AMERICAN AIRLINES REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION

Case No.  2:23-cv-02425-ROS--DMF