Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Sean Bennett, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Benham, a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple,<br><br>Defendants. | No.: CV-23-02425-PHX-ROS (DMF)<br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND THE JUDGMENT UNDER FED. R. CIV. P. 59(E) AND LRCIV 7.2(G)**<br><br>(Assigned to the Honorable Roslyn O. Silver and referred to the Honorable Deborah M. Fine for all pretrial proceedings) |

Through counsel undersigned and pursuant to Rule 59(e)[1] of the Federal Rules of Civil Procedure and Rule 7.2(g) of the Local Rules of Civil Procedure, Plaintiff Sean Bennett ("Plaintiff") respectfully moves the Court to reconsider its June 17, 2026 Order granting summary judgment to Defendant American Airlines, Inc. ("Defendant") (Doc. 79) (the "Order"), and to alter or amend the Judgment entered that same day (Doc. 80) (the "Judgment"). This Motion is timely. It is filed within fourteen days of the Order, *see* LRCiv

---

[1] To the extent the Court construes any portion of this Motion as arising under Rule 60(b) rather than Rule 59(e), the same errors warrant relief.

7.2(g)(2), and within twenty-eight days of the entry of the Judgment, *see* Fed. R. Civ. P. 59(e).

Reconsideration is warranted because the Order rests on manifest errors of law and fact. As set forth below with the specificity required by LRCiv 7.2(g)(1), the Order (1) resolves against Plaintiff a disputed question of state of mind arising from a report to police that the Court itself found untrue; (2) disregards Plaintiff's specific, sworn denials as "conclusory," contrary to controlling Ninth Circuit authority; and (3) decides the causation element of Plaintiff's assault and battery claims under inapposite federal authority rather than governing Arizona law. This Motion does not repeat the arguments made in Plaintiff's Response (Doc. 72); it addresses errors appearing on the face of the Order. It is supported by the following Memorandum of Points and Authorities and the record in this action.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.      LEGAL STANDARD**

A motion under Rule 59(e) may be granted "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Similarly, the Court will grant reconsideration of an order upon "a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Because the Order was accompanied by a final Judgment terminating this action, Plaintiff proceeds under both Rule 59(e) and LRCiv 7.2(g).

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

## II.    THE ORDER RESOLVES A DISPUTED STATE OF MIND QUESTION AGAINST THE NONMOVANT AFTER FINDING THE "PHYSICALLY FIGHTING" REPORT UNTRUE.

### A.    The Court found the report untrue, and the falsehood was material.

The Order holds that when Aviation Police Dispatch asked Defendant's Tower Gate Dispatcher whether Plaintiff was "physically fighting" and she answered "[t]hat's my understanding," the statement was false: "the Record does not support that Plaintiff was physically fighting and this statement was untrue to the extent it conveyed Plaintiff was fighting." (Doc. 79 at 15.) That falsehood was material under *Air Wisconsin Airlines Corp. v. Hoeper*, 571 U.S. 237 (2014), because a report of an ongoing physical fight with a flight crew tells responding officers that they are heading into violence, and a reasonable officer responds accordingly. The record shows precisely that effect. After the report, the Aviation Police Dispatcher noted a "Request to Step up" and advised that the officers would be told "that they need to respond a little bit quicker." (Doc. 66-6 at 3.) The officers who encountered Plaintiff moments later took him to the ground. (Doc. 66 ¶ 16; Doc. 73 ¶ 16.)

### B.    Whether the untrue report was made with reckless disregard was a question for the jury.

With the falsity of the disclosure established, immunity under the Aviation and Transportation Security Act turned on one remaining question: whether the disclosure was "made with reckless disregard as to the truth or falsity of that disclosure." 49 U.S.C. § 44941(b)(2). The Order resolves that question itself, concluding that "there is no showing that the Aviation Police Dispatcher's responding to a question of whether Plaintiff was physically fighting with 'that's my understanding' was made with reckless disregard versus an actual misunderstanding of Plaintiff's behavior on the airplane." (Doc. 79 at 15.) With respect, the choice between reckless disregard and an innocent misunderstanding is a choice between competing inferences drawn from the same facts, and at summary judgment that choice belongs to the jury. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

those of a judge . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Questions involving a person's state of mind . . . are generally factual issues inappropriate for resolution by summary judgment," and "summary judgment should not be granted where contradictory inferences may be drawn" from the facts, "even if undisputed." *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985).

