Patrick J. Kearns (*Admitted Pro Hac Vice*)
Taylor Allin (AZ Bar No. 031834)
Sarena L. Kustic (*Admitted Pro Hac Vice*)
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
2231 East Camelback Road, Suite 200
Phoenix, Arizona 85016
Telephone: (480) 562-3660
Facsimile: (480) 562-3659
Email: Patrick.Kearns@wilsonelser.com
        Taylor.Allin@wilsonelser.com
        Sarena.Kustic@wilsonelser.com

*Attorneys for Defendant, American Airlines, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bennett, an individual,<br><br>                           Plaintiff,<br><br>    vs.<br><br>City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Denham, a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple;<br><br>                           Defendant(s). | Case No.  2:23-cv-02425-ROS--DMF<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Honorable Judge: Roslyn O. Silver<br>Magistrate Judge: Deborah M. Fine |

Defendant American Airlines, by and through its counsel of record herein, submits the following points and authorities in opposition to Plaintiff's Motion for Reconsideration:

340161617v.2

## I.    INTRODUCTION

Plaintiff's motion must be denied because not one of his arguments satisfies the strict standard or heavy burden for reconsideration. Plaintiff fails to identify a "manifest error in fact or law" as is required in a Rule 59(e) motion. Instead, Plaintiff improperly seeks to relitigate his opposition to Defendant's summary judgment motion and asks this Court to reweigh the evidence.

This Court correctly found there was no evidence to create a dispute of fact as to whether the statements attributed to Defendant were made with reckless disregard, and Plaintiff's unsupported conjecture was insufficient to overcome summary judgment.  Plaintiff fails to offer any new fact or law to warrant a different outcome and, thus, fails to demonstrate a manifest error.

The Court correctly found that there was no evidence to suggest that the police officers' conduct was proximately caused by Defendant's requests for law enforcement assistance. Plaintiff's argument that the standard is whether the conduct was "unforeseeable and extraordinary," as opposed to "unforeseeable and abnormal," is unavailing because: (i) the standards are virtually identical and, given the evidentiary record before this Court, would result with the same outcome; and (ii) Plaintiff's unsupported speculation as to why the officers came into physical contact with him cannot create a triable issue of fact. Thus, Plaintiff fails to demonstrate a manifest error.

Finally, this Court's disposition of Counts Three and Seven was appropriate, regardless of the allegations in Plaintiff's complaint. Plaintiff knew Defendant was seeking summary judgment as to the entirety of his complaint but failed to argue (or submit any evidence) that his negligence or intentional infliction of emotional distress claim were viable because of his no-fly-list and pressing-charges allegations. Not only has he forfeited such argument, but the record before this Court shows that these allegations independently fail for lack of evidentiary and legal support. Again, Plaintiff fails to demonstrate a manifest error of law or fact.

Defendant respectfully requests Plaintiff's motion for reconsideration be denied.

340161617v.2

## II.    LEGAL STANDARD

A motion for reconsideration is not a vehicle to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. Relief under Federal Rule of Civil Procedure 59(e) is an "extraordinary remedy, to be used sparingly" and requires the movant to demonstrate (1) a manifest error of law or fact, (2) newly discovered or previously unavailable evidence, (3) manifest injustice, or (4) an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Likewise, Local Rule 7.2(g)(1) requires "a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." As set forth below, Plaintiff's motion fails to meet these standards and must therefore be denied.

## III.    ARGUMENT

### A. <u>This Court Correctly Found No Dispute of Fact as to Whether the Dispatcher's Statements Were Knowingly False or Made with Reckless Disregard.</u>

Plaintiff fails to demonstrate any manifest error of law or fact regarding the Court's finding that there was no evidence that the Tower Gate Dispatcher's statements were made with reckless disregard for the truth and, thus, no triable issue of fact in this regard. Instead, Plaintiff improperly seeks to have this Court re-review the evidence already ruled upon and entertain a new (and legally incorrect) argument Plaintiff failed to assert in his opposition to Defendant's summary judgment motion. Thus, reconsideration must be denied.

The Aviation and Transportation Security Act's ("ATSA") immunity provision affords reporting parties "breathing space" for good-faith reports made in fast-moving situations; denying immunity for a substantially true report made without complete certainty would defeat the statute's purpose of encouraging prompt reporting of potential security threats. *Air Wisconsin Airlines Corp. v. Hoeper*, 571 U.S. 237, 249, 257 (2014) ("By incorporating the actual malice standard into § 44941(b), Congress

340161617v.2

meant to give air carriers the 'breathing space' to report potential threats to security officials without fear of civil liability for a few inaptly chosen words.") "It would defeat this purpose to deny immunity for substantially true reports, on the theory that the person making the report had not yet gathered enough information to be certain of its truth." *Id.*, at 257.

