Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014-2555
480.999.4556

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Sean Bennett, an individual,

Plaintiff,

vs.

City of Phoenix, a governmental entity; American Airlines, Inc., a foreign corporation; Officer Joel Cottrell and Jane Doe Cottrell, a married couple; Officer Benjamin Denham and Jane Doe Benham, a married couple; Officer Todd Blanc and Jane Doe Blanc, a married couple; Officer Peru and Jane Doe Peru, a married couple; Sergeant Hogan and Jane Doe Hogan, a married couple,

Defendants.

No.: CV-23-02425-PHX-ROS (DMF)

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND THE JUDGMENT (ECF NO. 81)**

(Assigned to the Honorable Roslyn O. Silver and referred to the Honorable Deborah M. Fine for all pretrial proceedings)

Through counsel undersigned, Plaintiff Sean Bennett ("Plaintiff") respectfully Replies in support of his Motion for Reconsideration and to Alter or Amend the Judgment (ECF No. 81) (the "Motion").

## I. THE COURT SHOULD DEEM THIS REPLY PROPER.

Under LRCiv 7.2(g)(1), "[n]o response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court." Defendant American Airlines, Inc. ("Defendant") filed its Opposition to the Motion on July 29, 2026 (the "Opposition"). (ECF No. 83.) Because no order addresses a reply, Plaintiff respectfully requests that the Court deem this Reply as properly filed.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Good cause supports the propriety of a reply. The Opposition is not limited to a defense of the Order granting summary judgment to Defendant (the "Order"). It argues for the first time that the responding officers' "independent discretionary judgment defeats causation as a matter of law," relying on two Arizona qualified immunity decisions that were not cited in the summary judgment briefing. (ECF No. 83 at 7:26-27, 8:11-15.) It defends the disposition of Counts Three and Seven on new merits grounds, including two prosecutorial discretion cases that likewise appear nowhere in the summary judgment briefing. (ECF No. 83 at 12.) And it attributes to *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495 (9th Cir. 2015), a corroboration requirement that does not appear in the opinion. (ECF No. 83 at 7:10-13.) A short reply confined to this new matter will assist the Court in resolving the Motion. The parties have stipulated that a reply filed by August 19, 2026 is timely, while reserving to the Court the question whether a reply is proper. (Docs. 84, 84-1.)

## II. THE MOTION DOES NOT RAISE NEW ARGUMENTS; IT IDENTIFIES MANIFEST ERRORS IN THE ORDER.

Defendant first argues that the Motion's reckless disregard argument should be disregarded as new, citing *Zimmerman v. City of Oakland*, 255 F.3d 734 (9th Cir. 2001). (ECF No. 83 at 4:11-21.) That characterization is incorrect. In his Response to the summary judgment motion (the "MSJ"), Plaintiff argued that the Court could not make credibility determinations or weigh conflicting evidence, that all inferences had to be drawn in his favor, and that conflicting inferences preclude summary judgment. (ECF No. 72 at 5.) He further argued that the dispatcher's statements were made with actual knowledge of their falsity or with reckless disregard for the truth, based on the same recorded calls at issue here. (ECF No. 72 at 8-9.) The Motion contends that the Order resolved that disputed question by adopting one of two available inferences. (ECF No. 81 at 4-5.) Plaintiff could not have presented that argument before the Order issued, because the argument is directed at the Order's reasoning. Identifying a manifest error in the Court's decision is precisely

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

the function of a motion under Rule 59(e) and LRCiv 7.2(g)(1). *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). In *Zimmerman*, by contrast, the movant repeated arguments made earlier in the litigation and offered facts that had been available earlier in the proceedings, and the Ninth Circuit held only that the district court had the *discretion* to disregard them. 255 F.3d at 740. *Zimmerman* does not prevent a party from demonstrating that the court misapplied the summary judgment standard that both parties briefed.

## III. <u>RECKLESS DISREGARD IS A QUESTION OF FACT.</u>

The authorities cited in the Opposition establish the governing standard. The passage of *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) quoted in the Opposition frames the summary judgment inquiry as "whether the evidence presented is such that a reasonable jury might find that actual malice had been shown with convincing clarity." (ECF No. 83 at 4:27-5:3 (quoting *Anderson*, 477 U.S. at 257.) *Anderson* also holds that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." 477 U.S. at 255. *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657 (1989) is consistent with that division of functions. The passage Defendant cites states the rule of independent appellate review derived from *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485 (1984), under which judges must "independently decide whether the evidence in the record is sufficient to cross the constitutional threshold . . . ." *Harte-Hanks*, 491 U.S. at 685-86 (quoting *Bose*, 466 U.S. at 511). That review is conducted on a complete record; it does not authorize a court to resolve competing inferences. *Harte-Hanks* itself affirmed a defamation judgment entered on a jury's finding of actual malice. *Id.* at 686.

