KAB

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sean Bennett,<br>Plaintiff,<br>v.<br>City of Phoenix, et al.,<br>Defendants. | No. CV-23-02425-PHX-ROS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's June 17, 2026 Order (Doc. 79) granting summary judgment in favor of Defendant American Airlines (American). (Doc. 81).

## I. Plaintiff's Motion[1]

Plaintiff seeks reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Rule 7.2(g) of this Court's Local Rules of Civil Procedure. Plaintiff claims he is entitled to reconsideration because the Court's Order "rests on manifest errors of law and fact" by (1) resolving a disputed question of state of mind arising from a report to police; (2) disregarding specific, sworn denials as conclusory; and (3) deciding the

---

[1] Although Plaintiff cited Rule 7.2 of the Local Rules of Civil Procedure as a basis for his Motion, his Motion is properly brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and he was therefore entitled to file a Reply in Support of his Motion. *See Parker v. Ariz.*, No. CV-17-0887-PHX-DWL, 2019 WL 2579404, at *2 (D. Ariz. June 24, 2019) (explaining difference between procedural mechanisms when seeking reconsideration of a Court Order). Accordingly, Plaintiff's request for leave to file a Reply contained in his Reply is denied as moot.

causation element of Plaintiff's assault and battery claims under federal authority rather than governing state law. (Doc. 81 at 2.) Plaintiff additionally argues that the Court improperly dismissed Counts Three and Seven in their entirety. (Doc. 81 at 7-8.)

**II. Governing Standard**

"[A]mending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

**III. Analysis**

**A. Whether the Court Usurped the Role of the Jury**

Plaintiff first asserts that the Court's finding that the Tower Gate Dispatcher's comment was not made with reckless disregard for the truth or falsity of that disclosure was a question for the jury, and the Court deciding that question improperly usurped the jury's role. Plaintiff asserts that he made a showing of reckless disregard because the transcript sequence itself, viewed in the light most favorable to Plaintiff, established an affirmative confirmation of physical fighting that had no source, followed by an admission of uncertainty, followed by a renewed report of combativeness.

The argument does not establish manifest error.

The Aviation and Transportation Security Act provides immunity for a voluntary disclosure of a suspicious transaction relating to a possible violation of law or a threat to aircraft or passenger safety, unless the disclosure was made with actual knowledge of

falsity or "with reckless disregard as to the truth or falsity" of the disclosure. 49 U.S.C. § 44941(a)-(b).

As the Court previously explained, the relevant question was not whether the dispatcher's statement, viewed in hindsight, was accurate. The question was whether the evidence would permit a reasonable factfinder to find that the dispatcher subjectively knew her report was false or actually entertained serious doubts as to its truth. *See St. Amant v. Thompson*, 390 U.S. 727, 731 (1968) (reckless disregard requires sufficient evidence that the speaker "in fact entertained serious doubts as to the truth" of the statement); *Air Wis. Airlines Corp. v. Hoeper*, 571 U.S. 237, 246-49 (2014).

Plaintiff identifies no evidence satisfying that standard. The record shows that the pilot reported a "combative passenger" and urgently requested police assistance. The dispatcher then relayed that there was a passenger being combative with the flight crew. When asked whether the passenger was physically fighting, the dispatcher responded, "That's my understanding." The subsequent statement that she was "not sure" whether Plaintiff was still fighting does not, without more, establish that she had harbored serious doubts when she made the earlier statement.

At most, Plaintiff identifies an arguable deficiency in the dispatcher's verification of the information. But, as *Hoeper* recognizes, Congress did not make airline immunity contingent on employees conducting a complete investigation before alerting security personnel to a potential threat. 571 U.S. at 253, 257.

Accordingly, Plaintiff has not shown manifest error as to this argument.

**B. Whether the Court Failed to Properly Credit Plaintiff's Testimony**

Plaintiff next asserts that the Court dismissed his testimony as too general even though his actual testimony was sufficiently specific to create disputed issues of material fact. He identifies specific denials that he did not kick a gate door, did not physically fight with anyone, did not use obscenities, did not make statements about killing people, and did

not speak loudly or frighten anyone on the plane.[2] He relies principally on *Nigro v. Sears, Roebuck & Company*, 784 F.3d 495 (9th Cir. 2015), for the proposition that self-serving testimony cannot be disregarded solely because it is uncorroborated. (Doc. 81 at 5-6; Doc. 86 at 4-5.)