A reasonable jury could find reckless disregard on this record. No employee of Defendant ever reported a physical fight. The Pilot reported a "combative passenger" (Doc. 66 ¶ 7; Doc. 73 ¶ 7), and the Order accepts that "combative" means "marked by an eagerness to fight or contend," not physically fighting. (Doc. 79 at 14 & n.3; *see* Doc. 65 at 12 n.2.) So when police dispatch asked the pointed question whether the passenger was "physically fighting," the Tower Gate Dispatcher had no source for an affirmative answer, yet she confirmed it. Minutes later, asked about the same passenger, she conceded, "Um, I'm not sure about that. That was just an (insa?) update from the pilot and so once he was off they closed the door." (Doc. 66-6 at 3.) Under the actual malice framework that *Hoeper* incorporated into § 44941(b), *see* 571 U.S. at 249, a jury may find recklessness where the speaker "entertained serious doubts as to the truth of his publication," *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968), where the statement was fabricated or rested wholly on an unverified source, *id.* at 732, or where "there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports," *id.*; *see also Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 692 (1989) ("purposeful avoidance of the truth" supports a finding of actual malice). Confirming to armed responding officers that a fight is underway, on no source at all, and then admitting moments later to being "not sure," permits each of those findings.

The Order reasons that there is "no showing" of recklessness. The showing is the transcript sequence itself, viewed in the light most favorable to Plaintiff: an affirmative confirmation of physical fighting that had no source, followed by an admission of uncertainty, followed by a renewed report of combativeness. Because the record permits, even if it does not compel, a finding of reckless disregard, immunity could not be resolved

4

against Plaintiff as a matter of law, and Counts Three and Seven, which the Order dismissed solely on immunity grounds (Doc. 79 at 16-17), should be reinstated for trial.

### III.   THE ORDER DISREGARDS PLAINTIFF'S SPECIFIC SWORN DENIALS AS "CONCLUSORY," CONTRARY TO CONTROLLING AUTHORITY.

The Order declines to credit Plaintiff's deposition testimony on the ground that much of it consists of "sweeping generalizations" and that "his general averments that everyone lied and he was peaceful at all times are too conclusory to create a disputed issue of material fact." (Doc. 79 at 14.) The Order elsewhere acknowledges the controlling rule: a district court may not "disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature," even if it is uncorroborated. *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) (cited at Doc. 79 at 13). The manifest error lies in the application, because Plaintiff's testimony did not stop at generalities. He denied, under oath and from personal knowledge, each specific predicate fact behind Defendant's escalating reports. He denied kicking the gate door: "Not me. Didn't kick a door." (Doc. 73 (CSOF) ¶ 10, citing Ex. 1 at 54:24-55:1; Doc. 79 at 9.) He denied any physical altercation with anyone on the plane or in the jet bridge. (Doc. 73 (CSOF) ¶ 11, citing Ex. 1 at 53:18-24, 57:1-3.) He denied uttering any obscenities. (*Id.* ¶ 13, citing Ex. 1 at 40:25-41:2, 41:8-14.) He denied saying anything about killing people. (*Id.* ¶ 12, citing Ex. 1 at 34:12-15, 35:19-21, 40:3-8, 49:12-20.) He denied speaking loudly or frightening anyone on the plane. (*Id.* ¶ 14, citing Ex. 1 at 41:8-14.) And he testified that when Defendant's employees told him to leave, he left right away. (*Id.* ¶ 7, citing Ex. 1 at 33:11-15, 46:25-47:24, 66:8-11.) A first person denial of a specific act is direct evidence, not a conclusion. *See Nigro*, 784 F.3d at 497-98.

These denials were outcome determinative. The Order sustains immunity for the First Statement because two non-party witnesses describe Plaintiff shouting and arguing (Doc. 79 at 14), and sustains immunity for the Third Statement because Plaintiff purportedly "does not address with any non-conclusory evidence" the testimony that he

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

approached Defendant's employees with balled fists while making threatening remarks (Doc. 79 at 16). Both rulings treat Plaintiff's specific denials as no evidence at all, and both weigh Defendant's witnesses against Plaintiff's sworn account, which *Anderson* forbids. 477 U.S. at 255. Crediting Plaintiff's account, as the Court must at this stage, a jury could find that Plaintiff was not combative on the plane or in the gate area and that the contrary reports were false. As to recklessness, the only contemporaneous report from the gate area described Plaintiff as "very agitated" (Doc. 66 ¶ 11; Doc. 73 ¶ 11), yet the Tower Gate Dispatcher escalated "very agitated" to "still being combative" immediately after conceding that she was "not sure" whether Plaintiff had been fighting at all. (Doc. 66-6 at 3.) On this record, the falsity and recklessness of the First and Third Statements likewise could not be resolved as a matter of law.

## IV.  ARIZONA LAW, NOT FEDERAL CIVIL RIGHTS CAUSATION DOCTRINE, GOVERNS THE ASSAULT AND BATTERY CLAIMS, AND IT MAKES FORESEEABILITY A JURY QUESTION.