Here, the Court correctly found there was no evidence that the dispatcher's statements were made with reckless disregard for the truth. (Doc. 79, 15:23-26; and 16:23-28.) Plaintiff's argument that "a jury may find recklessness where the speaker "entertained serious doubts as to the truth of his publication" fails for multiple reasons. (Doc. 81, 4:15-23.)

First, and significantly, Plaintiff's argument must be disregarded because he failed to assert it in his opposition to Defendant's summary judgment motion. *See, Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (no abuse of discretion when legal arguments are made for the first time on a Rule 59(e) motion are disregarded). Plaintiff's opposition to Defendant's summary judgment motion argued, without any supporting evidence, that the Dispatcher's statements were "extremely reckless" and "uttered with actual knowledge it was false, inaccurate, misleading, or with reckless disregard of its truth." (Doc. 72, 8:27-9:18.) Plaintiff did not, as he now does in his reconsideration motion, argue that the Dispatcher's state of mind is solely a jury question. (Doc. 81, 4:2-5.) Nevertheless, this brand-new argument is also incorrect.

The cases cited by Plaintiff confirm that a determination of whether the evidence "is sufficient to support a finding of actual malice *is a question of law*." *Harte-Hanks Communications v. Connaughton*, 491 U.S. 657, 685 (1989) (emphasis added); and *id.*, at 659 ("[J]udges in such cases have a constitutional duty to exercise independent judgment and determine whether the record establishes actual malice with convincing clarity."); *see, also, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) ("[A] court ruling on a motion for summary judgment must be guided by the *New York Times*

340161617v.2

'clear and convincing' evidentiary standard in determining whether a genuine issue of actual malice exists -- that is, whether the evidence presented is such that a reasonable jury might find that actual malice had been shown with convincing clarity."); and *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985) ("[W]here the palpable facts are substantially undisputed, such issues can become questions of law which may be properly decided by summary judgment."). Thus, Plaintiff's suggestion that "state of mind" is solely a jury question misconstrues both the law and the record before this Court. (Doc. 81, 4:2-5.)

Finally, Plaintiff's argument ignores that, to defeat Defendant's summary judgment motion, he is required to submit "affirmative evidence … from which a jury might return a verdict in his favor." *Anderson, supra,* 477 U.S. at 257. Reckless disregard is a subjective standard and requires "sufficient evidence to permit the conclusion that the [speaker] in fact entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). Plaintiff failed to offer any evidence whatsoever to suggest that the Dispatcher's statements were made with reckless disregard. (Doc. 79, 15:23-26 and 16:24-26.) Contrary to Plaintiff's reconsideration argument, the record does not show that the Tower Gate Dispatcher "entertained serious doubts" about the truth of the "physically fighting" statement at the time it was made, nor that she "confirmed" there was a physical fight. (Doc. 81, 4:10-16.) Rather, the record reflects the Dispatcher's own contemporaneous self-correction—*e.g.*, "That's my understanding" and "I'm not sure about that" (Doc. 66-6, BENNETT_000099)—which is evidence of good faith and candor, not reckless disregard for the truth. This is reinforced by the *Hoeper* "breathing space" rationale because the statements at issue arose in a fast-moving, live security situation in which instantaneous, complete certainty was neither possible nor required. Holding a reporting party to a standard that punishes candid, substantially true reports made without complete certainty would defeat the very purpose the immunity provision exists to serve—*i.e.*, to encourage, rather than chill, prompt reporting of potential

5

security threats. This Court correctly credited this rationale in finding no evidence of reckless disregard. (Doc. 79, 4:15-26.)

This Court appropriately found no genuine dispute of fact as to whether the Dispatcher's statements were knowingly false or made with reckless disregard for the truth. Plaintiff fails to demonstrate a manifest error of fact or law and, therefore, reconsideration must be denied as to this issue.

**B. The Court Correctly Distinguished Plaintiff's Conclusory Testimony from Competent Summary Judgment Evidence.**

Reconsideration must be denied because this Court correctly found that Plaintiff's sweeping, conclusory generalizations were insufficient to create a material factual dispute. Plaintiff again fails to demonstrate a manifest error of law or fact.