The Order found the "physically fighting" report untrue, but concluded that the record reflected "an actual misunderstanding" rather than reckless disregard. (ECF No. 79 at 15.) The Opposition now offers a competing interpretation of the same evidence, contending that the Tower Gate Dispatcher's statements reflect "contemporaneous self-correction," and constitute "evidence of good faith and candor, not reckless disregard of

the truth." (ECF No. 83 at 5:20-23.) That interpretation does not correspond to the sequence of the calls. The Dispatcher confirmed that Plaintiff was "physically fighting" in the second call; her statement "[u]m, I'm not sure about that" came minutes later, in the third call; and she followed it in the same conversation by reporting that Plaintiff was "still being combative." (ECF No. 66-6 at 3; ECF No. 79 at 10, 15-16.) More fundamentally, Defendant's interpretation is itself an inference drawn in its own favor. A jury could instead find that the Dispatcher confirmed ongoing physical violence to responding officers without any source for that confirmation, acknowledged her uncertainty minutes later, and nevertheless continued to press for an urgent response. Under *St. Amant v. Thompson*, 390 U.S. 727 (1968), a jury may find reckless disregard "where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports." *Id.* at 732. Because the record supports contradictory inferences on this question, summary judgment was improper. *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985).

*Air Wis. Airlines Corp. v. Hoeper*, 571 U.S. 237 (2014) does not support the Order's resolution of the question. The "breathing space" described in *Hoeper* merely protects "substantially true reports" conveyed with inaptly chosen words. *Id.* at 249, 257. The Court found Defendant's report untrue. (ECF No. 79 at 15:13-16.) Defendant's assertion that the statements "arose in a fast-moving, live security situation," (ECF No. 83 at 5:24), is a further inference regarding the speaker's circumstances and state of mind, again drawn in the movant's favor.

## IV. ***NIGRO* DOES NOT REQUIRE CORROBORATION, AND PLAINTIFF'S SPECIFIC DENIALS SATISFY ITS STANDARD.**

Defendant asserts that *Nigro* "permits only specific denials that are themselves corroborated in substance." (ECF No. 83 at 7:10-13.) *Nigro* holds the opposite. The Ninth Circuit concluded that "Nigro's declaration and deposition testimony, *albeit uncorroborated and self-serving*, *were sufficient* to establish a genuine dispute of material fact," because the testimony "was based on personal knowledge, legally relevant, and

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

internally consistent." 784 F.3d at 497-98 (emphasis added). Corroboration is not part of the standard. What a court *may* disregard is "a self-serving declaration that states *only conclusions and not facts* that would be admissible evidence." *Id.* at 497 (emphasis added). The sentence Defendant quotes is actually a parenthetical quotation from *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168 (9th Cir. 1997), and regardless was inapplicable to *Nigro's* holding because the testimony at issue there involved specific facts, not mere conclusions. *Id.* at 497-98.

Plaintiff's testimony satisfies *Nigro*'s standard. He specifically denied kicking the gate door, denied any physical altercation with anyone on the plane or in the jet bridge, denied yelling obscenities, and denied saying anything about killing people. (ECF No. 73 (CSOF) ¶¶ 10-14; ECF No. 79 at 9.) Those denials state specific facts within his personal knowledge, not conclusions. *Fed. Election Comm'n v. Toledano*, 317 F.3d 939 (9th Cir. 2002), addresses a different problem: testimony professing a failure of recollection, which demonstrates a *lack* of personal knowledge. *Id.* at 950 ("[F]ailure to remember and lack of knowledge are not sufficient to create a genuine dispute."). A specific denial of a specific act is not a failure of recollection. And *Mann v. GTCR Golder Rauner, L.L.C.*, 483 F.Supp.2d 864 (D. Ariz. 2007), a district court decision that predates *Nigro*, cannot displace it. The Order's treatment of Plaintiff's specific denials as not evidence remains a manifest error, and the Opposition's inaccurate account of *Nigro* confirms that those denials were not analyzed under the correct standard.