A court may not disregard competent testimony merely because it is self-serving or uncorroborated. *Nigro*, 784 F.3d at 497-98. And the Court may not resolve factual conflicts by finding the opposing witnesses more credible. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Nevertheless, the nonmoving party must identify specific facts supporting a genuine dispute. Conclusory or speculative testimony is insufficient, and a failure to remember an event does not itself contradict affirmative evidence that the event occurred. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Fed. Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002).

In its Order, the Court recognized these principles and distinguished testimony based on personal knowledge from generalized disagreement and statements evincing a failure to recall information. (Doc. 79 at 13-14.)

Plaintiff's controverting statement of facts asserted that he initially occupied his assigned seat. (Doc. 73 at 4.) The cited testimony states instead, "I do not recall boarding last and not taking my assigned seat." (Doc. 73-1 at 5.) That answer expresses an inability to recall; it does not affirmatively establish that Plaintiff occupied the assigned seat.

Similarly, Plaintiff asserts that he never said anything about killing people. (Doc. 73 at 5.) The supporting testimony includes, "I don't think I said that I killed anybody," "I just can't recall saying that," and "[a]fter four years I don't remember saying that." (Doc. 73-1 at 6-7.) Those answers do not unequivocally deny making the statements; they describe uncertainty or an inability to remember. When asked whether he yelled obscenities, Plaintiff likewise answered, "No. Like I don't remember cussing anybody out." (Doc. 73-1 at 7.) The initial "No" must be considered together with its accompanying

---

[2] Plaintiff's testimony that he did not frighten anyone on the plane is inadmissible as whether other people were frightened is not within his personal knowledge.

qualification, rather than extracted as an unqualified denial. *See Toledano*, 317 F.3d at 950.

The same distinction applies to certain reported events during the flight crew's briefing. Asked about removing his mask, yelling "Get on with your speech," and subsequently standing and using an obscenity, Plaintiff answered, "I don't remember that either, sir. I dispute that all along." (Doc. 73-1 at 8.) Expressing disagreement does not eliminate the accompanying failure of recollection. Nor does Plaintiff's omnibus statement, "I disagree with everything at this point that you say except me trying to get off the plane," provide a particularized recollection contradicting every observation encompassed by the preceding question, and it does not create a dispute with the specific testimony of various other witnesses. (Doc. 73-1 at 7.)

The Court did not treat these answers as evidence that Plaintiff was untruthful. Rather, it distinguished an assertion that an event did not occur from an assertion that the witness does not remember it occurring. That distinction concerns the testimony's evidentiary content and whether Plaintiff cited evidence to establish a genuine dispute of material fact, not the witness's credibility.

Plaintiff also contends that the Court failed to properly credit Plaintiff's "specific denials" regarding whether "he approached American's employees with balled fists while making threatening remarks." (Doc. 81 at 5-6.) The Court has reviewed the record cited in Plaintiff's response to American's Separate Statement of Facts. Plaintiff disputed American's assertion that he "forcefully busted through" the jetway door by citing deposition pages 54:24–55:1 and 57:1–3, which reflect his denial that he kicked the door and his denial of a physical altercation on the aircraft or in the jet bridge. (Doc. 73 at 2 ¶ 10; see Doc. 73-1 at 11.) Plaintiff did not, however, cite testimony disputing the separate evidence that, after entering the gate area, he approached American personnel, made threatening remarks, and balled his fists. (*See* Doc. 66-7 ¶ 6; Doc. 79 at 16.)

The Court has now independently located deposition passages included within Exhibit 1 to Plaintiff's response denying contact or interaction with airline personnel in the

gate area, but Plaintiff did not cite them when controverting American's statement of facts or otherwise direct the Court to them as evidence disputing the alleged threatening remarks and balled-fists conduct. (*See* Doc. 73 at 2-3, 5.) Plaintiff likewise did not cite to such evidence in his Motion for Reconsideration.

Federal Rule of Civil Procedure 56(c)(1) requires a party disputing a fact to support the dispute by citing particular parts of the record. Rule 56(c)(3) provides that the Court need consider only cited materials, although it may consider other record materials. Fed. R. Civ. P. 56(c)(1), (c)(3). The Ninth Circuit likewise holds that the material establishing a genuine issue must both appear in the court file and be set forth in, or specifically referenced by, the opposition. *Carmen v. S. F. Unified Sch.; Dist.*, 237 F.3d 1026, 1030-31 (9th Cir. 2001). A district court is not required "to comb the record to find some reason to deny a motion for summary judgment." *Id.* at 1031.