Counts Four and Five are Arizona common law claims, so Arizona law supplies the substantive rules of causation. The Order instead relied on *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996), and *Estate of Lopez ex rel. Lopez v. Torres*, 105 F. Supp. 3d 1148, 1157-58 (S.D. Cal. 2015), both federal civil rights cases, to hold as a matter of law that "it was unforeseen and abnormal that an assault and battery would occur as the result of the reports made by Defendant's employees." (Doc. 79 at 12.)

Arizona law is materially different. "A superseding cause, sufficient to become the proximate cause of the final result and relieve defendant of liability for his original negligence, arises only when an intervening force was unforeseeable and may be described, with the benefit of hindsight, as extraordinary." *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546 (1990) (citing *Ontiveros v. Borak*, 136 Ariz. 500, 505-06 (1983)). "Ordinarily, the question of proximate cause is a question of fact for the jury." *Id.* And the scope of the risk created by a defendant's conduct may include the later acts of third persons. *Id.* at 546-47, 789 P.2d at 1047-48.

6

A jury could readily find that a forceful police response was not merely foreseeable but the natural and probable consequence of Defendant's reports. Defendant's employees told police that a passenger was "combative," confirmed that he was physically fighting, reported that he was "still being combative," and pressed for officers "A.S.A.P.," after which dispatch advised that officers would be told to respond more quickly. (Doc. 66 ¶¶ 7-8, 11; Doc. 73 ¶¶ 7-8, 11; Doc. 66-6 at 3.) Officers told that a man is fighting people at an airport gate can be expected to arrive prepared to use force, and these officers did exactly that on sight. (Doc. 66 ¶ 16; Doc. 73 ¶ 16.) Whether their response was unforeseeable and, in hindsight, extraordinary was a question for the jury under *Robertson*, and resolving it as a matter of law under inapposite federal authority was manifest error.

## V.   THE ORDER DISMISSES COUNTS THREE AND SEVEN IN THEIR ENTIRETY, EVEN THOUGH THEY REST IN PART ON CONDUCT THE ATSA DOES NOT IMMUNIZE.

The Order grants judgment on Counts Three and Seven "[b]ecause Plaintiff's Counts Three and Seven are based on statements for which Defendant is entitled to immunity." (Doc. 79 at 16-17.) That premise is incomplete. Count Three alleges that Defendant breached the standard of care in three distinct ways: "by falsely reporting to Defendant COP police dispatchers that Sean was physically fighting onboard, and close to, the airplane, by adding Sean to, or causing Sean to be added to, the 'no fly list' without justification, and by pressing charges against Sean for his conduct on the plane without justification." (Doc. 1-1 ¶ 84.) Count Seven incorporates those allegations. (*Id.* ¶¶ 102-05.) Immunity under the ATSA is disclosure specific. A covered air carrier "shall not be civilly liable . . . for such disclosure," 49 U.S.C. § 44941(a), meaning the voluntary disclosure of a suspicious transaction to the recipients the statute lists. Whatever its reach as to the reports made to police dispatch, the statute does not immunize placing a passenger on a no-fly list or initiating charges against him. Defendant's Motion did not address those theories at all, so Defendant never carried its initial burden as to them. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (movant bears the initial responsibility of presenting the basis for its

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

motion and identifying the portions of the record it believes show the absence of a genuine issue); *see* Doc. 79 at 3 (stating this standard). And a court may grant summary judgment on a ground not raised by a party only "[a]fter giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f)(2). Plaintiff received no such notice. Dismissing the entirety of Counts Three and Seven based on a statement specific immunity was therefore a manifest error of law. At a minimum, the no-fly list and pressing charges theories in Counts Three and Seven must be reinstated.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion, vacate the portions of the June 17, 2026 Order (Doc. 79) granting summary judgment on Counts Three, Four, Five, and Seven, vacate the Judgment (Doc. 80), and restore this action to the Court's trial calendar.

**RESPECTFULLY SUBMITTED** this 1st day of July 2026.

**MILLS + WOODS LAW, PLLC**


By  */s/ Sean A. Woods*
Robert T. Mills
Sean A. Woods
5055 N 12th Street, Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiff*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Patrick J. Kearns, Esq.
Patrick.Kearns@wilsonelser.com
Taylor Allin, Esq.
Taylor.Allin@wilsonelser.com
Sarena Kustic, Esq.
Sarena.Kustic@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
katelyn.kingsley@wilsonelser.com
ashlynn.robbins@wilsonelser.com
emilee.staley@wilsonelser.com
2231 E Camelback Rd., Ste. 200
Phoenix, Arizona 85016
*Attorneys for Defendant American Airlines Group, Inc.*


        */s/ Ben Dangerfield*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556