A party cannot defeat summary judgment with vague, conclusory, or sweeping generalizations; specificity is required. *Carter v. Clark County*, 459 F. App'x 635, 636-37 (9th Cir. 2011). "[F]ailure to remember and lack of knowledge are not sufficient to create a genuine dispute." *Federal Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002). Nor may a party rely on "mere speculation, conjecture, or fantasy." *Mann v. GTCR Golder Rauner, L.L.C.*, 483 F.Supp.2d 864, 868 (D.Ariz. 2007). "[U]ncorroborated and self-serving testimony or declarations, without more, will not create a genuine issue of material fact precluding summary judgment." *Ibid.*

Here, the Court correctly determined that Plaintiff "fail[ed] to dispute much of Defendant's evidence and if Plaintiff does not dispute certain testimony, his general averments that everyone lied and he was peaceful at all times are too conclusory to create a disputed issue of material fact." (Doc. 79, 14:11-14.) This characterization of Plaintiff's "evidence" is amply supported by the record: three airline personnel (Doc. 66-1, 66-7, and 66-8) attested to their observations on the aircraft and at the gate area, and two non-party passengers independently corroborated the events onboard the aircraft (Doc. 66-2 and 66-3), while Plaintiff repeatedly testified that he "does not remember" or "dos not recall" whether the events recounted by these eyewitnesses

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
Case No.  2:23-cv-02425-ROS--DMF

340161617v.2

occurred (Doc. 73-1). Plaintiff's professed lack of memory is not competent evidence capable of creating a genuine dispute. *Fed. Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002) ("[T]he party against whom a summary judgment motion is brought must present evidence that, if presented at trial, would support a judgment in its favor" and "repeated failures of recollection" and "steadfast denials" do not meet this standard.). Plaintiff's own uncorroborated, self-serving denials cannot substitute for competent evidence. *Mann, supra,* 483 F.Supp.2d at 868.

Plaintiff's argument that the Court "may not 'disregard a piece of evidence at the summary judgment stage based on its self-serving nature,' even if it is uncorroborated" is misplaced. (Doc. 81, 5:9-11.) *Nigro* does not stand for the proposition that vague, unsupported generalizations can defeat summary judgment; it permits only specific denials that are themselves corroborated in substance. *See, Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.")

As this Court correctly found, Plaintiff's testimony did not meet that threshold—it is precisely the kind of unspecific, uncorroborated assertion that the law holds insufficient. This Court drew that distinction appropriately (Doc. 79, pp. 14, 16), and Plaintiff's motion offers no new fact or authority. His unilateral disagreement with the Court's application of settled law to the existing record is inappropriate in a Rule 59(e) motion. Reconsideration must therefore be denied.

**C. Even Under Arizona's Causation Standard, Summary Judgment is Still Appropriate Because the Officers Exercised Independent Police Discretion.**

The Court's foreseeability/causation ruling (Doc. 79, 12:2-13) was not manifest error because, even assuming, *arguendo*, that Arizona's causation standard applies, Plaintiff cannot defeat summary judgment. The officers' independent discretionary judgment defeats causation as a matter of law. Thus, reconsideration must be denied as to this issue as well.

340161617v.2

Under Arizona law, "[t]he proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred." *Robertson v. Sixpence Inns of America, Inc.*, 163 Ariz. 539, 546 (1990). "A superseding cause, sufficient to become the proximate cause of the final result …, arises only when an intervening force was unforeseeable and may be described, with the benefit of hindsight, as extraordinary." *Ibid*. While proximate cause is ordinarily a question for the jury, it is a question for the court to decide when "reasonable persons could not differ on the inference derived from the evidence." *Ibid.*

Importantly, Arizona law further holds that police action inherently requires police judgment and discretion. *See, e.g., Walls v. Arizona Dep't of Public Safety*, 170 Ariz. 591, 594 (Ct. App. 1991) ("[B]oth an investigatory stop and an arrest involve a judgment by a police officer."); *Spooner v. City of Phoenix*, 246 Ariz. 119, 123-124 (Ct. App. 2018) (discussing police acts "inherently requires judgment or discretion" including "decisions to investigate a crime or arrest a suspect").

Applying the *Robertson* superseding-cause standard that Plaintiff invokes (Doc. 81, 6:21-25) does not change the causation analysis. Whether categorizing the unforeseeable results as "abnormal"—*i.e.*, beyond normal—under federal authority, or "extraordinary"—*i.e.*, beyond ordinary—under Arizona authority, the results are unchanged—the officers' independent discretionary judgment defeats foreseeability as a matter of law. Thus, this Court correctly found that "it was unforeseen and abnormal that an assault and battery would occur as the result of the reports made by Defendant's employees." (Doc. 79, 12:7-9.)