## V. DEFENDANT'S NEW CAUSATION ARGUMENT RELIES ON INAPPOSITE QUALIFIED IMMUNITY AUTHORITY.

Defendant argues for the first time that "[t]he officers' independent discretionary judgment defeats causation as a matter of law." (ECF No. 83 at 7:26-27.) The argument appears nowhere in the summary judgment briefing, and it rests on inapposite authority. *Walls v. Arizona Dep't of Public Safety*, 170 Ariz. 591 (Ariz. App. 1991) construes A.R.S. § 12-820.02(1), which grants qualified immunity to public entities and public employees;

its statement that "both an investigatory stop and an arrest involve a judgment by a police officer" resolves only whether the statutory immunity for failure to arrest extends to a failure to make an investigatory stop. 170 Ariz. At 594-95. *Spooner v. City of Phoenix*, 246 Ariz. 119 (App. 2018) likewise concerns the qualified immunity that protects public officials "performing an act that inherently requires judgment or discretion." *Id.* at 123, ¶ 9. Both doctrines limit the liability of the police. Neither addresses superseding cause, and neither extends any protection to a private party whose report brought the officers to the scene.

Under *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539 (Ariz. 1990), an intervening force relieves the original actor only when it "was unforeseeable and may be described, with the benefit of hindsight, as extraordinary." *Id.* at 546-47. Moreover, "[o]rdinarily, the question of proximate cause is a *question of fact for the jury*." *Id.* (emphasis added). *Robertson* applied that rule to an intervening criminal shooting and held that the question belonged to the jury. *Id.* at 547. That officers exercise judgment does not resolve foreseeability, because the officers' judgment operated on the information Defendant's employees supplied: that a passenger was physically fighting with a flight crew and that officers needed to respond more quickly. (ECF No. 66-6 at 3.) A reasonable jury could find that a forceful response was the foreseeable and ordinary consequence of that report. The Blanc declaration and the police report passages quoted in the Opposition describe the encounter through facts Plaintiff disputes (ECF No. 73 (CSOF) ¶¶ 10-14), and the Order did not rely on them; an opposition to reconsideration cannot supply an evidentiary basis that the Order lacks. Even under Defendant's own authority, "[o]rdinarily, the issue of gross negligence is a question of fact to be decided by the jury," *Walls*, 170 Ariz. at 595, and Count Three pleads gross negligence.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

## VI. DEFENDANT'S OWN MOTION DEPRIVED PLAINTIFF OF NOTICE AS TO COUNTS THREE AND SEVEN.

Defendant contends that Plaintiff forfeited his no fly list and pressing charges theories by failing to defend them at summary judgment, because the motion sought judgment on the entirety of the complaint. (ECF No. 83 at 10-11.) That contention cannot be reconciled with Defendant's own motion, which represented to Plaintiff and to the Court that the four reported statements "are the sole statements which underly each of the Plaintiffs' claims against American Airlines." (ECF No. 65 at 14:23-25.) A nonmoving party responds to the grounds the movant presents. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) places on the movant "the initial responsibility of informing the district court of the basis for its motion," *id.* at 323, and Rule 56(f)(2) permits judgment on grounds not raised by a party only "[a]fter giving notice and a reasonable time to respond," Fed. R. Civ. P. 56(f)(2). A motion that defines the claims as coextensive with four statements does not place alternative theories at issue.

The Opposition's new merits arguments confirm the absence of notice. *Cuzick v. State*, 421 P.2d 537 (Ariz. App. 1966) and *Andrews v. Willrich*, 200 Ariz. 533 (Ariz. App. 2001), which it cites, appear nowhere in the MSJ. Section 44902 appears there only as background in the immunity discussion, cited for the proposition that an airline may refuse to transport a passenger (ECF No. 65 at 9:14-21); the MSJ never mentioned the no fly list allegation, never argued that § 44902 barred a claim based on it, and never mentioned the pressing charges allegation at all. If the Court is inclined to consider these new grounds, Rule 56(f)(2) requires notice and a reasonable opportunity to respond with evidence. Resolving them for the first time on an opposition to reconsideration would repeat the error identified in the Motion.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file this Reply, grant the Motion (ECF No. 81), vacate the portions of the June 17, 2026 Order (ECF No. 79) granting summary judgment on Counts Three, Four, Five, and Seven, vacate the Judgment (ECF No. 80), and restore this action to the Court's trial calendar.

**RESPECTFULLY SUBMITTED** this 19th day of August 2026.

**MILLS + WOODS LAW, PLLC**

By *[/s/ Sean A. Woods]*

Robert T. Mills
Sean A. Woods
5055 N 12th Street, Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiff*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Patrick J. Kearns, Esq.
Patrick.Kearns@wilsonelser.com
Taylor Allin, Esq.
Taylor.Allin@wilsonelser.com
Sarena Kustic, Esq.
Sarena.Kustic@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
katelyn.kingsley@wilsonelser.com
ashlynn.robbins@wilsonelser.com
emilee.staley@wilsonelser.com
2231 E Camelback Rd., Ste. 200
Phoenix, Arizona 85016
*Attorneys for Defendant American Airlines Group, Inc.*

*/s/ Ben Dangerfield*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556