Thus, the Court did not manifestly err by evaluating the cited factual disputes as presented in Plaintiff's response. Plaintiff's citations addressed whether he kicked the door and whether he engaged in a physical altercation; they did not identify evidence contradicting the separate assertions that he made threatening remarks and approached American personnel with balled fists. The Court was not required to search the remaining pages of a multi-page deposition exhibit to locate a potentially broader denial. *See Carmen*, 237 F.3d at 1031; Fed. R. Civ. P. 56(c)(3).

Accordingly, Plaintiff has not demonstrated manifest error in the Court's conclusion that the cited testimony did not controvert the particular gate-area conduct identified in the Order.

Even crediting Plaintiff's specific testimony, he has not shown that it would change the immunity rulings concerning the First and Third Statements. His denials may create disputes about his conduct, but do not establish that the pilot knew the crew's information was false or that the Tower Gate Dispatcher knew the gate-area information was false[3] or

[3] The call summary does not reflect that gate personnel conveyed the alleged balled-fists conduct; it instead records the gate manager's assessment that Plaintiff was "very

actually entertained serious doubts about it. The record reflects that the flight attendant reported aggressive and threatening behavior to the pilots and that gate personnel requested assistance for a "very agitated" passenger. (Doc. 66-1 at 3–4; Doc. 66-6 at 3.) As discussed above, the dispatcher's uncertainty about ongoing physical fighting does not itself establish disbelief concerning continued combativeness. Plaintiff therefore has not demonstrated manifest error in the Court's finding of insufficient evidence of reckless disregard by those speakers. *See* 49 U.S.C. § 44941(b); *St. Amant*, 390 U.S. at 731-33.

**C. Counts Four and Five**

Plaintiff next asserts that the Court's citation of two federal civil rights cases when evaluating his Arizona claims imputed the incorrect legal standard to those claims. Plaintiff argues that the Court erred by relying on federal civil-rights causation authority rather than Arizona law in resolving his assault and battery claims. He cites *Robertson v. Sixpence Inns of America, Inc.*, 789 P.2d 1040 (Ariz. 1990), for the propositions that proximate cause ordinarily presents a jury question and that an intervening act constitutes a superseding cause only when it is unforeseeable and, viewed in hindsight, extraordinary. (Doc. 81 at 6-7.)

Under Arizona law, "[a] person commits the tort of assault if he acts with intent to cause another harmful or offensive contact or apprehension thereof, and the other person apprehends imminent contact." *Garcia v. United States*, 826 F.2d 806, 809 n.9 (9th Cir. 1987) (citing Restatement (Second) of Torts § 21 (1965)). Thus, the tort of assault requires intent concerning the contact or apprehension, together with actual apprehension of imminent contact; negligence or recklessness alone does not satisfy that intent requirement. *See* Restatement (Second) of Torts § 21(2).

"A person commits battery if he acts with intent to cause harmful or offensive contact, or apprehension thereof, and the contact occurs." *Garcia*, 826 F.2d at 809 n.9. "Intentional torts . . . do not require proof of duty, breach, or a causal connection between

---

agitated," together with his report that Plaintiff had "busted out through the door." (Doc. 66-6 at 3.)

the breach and injury." *Ryan v. Napier*, 425 P.3d 230, 235 (Ariz. 2018). Rather, assault and battery require the intent and resulting apprehension or contact specified by their respective elements. Thus, even assuming American employees' communications foreseeably contributed to the officers' response, that showing does not, without more, establish the intent necessary for either tort. Arizona recognizes intent when the actor desires the relevant consequences or believes they are certain or substantially certain to result. Restatement (Second) of Torts § 8A; *see also Mein ex rel. Mein v. Cook*, 193 P.3d 790, 795 (Ariz. Ct. App. 2008). Substantial certainty is a higher standard than consciously disregarding a substantial risk, and likelihood or probability alone does not establish intent. *Mein*, 193 P.3d at 796.