Plaintiff's argument that reconsideration is warranted because proximate causation is solely a question for the jury is not only inaccurate, but it is also another argument he failed to raise in his opposition and, thus, should be disregarded here. (Doc 81, 6:26; *cf.* Doc. 72, 11:2-5.) Moreover, Plaintiff's argument that "a reasonable jury could readily find" that the officers' decision to use force was "a natural and

8

probable consequence" of Defendant's requests for law enforcement's assistance (Doc. 81, 7:1-2) overlooks the undisputed evidence before this Court.

Officer Todd Blanc testified that officers "must independently decide whether physical force is appropriate," "do not use force simply because they receive an urgent call," and act "based on their own independent judgment." (Doc. 66-10.) The police report, which Plaintiff incorporated as fact throughout his sworn discovery responses, shows the officers independently observed Plaintiff's behavior toward them as "threatening." (Doc. 66-6, BENNETT_000098 (Plaintiff "walked right up to [Officer Denham's] face and stated 'Don't touch me or we're going to have a problem.' Officer Denham replied clear and calm that he was not free to go and was being detained for an assault investigation while Officer Denham's hands stopped [Plaintiff]'s forward movement from going face to face. [Plaintiff] responded yelling 'Don't touch me' and stepped back, raised his arms up toward Officer Denham and yelled 'Let's go.' I reacted to this as [Plaintiff] threatening to fight him…").) Furthermore, Plaintiff himself conceded that responding officers have an independent duty to investigate the situation prior to making an arrest. (Doc. 13, 5:20-6:12.) Consequently, the undisputed evidence, combined with the Arizona authorities holding that police action "inherently requires judgment or discretion," confirms that the officers' conduct was an independent exercise of police discretion rather than a foreseeable, ordinary consequence of any statement attributable to Defendant.

Plaintiff's unilateral, unsupported conjecture as to why the officers came into physical contact with him cannot create a triable issue. This Court correctly found that "[t]here is no evidence that any of Defendant's employees committed assault or battery against Plaintiff and Plaintiff's arguments that the employees were the 'proximate cause' of police conduct is unsupported by any evidence." (Doc. 79, 11:27-12:1.) Thus, under either causation standard ("unforeseeable and abnormal" or "unforeseeable and extraordinary"), the officers' independent discretionary judgment defeats Plaintiff's

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
Case No.  2:23-cv-02425-ROS--DMF

340161617v.2

assault and battery claims as a matter of law. The Court's ruling was correct, Plaintiff fails to show a manifest error, and reconsideration must be denied accordingly.

**D. Plaintiff's Allegations in the Complaint Regarding Being Placed on a "No Fly List" or "Pressing Charges" Are Not New, Nor Are They Fact; Reconsideration of Counts III and VII on Must be Denied.**

The Court's disposition of Counts Three (Negligence) and Seven (Intentional Infliction of Emotional Distress) was appropriate, regardless of the no-fly-list and pressing-charges allegations in Plaintiff's complaint. Plaintiff was on notice that Defendant was seeking summary judgment on the entirety of the complaint and, thus, should have raised any "burden of proof" argument in his opposition. By failing to do so, he forfeited the argument. Moreover, the undisputed evidence before the Court, demonstrates that Plaintiff has no evidence whatsoever to support a negligence or IIED claim based on these allegations. Reconsideration of therefore must be denied.

"The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Thus, the moving party's summary judgment burden is to show the absence of a genuine issue of material fact.

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Ibid.* "The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Ibid*.

Under Rule 56(f)(2), a court may grant summary judgment "on grounds not raised by a party" when the nonmoving party has had notice and opportunity to respond.

/ / /

10

340161617v.2

A motion for reconsideration cannot be used to raise an argument that was fully apparent on the face of the existing record at the time of the original opposition and could have been raised then with reasonable diligence. L.R.Civ. 7.2(g)(1); *Allstate, supra,* 634 F.3d at 1111.

Here, Plaintiff was on notice that Defendant's summary judgment motion sought judgment "in its entirety" as to all claims Plaintiff asserted, including Counts Three and Seven, and thus had ample opportunity to try to demonstrate a viable claim. (Doc. 65, at 3:21-22.) The no-fly-list and pressing-charges allegations were pled in the operative complaint from the outset and, therefore, are not new fact or law. (Doc. 1-1, ¶ 84, incorporated at ¶¶ 102-05). Under *Celotex*, 477 U.S. at 323, any argument that Defendant failed to carry its initial burden as to these specific allegations would have been apparent on the face of Defendant's summary judgment motion and, consequently, Plaintiff's argument that ATSA immunity "does not immunize placing a passenger on a no-fly list or initiating charges against him" (Doc. 81, 7:23-25) should have been raised in his opposition, not on a post-judgment Rule 59(e)/L.R.Civ. 7.2(g) motion. His failure to do so precludes him from raising the argument now. *See,* L.R.Civ. 7.2(g)(1); *Allstate, supra,* 634 F.3d at 1111.

Even if forfeiture were not dispositive, no Rule 56(f)(2) notice problem arises on these facts. Plaintiff's opposition organized his immunity/assault-and-battery argument entirely around the four statements made to police and dispatch, mirroring Defendant's motion characterizing those four statements as "the sole statements which underly each of the Plaintiff's claims against American Airlines." (Doc. 65, 14:23-27.) Again, if Plaintiff believed there were alternative bases to succeed on his negligence or IIED claims, his opposition was the time to put forth that argument—*and evidence*—to defeat summary judgment. There was no unnoticed ground on which the Court ruled (Doc. 81, 8:2-3) because Plaintiff did not put his no-fly-list and pressing-charges *allegations* in play as independent bases for opposition in the first place. Thus, Plaintiff cannot establish a manifest error in fact or law.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Case No.  2:23-cv-02425-ROS--DMF

340161617v.2

Moreover, even setting aside forfeiture and the absence of any Rule 56(f)(2) notice problem, the summary judgment record does not contain any evidence to sustain either theory, and summary judgment on Counts Three and Seven was independently warranted on that basis.

The record before this Court demonstrates that Plaintiff's no-fly-list theory is contrary to the law. Airlines are not civilly liable solely for refusing to transport a passenger. *See,* 49 U.S.C. § 44902 ("Subject to regulations of the Administrator of the Transportation Security Administration, an air carrier, intrastate air carrier, or foreign air carrier may refuse to transport a passenger or property the carrier decides is, or might be, inimical to safety.") This law was provided in Defendant's summary judgment motion. (Doc. 65, 9:14-21.) Plaintiff cannot create a negligence or IIED claim based solely on Defendant refusing to allow him to fly on its airlines; nor did he even attempt to.

Regarding the "pressing charges" allegation, the decision to pursue criminal charges was not made by Defendant; the state/prosecutor decides whether or not criminal charges are pursued. *See, e.g., Cuzick v. State*, 421 P.2d 537, 537 (Ariz.Ct.App. 1966) ("the prosecutor may elect whether or not to prosecute"); and *Andrews v. Willrich,* 200 Ariz. 533, 536 (Ct.App. 2001) ("the executive branch decides what criminal charges to file"). Plus, the record before the Court demonstrated: (1) That the police officers cited Plaintiff for "disorderly conduct-fighting" and the victim was "society / public" (i.e., "State of Arizona"), not Defendant (Doc., 66-6, BENNETT000105); and (2) Plaintiff has no evidence to demonstrate that Defendant "pressed charges without justification" as his sworn discovery responses merely incorporated the allegations in his complaint and the content of the police report (Doc. 66-5, p. 6, ROG 5). Plaintiff's argument that Defendant "initiat[ed] charges against him" (Doc. 81, 7:25) further proves that he is basing his "pressing-charges" theory on the four statements addressed during summary judgment, which this Court correctly held are afforded immunity under ATSA.

12

340161617v.2

In sum, Plaintiff forfeited any challenge to the sufficiency of Defendant's showing on Counts Three and Seven by failing to raise it at the opposition stage, despite being on notice that Defendant was moving for summary judgment as to the entirety of his claims. Nonetheless, his no-fly-list and pressing-charges theories independently fail for lack of evidentiary and legal support. The Court's disposition of Counts Three and Seven was correct, and reconsideration must be denied accordingly.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration must be denied. Rather than show a "manifest error in law or fact," he improperly reargues his opposition to Defendant's summary judgment motion and asks this Court to re-weigh the evidence. There is simply no error of fact or law in the Court's summary judgment ruling, let alone an error that would result with a ruling in his favor. Defendant respectfully requests Plaintiff's motion be denied.

Respectfully submitted,

Dated: July 29, 2026

By:    */s/ Patrick Kearns*
Patrick J. Kearns, Esq.
Taylor Allin, Esq.
Sarena L. Kustic, Esq.
*Attorneys for Defendant, American Airlines, Inc.*

13

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
Case No. 2:23-cv-02425-ROS--DMF

340161617v.2

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed and served on this 29th day of July 2026, using this Court's CM/ECF filing system which will electronically transmit a copy to all counsel of record.

Respectfully submitted,

Dated: July 29, 2026

By: */s/ Patrick Kearns*
Patrick J. Kearns, Esq.
*Attorneys for Defendant, American Airlines, Inc.*

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
Case No. 2:23-cv-02425-ROS--DMF

340161617v.2