Plaintiff does not contend that American's employees themselves inflicted the physical contact at issue. Instead, he argues that American's communications caused officers to subject him to harmful contact and caused him to apprehend that contact immediately before the takedown. (Doc. 72 at 10–11.) Plaintiff argued that these communications demonstrated an intent to make officers "animated" and "ready themselves for a likely physical confrontation." (Doc. 72 at 10.) He then asserted that this established an intent to cause harmful or offensive contact or imminent apprehension of it. (*Id.* at 10-11.) But preparing officers to respond to a reported disturbance does not, without more, establish an intention to cause the contact or apprehension required for assault or battery. Nor does anticipating a "likely" confrontation establish that the employees desired harmful or offensive contact or imminent apprehension of it, or believed that the relevant consequence was substantially certain to occur. *See Mein*, 193 P.3d at 796 (finding that getting drunk and drag racing at speeds in excess of 80 mph and weaving in and out of traffic was not "substantially certain" to result in a car accident sufficient to prove the intent necessary to support an intentional tort). Plaintiff's contention that the reports could foreseeably produce a forceful response addresses a possible consequence, not the higher mental-state requirement for the intentional torts. (Doc. 81 at 7.)

Although Arizona permits liability for another person's tort through aiding and

abetting and acting in concert,[4] Plaintiff did not develop either theory as a distinct basis for attributing the officers' alleged assault or battery to American. (Doc. 72 at 10–11; Doc. 81 at 6-7.) Those theories also require more than a showing that the defendant's conduct foreseeably preceded the injury. Even considering those principles, the identified communications do not establish a conscious agreement with officers to commit an intentional tort, or knowledge that officers would engage in tortious conduct coupled with substantial assistance or encouragement of that conduct.

Accordingly, Plaintiff's argument warrants correction of the Court's reasoning, but not alteration of the judgment. Regardless of whether American employees' communications foreseeably contributed to the officers' response, Plaintiff's identified showing does not establish evidence of intent from which a reasonable jury could find that American employees committed assault or battery through their communications. The judgment on Counts Four and Five therefore remains unchanged.

**D. Count Three and Seven**

Plaintiff finally asserts that the Court improperly dismissed Counts Three and Seven in their entirety. Plaintiff asserts that he alleged in his Complaint that Counts Three and Seven were partially based on placing a passenger on a no-fly list and initiating charges against him, and, because American's Motion for Summary Judgment did not address those theories, Plaintiff was not given proper notice pursuant to Rule 56(f) of the Federal Rules of Civil Procedure that those claims might be dismissed in their entirety.

This argument is unpersuasive. American's Motion for Summary Judgment expressly sought summary judgment on all remaining claims, including negligence and intentional infliction of emotional distress. (Doc. 65 at 2-3, 9.) The motion repeatedly stated that each remaining claim was "solely premised" on American employees'

---

[4] *See Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 23 (Ariz. 2002) (en banc) (setting forth standard for aiding and abetting); *Mein*, 193 P.3d at 793 (discussing standard for acting in concert).

communications to law enforcement and identified the communications as "the sole statements which underl[ie] each of the Plaintiff[']s claims against American Airlines." (*Id.* at 2, 9, 14.) American then argued that the communications were protected under ATSA and that Plaintiff could not establish American's liability for the officers' later use of force because the officers exercised independent police judgment. (*Id.* at 9-16.)

Plaintiff was therefore on notice that American sought judgment as to all claims and that American's position was that the claims were coextensive with the identified reporting statements. If Plaintiff believed Counts Three and Seven included legally and factually independent theories based on a no-fly-list placement or the initiation of charges, Plaintiff was required to identify those theories and supporting evidence in his opposition. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Carmen*, 237 F.3d at 1031 (the court is not required to search the record for a triable issue not identified by the nonmovant).

Plaintiff did not do so. In his response, he addressed the communications, ATSA immunity, the alleged falsity or recklessness of those reports, and the asserted causal connection between those reports and the officers' conduct. He did not argue that American placed Plaintiff on a no-fly list, caused a no-fly-list placement, initiated a prosecution, or committed actionable conduct apart from the communications that were the subject of the Motion for Summary Judgment.

Plaintiff's invocation of Rule 56(f)(2) therefore is misplaced. The Court did not grant summary judgment on an unraised basis. American expressly asserted that the remaining claims rested on the identified communications, and Plaintiff's opposition challenged the alleged falsity and legal effect of those communications, but did not identify no-fly-list placement or initiation of criminal charges as distinct, evidence-supported bases for Counts Three and Seven.

Accordingly, Plaintiff has not established a manifest legal or factual error in the dismissal of Counts Three and Seven.

. . . .

. . . .

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to the Motion for Reconsideration (Doc. 81).

(2) The Motion for Reconsideration (Doc. 81) is **denied**.

Dated this 16th day of October, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge